FILED
FEBRUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | **08 C 862** |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: |
| VOA ASSOCIATES INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, | ) ) ) ) ) | **JUDGE KENNELLY MAGISTRATE JUDGE BROWN** |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

NOW COMES Plaintiff, UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), by and through its attorneys, KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC, and for its Complaint for Declaratory Judgment and Other Relief against VOA ASSOCIATES INC. ("VOA"), LIBERTY INTERNATIONAL UNDERWRITERS ("Liberty"), MICHAEL J. MADDEN and JEAN MADDEN ("Underlying Plaintiffs"), states as follows:

### NATURE OF CLAIM

1. This matter is an action for declaratory judgment action pursuant to 28 U.S.C. §2201, wherein United States Fidelity and Guaranty Company ("USF&G") seeks a declaration as to its rights and obligations to its insured, VOA & Associates ("VOA"), with respect to the matter titled *Michael J. Madden and Jean Madden v. P.H. Paschen; SN Nielson, Inc.; Jacobs Facilities, Inc.; Cliffs and Cables, LLC; and VOA & Associates; Schuler & Shook, Inc.,* No. 03 L 000433, Circuit Court of Cook County, Illinois ("the *Madden* Suit").

2.      From June 20 to June 27, the underlying *Madden* Suit was tried and a verdict returned against the insured, VOA, on June 27, 2007 in the amount of $1,605,650. USF&G, which has been providing and continues to provide a defense to VOA under a reservation of rights, seeks a declaration of no continuing defense obligation, no obligation to secure or post a bond and no indemnity obligation because such are not required under the USF&G policy.

3.      USF&G also seeks restitution or reimbursement from Liberty, VOA's professional liability insurer, which should have defended VOA with respect to the underlying *Madden* Suit, but failed to do so and has been unjustly enriched by USF&G's defense of VOA.

## PARTIES

4.      Plaintiff, USF&G, is an insurance company organized and existing under the laws of the State of Maryland with its principal place of business in St. Paul, Minnesota.

5.      Defendant, VOA & Associates, is a corporation organized under the laws of the State of Illinois and located in Cook County, Illinois.

6.      On information and belief, Defendant Michael J. Madden is a citizen of the State of Illinois and resides in Cook County.

7.      On information and belief, Defendant Jean Madden is a citizen of the State of Illinois and resides in Cook County.

8.      On information and belief, Defendant Liberty is a corporation organized under the laws of the State of New York with its principal place of business in New York.

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. §1332(a), because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in this District, pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to USF&G's claims for declaratory judgment occurred in this District.

## THE USF&G POLICY

11. USF&G issued policy No. BK01116165 to VOA, which was in effect May 1, 2002-2003. The primary general liability coverage part has limits of liability of $1,000,000/accident and $2,000,000/aggregate. The umbrella coverage part has liability limits of $5,000,000 (the "USF&G Policy"). A copy of the USF&G Policy is attached hereto as Exhibit A.

12. The USF&G Policy is subject to all of its respective terms, conditions, limitations and exclusions.

13. The USF&G Policy contains Commercial General Liability Coverage Form (CL/BF 20 10 11 02), which provides that USF&G will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" to which the insurance applies.

14. The USF&G Policy contains a professional services exclusion in the primary coverage (Form CC/BF 23 92 10 01), which provides in pertinent part, that the insurance does not apply to:

> I. Professional Services
>
> "Bodily injury," "property damage," "personal injury," or "advertising injury" due to rendering or failure to render any professional service by or on behalf of any insured. Professional service includes:

3

\*\*\*

 (2) Architect, engineer, surveyor, construction contractor or construction management service, including:

  (a) Preparing, approving, or failing to prepare or approve any map, drawing, opinion, report, survey, change order, design, specification, recommendation, permit application, payment request, manual, instruction, computer program for design systems, or selection of a contractor or sub-contractor;
  (b) Any supervisory, inspection, or quality control service;
  (c) Any study, survey, assessment, evaluation, consultation, observation, scheduling, sequencing, training, or inspection, including those for job safety; and
  (d) Any monitoring, testing, or sampling service necessary to perform any of the services including in exclusion I.2(a), (b), or (c) above.

15. The USF&G Policy also contains a professional services exclusion in the umbrella coverage (CL/UL 22 27 02 93), which provides in pertinent part:

 This insurance does not apply to "injury" arising out of rendering or failing to render any professional service by you or on your behalf, including:

 1. Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and
 2. Supervisory, inspection or engineering services.

16. The USF&G Policy also includes the following conditions:

**2.** **Duties In The Event Of Occurrence, Offense, Claim or "Suit"**

 **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. Notice should include:

  **(1)** How, when and where the "occurrence" or offense took place;

  **(2)** The names and addresses of any injured persons and witnesses; and

  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

 **c.** You and any other involved insured must:

  **(3)** Cooperate with us in the investigation, settlement or defense of the claim or "suit";

4

      **8.**    **Transfer Of Rights Of Recovery Against Others To Us**

           If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

17.    The USF&G Policy also includes the following provision:

      **C. Supplementary Payments**

      We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

      1.    All expenses we incur.

      2.    Up to $2,500 for the cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which Liability coverage for "bodily injury" applies. We do not have to furnish these bonds.

      3.    The cost of bonds to release attachments, but only for bond amounts within the applicable Limit of Liability. We do not have to furnish these bonds.

      4.    All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $500 a day because of time off from work.

      5.    All costs taxed against the insured in the "suit."

      6.    Pre-judgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Liability, we will not pay any pre-judgment interest based on that period of time after the offer.

      7.    All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable Limit of Liability.

      These payments are not subject to the Limits of Liability.

## FACTUAL BACKGROUND

18.     On information and belief, on or about June 29, 1998, VOA contracted with Consolidated High School District #230 (the "District") to provide architectural services in connection with the design and construction of Amos Alonzo Stagg High School (the "School"), including preparation of design drawings and specifications, assistance in the bidding and letting of construction contracts, and observation of the progress and quality of the work. A true and correct copy of the Contract is attached hereto as Exhibit B.

19.     Madden alleges that, on or about May 20, 2002, with the exception of punch list items, the construction work had been completed and VOA issued a certificate of substantial completion.

20.     Michael Madden alleges that, on or about August 19, 2002, he was injured while working at the School ("Madden Accident").

## THE *MADDEN* SUIT

21.     On or about January 13, 2003, Michael and Jean Madden filed a complaint at law against the general contractor (Paschen/Nielsen), the project manager (Jacobs), the theater design consultant (Schuler & Shook), subcontractor (Cliffs and Cables), and the architect, VOA. VOA was served with the Madden Lawsuit on August 26, 2004.

22.     On August 16, 2006, Madden filed a fourth amended complaint, a copy of which is attached hereto as Exhibit C.

23.     The fourth amended complaint alleges that on August 19, 2002, Michael Madden, a maintenance worker employed by the District, was installing a large screen on the auditorium stage for an event that was to be held that evening and that, on that date, Madden allegedly fell into the orchestra pit and was injured.

24. VOA filed a motion for summary judgment in the *Madden* Suit, arguing that it had no responsibility for safety on the job site, that it had no duty to supervise or control Madden's work and that it designed the project according to the owner's specifications, which did not include an orchestra pit cover, which was rejected by the owner. A copy of VOA's second amended motion for summary judgment is attached hereto as Exhibit D.

25. On or about March 6, 2007, the trial court granted VOA's motion for summary judgment as to any construction claims but denied the motion as to claims of negligent design. *See* March 6, 2007 Order, attached hereto as Exhibit E.

26. The Order of March 6, 2007 stated in pertinent part:

> This matter coming on to be heard on VOA's motion for summary judgment, due notice having been given and the court being fully advised in the premises,
>
> IT IS HEREBY ORDERED:
>
> For the reasons stated in the record:
>
> 1) VOA's motion for summary judgment is granted as to §343 & §414 liability and its allegations set forth in the complaint, and
>
> 2) VOA's motion for summary judgment is denied as to the plaintiff's allegations of negligent design/code violations.

27. On or about June 1, 2007, the court granted summary judgment in favor of all defendants other than VOA.

28. On or about June 28, 2007, Madden filed a notice of appeal as to the March 6, 2007 and June 1, 2007 Orders in the *Madden* Suit. A copy of the Notice of Appeal is attached hereto as Exhibit F.

29. On or about January 17, 2008, the Court ruled on all motions pending post trial, denying VOA's motion for a new trial.

30. Upon information and belief, VOA intends to file a notice of appeal in the *Madden* Suit and, pursuant to Supreme Court Rule 305, is required to post an appeal bond.

### VOA'S CONDUCT WITH REGARD TO THE MADDEN SUIT

31. USF&G received its first notice of the Madden Accident on September 1, 2004.

32. After receiving the summons and complaint in the *Madden* Suit, USF&G agreed to defend VOA under a complete reservation of rights. A true and correct copy of USF&G's reservation of rights letter is attached hereto as Exhibit G.

33. Upon information and belief, VOA tendered the *Madden* Suit to Liberty for defense and indemnity.

34. Liberty has failed and refused to defend VOA in the *Madden* Suit.

35. USF&G has requested that VOA provide information regarding VOA's professional liability insurance policy with Liberty, which VOA has failed to provide.

36. On September 28, 2007, USF&G sent a letter to VOA, following up on "repeated" requests for information regarding VOA's professional liability policy with Liberty, including a copy of the policy, again requesting that VOA provide information regarding the Liberty policy. A true and correct copy of the September 28, 2007 letter is attached hereto as Exhibit H.

37. On November 1, 2007, USF&G sent a letter to counsel for VOA, again requesting that VOA provide information regarding the Liberty policy, including a copy of the policy. A true and correct copy of the November 1, 2007 letter is attached hereto as Exhibit I.

38. On January 17, 2008, USF&G sent a letter to counsel for VOA, again requesting that VOA provide information regarding the Liberty policy, including a copy of the policy. A true and correct copy of the January 17, 2008 letter is attached hereto as Exhibit J.

39. VOA has failed to respond to any of USF&G's requests for information.

## COUNT I
## DECLARATORY JUDGMENT
### (THE USF&G POLICY)

40. USF&G incorporates the allegations of Paragraphs 1 through 39 above as though fully set forth herein.

41. USF&G requests that the Court determine and declare that it has no obligation under the USF&G Policy to post or secure VOA's appeal bond, continue to defend VOA or to indemnify VOA with respect to any potential liability in the *Madden* Suit.

42. USF&G requests that the Court determine and declare that it has no obligation to post an appeal bond because no such obligation exists under the USF&G Policy.

43. USF&G requests that the Court determine and declare that it has no obligation under the USF&G Policy to defend or indemnify VOA under the USF&G Policy, in connection with the *Madden* Suit because coverage is barred by virtue of the "professional services" exclusion.

44. USF&G requests that the Court determine and declare that it has no obligation under the USF&G Policy to defend or indemnify VOA under the USF&G Policy, in connection with the *Madden* Suit because coverage is barred by virtue of VOA's breach of the "cooperation" condition.

45. USF&G requests that the Court determine and declare that it has no obligation under the USF&G Policy to defend or indemnify VOA, or any other alleged insured under the USF&G Policy, in

9

connection with the *Madden* Suit because coverage is barred because VOA did not provide timely notice of the underlying "occurrence."

46.   USF&G's investigation is ongoing, and USF&G reserves the right to raise any and all additional defenses to coverage as are warranted by the facts and the law.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

(a)   Declaring that Plaintiff has no obligation to defend VOA with respect to the Underlying Litigation under the USF&G Policy;

(b)   Declaring that Plaintiff has no obligation to post or secure an appeal bond for VOA with respect to the *Madden* Suit;

(c)   Declaring that Plaintiff has no obligation to indemnify VOA with respect to the *Madden* Suit under the USF&G Policy;

(d)   Awarding Plaintiff's attorneys fees and costs incurred in prosecuting this lawsuit; and

(e)   Awarding Plaintiff such other and further relief as the Court may deem appropriate and just.

## COUNT II
## UNJUST ENRICHMENT / RESTITUTION
## (LIBERTY)

47.   USF&G incorporates by reference the allegations of Paragraphs 1 through 39 above as though fully set forth herein.

48.   On information and belief, Liberty issued a "claims made" policy of professional liability insurance to VOA under Policy No. AEE1968870104, effective December 5, 2004 to December 5, 2005, with limits of liability of $2 million per occurrence and $4 million in the aggregate ("the Liberty Policy"), which makes Liberty obligated to defend and indemnify its insured, VOA, with regard to the *Madden* Suit.

49. Liberty has refused USF&G's requests that it provide USF&G with a copy of the Liberty Policy or of its coverage position with regard to the *Madden* Suit.

50. Liberty owes a primary duty to defend and indemnify VOA with respect to the allegations of the *Madden* Suit alleging negligently performed "professional services."

51. Liberty has failed to provide a defense to VOA with respect to the *Madden* Suit.

52. Liberty has refused to reimburse USF&G any of the monies that USF&G has paid for the defense of VOA.

53. Liberty has been unjustly enriched in that it benefited from USF&G's provision of a defense to VOA, and it would be inequitable for Liberty to retain that benefit.

54. On or about September 6, 2007, Liberty, through its Senior Claims Specialist, George A. Ammon, agreed to post its policy as VOA's appeal bond with respect to the *Madden* Suit.

55. Upon information and belief, as of the filing of this action, Liberty has reneged on its agreement to post its policy as the appeal bond.

56. Liberty's conduct of agreeing to post its policy as the appeal bond and its resultant reneging on that promise is a continuation of its abandonment of its insured and a further breach of its duties to its insured under its policy.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

(a) Declaring that USF&G has no obligation to defend or indemnify VOA under the USF&G Policy;

(b) Declaring that Liberty owes a primary duty to defend and indemnify VOA under its policy;

(c) Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

11

(d) Awarding USF&G attorney's fees and costs incurred in prosecuting this lawsuit; and

(e) Awarding USF&G such other and further relief as the Court may deem appropriate and just.

## COUNT III
## EQUITABLE CONTRIBUTION
### (LIBERTY)

57. USF&G incorporates the allegations of Paragraphs 1 through 56 above as though fully set forth herein.

58. This count is pled in the alternative and without prejudice to USF&G's other claims herein.

59. To the extent that USF&G owes coverage to VOA with respect to the *Madden* Suit, which USF&G denies, USF&G and Liberty are coinsurers with respect to the *Madden* Suit.

60. USF&G has paid the entirety of the fees incurred for the defense of VOA with respect to the *Madden* Suit, and has therefore paid greater than its share of the loss.

61. USF&G is entitled to equitable contribution from its coinsurer, Liberty, which has failed to pay its share of the defense fees incurred on behalf of VOA with respect to the *Madden* Suit.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

(a) Declaring that USF&G has no obligation to defend or indemnify VOA under the USF&G Policy;

(b) Declaring that Liberty owes a primary duty to defend and indemnify VOA under its policy;

(c) Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

 (d) Awarding USF&G attorney's fees and costs incurred in prosecuting this lawsuit; and

 (e) Awarding USF&G such other and further relief as the Court may deem appropriate and just.

**COUNT IV**
**EQUITABLE SUBROGATION**
**(LIBERTY)**

62. USF&G incorporates the allegations of Paragraphs 1 through 56 above as though fully set forth herein.

63. This count is pled in the alternative and without prejudice to USF&G's other claims herein.

64. Liberty is primarily liable to VOA with respect to the *Madden* Suit under the Liberty Policy described herein, yet refused to honor this obligation by failing to defend VOA.

65. To the extent USF&G has any coverage obligations to VOA with respect to the *Madden* Suit, which it denies, USF&G is secondarily liable to VOA with respect to the *Madden* Suit under the USF&G Policy.

66. By providing VOA with a defense in the *Madden* Suit, USF&G has incurred liability to VOA with respect to the *Madden* Suit.

67. USF&G is entitled to equitable subrogation to recover from Liberty those sums that it has paid for the defense of VOA with respect to the *Madden* Suit that should have been paid by Liberty.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

 (a) Declaring that USF&G has no obligation to defend or indemnify VOA under the USF&G Policy;

 (b) Declaring that Liberty owes a primary duty to defend and indemnify VOA under its policy;

  (c)  Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

  (d)  Awarding USF&G attorney's fees and costs incurred in prosecuting this lawsuit; and

  (e)  Awarding USF&G such other and further relief as the Court may deem appropriate and just.

## COUNT V
### EXPRESS SUBROGATION
### (LIBERTY)

68. USF&G incorporates the allegations of Paragraphs 1 through 56 above as though fully set forth herein.

69. This count is pled in the alternative and without prejudice to USF&G's other claims herein.

70. Liberty is liable to VOA with respect to the *Madden* Suit under the Liberty Policy described herein.

71. VOA is entitled to recover against Liberty for Liberty's failure to meet its defense obligations to VOA with respect to the *Madden* Suit under the Liberty Policy described herein.

72. USF&G is entitled to and subrogated to VOA's rights of recovery against Liberty pursuant to the "Transfer of Rights" condition of the USF&G Policy.

73. Pursuant to its policy, USF&G is entitled to recover from Liberty those sums that it has paid for the defense of VOA with respect to the *Madden* Suit that should have been paid by Liberty.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

  (a)  Declaring that USF&G has no obligation to defend or indemnify VOA under the USF&G Policy;

    (b)    Declaring that Liberty owes a primary duty to defend and indemnify VOA under its policy;

    (c)    Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

    (d)    Awarding USF&G attorney's fees and costs incurred in prosecuting this lawsuit; and

    (e)    Awarding USF&G such other and further relief as the Court may deem appropriate and just.

## COUNT VI
## **QUANTUM MERUIT**
### (LIBERTY)

74.    USF&G incorporates the allegations of Paragraphs 1 through 56 above as though fully set forth herein.

75.    This count is pled in the alternative and without prejudice to USF&G's other claims herein.

76.    By paying for the defense of VOA in the *Madden* Suit, USF&G has provided a service that has benefited Liberty.

77.    USF&G's payment of the fees incurred for the defense of VOA with respect to the *Madden* Suit was not gratuitous.

78.    By failing to contribute to the payment of the fees incurred for the defense of VOA with respect to the *Madden* Suit, Liberty has accepted the service provided by USF&G.

79.    There is no contract in existence that requires USF&G to provide the aforementioned services to Liberty.

80.    USF&G is entitled to reimbursement from Liberty for the amounts expended by USF&G for the defense of VOA with respect to the *Madden* Suit.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

(a) Declaring that USF&G has no obligation to defend or indemnify VOA under the USF&G Policy;

(b) Declaring that Liberty owes a primary duty to defend and indemnify VOA under its policy;

(c) Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

(d) Awarding USF&G attorney's fees and costs incurred in prosecuting this lawsuit; and

(e) Awarding USF&G such other and further relief as the Court may deem appropriate and just.

## COUNT VII
## ESTOPPEL
## (LIBERTY)

81. USF&G incorporates the allegations of Paragraphs 1 through 56 above as though fully set forth herein.

82. This count is pled in the alternative and without prejudice to USF&G's other claims herein.

83. Liberty owes a primary duty to defend VOA with respect to the *Madden* Suit.

84. Liberty has failed to defend VOA with respect to the *Madden* Suit and has therefore breached its duty.

85. Based on its breach of its duties to VOA, Liberty is estopped from raising defenses to coverage with respect to the *Madden* Suit.

WHEREFORE, Plaintiff, USF&G, prays for judgment as follows:

(a) Declaring that Plaintiff has no obligation to defend or indemnify VOA under the USF&G Policy;

(b) Declaring that Liberty owes a duty to defend and indemnify VOA under its policy;

(c) Awarding USF&G that which it has paid defending VOA, and prejudgment interest thereon, in the *Madden* Suit that should have been paid by Liberty;

(d) Declaring that Liberty is estopped from raising coverage defenses against VOA with respect to the *Madden* Suit;

(e) Awarding Plaintiff's attorneys fees and costs incurred prosecuting this lawsuit; and

(f) Awarding Plaintiff such other and further relief as the Court may deem appropriate and just.

Dated: February 8, 2008

Respectfully submitted,

UNITED STATES FIDELITY AND GUARANTY COMPANY

By: /s Rory T. Dunne
     One of Its Attorneys

Rory T. Dunne
Linda J. Carwile
Carrie A. Von Hoff
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
200 South Michigan Avenue, 20th Floor
Chicago, Illinois 60604
Tel: (312) 431-3700
Fax: (312) 431-3670