08 C 862

JUDGE KENNELLY
MAGISTRATE JUDGE BROWN

# EXHIBIT C

STATE OF ILLINOIS        )
                         )  SS
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MICHAEL J. MADDEN and JEAN MADDEN,  )
                                    )
                  Plaintiffs,       )
                                    )
        vs.                         )    NO. 03 L 000433
                                    )
F.H. PASCHEN, S.N. NIELSON, INC.,   )
JACOBS FACILITIES, INC.,CLIFFS AND  )
CABLES, LLC and VOA & ASSOCIATES,   )
SCHULER & SHOOK, INC.               )
                  Defendants.       )

### PLAINTIFF'S FOURTH AMENDED COMPLAINT

### COUNT I
### NEGLIGENCE-F.H. PASCHEN, S.N. NIELSON, INC.

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD. and complaining of the defendant, F.H. PASCHEN, S.N. NIELSON, INC., (hereinafter referred to as "PASCHEN"), states as follows:

1.    That on or about and before August 19, 2002, the defendant, PASCHEN, was a general contractor, who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at Amos Alonzo Stagg High School District 230, 8015 West 111th Street, in the City of Palos Hills, County of Cook, and State of Illinois.

2.    That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a

portion of the aforementioned certain orchestra pit and/or hole.

3. That at the aforementioned time and place, there was in force and effect a contract between the defendant, PASCHEN, and Amos Alonzo Stagg High School District 230.

4. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration.  In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work,

2

ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

5.    That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

6. That at all times herein relevant, the defendant, PASCHEN, had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

7.    That notwithstanding said duty, the defendant, PASCHEN, was then and there guilty of one or more of the following negligent acts or omissions:

> (a)  Placed the opening/pit in the floor in a location which created a danger for persons in the area;
>
> (b)  Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;
>
> (c)  Failed to erect warning signs, barricades, or block off said area;
>
> (d)  Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;
>
> (e)  Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

3

(f)  Failed to take adequate measures to prevent people from falling into the pit;

(g)  Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

(i)  Failed to provide the Plaintiff with a safe work area.

(j)  Failed to make a reasonable inspection of the premises.

8.  That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

9.  That as a proximate result of the conduct of the defendant, PASCHEN, as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, PASCHEN, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

4

### COUNT II

### LOSS OF CONSORTIUM- F.H. PASCHEN, S.N. NIELSON, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, F.H. PASCHEN, S.N. NIELSON, INC., states as follows:

1.    That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 9 of Count I as and for her paragraphs 1 through 9 in Count II.

10.    That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, F.H. PASCHEN, S.N. NIELSON, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

### COUNT III

### NEGLIGENCE- JACOBS FACILITIES

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, JACOBS FACILITIES, INC., alleges as follows:

1. That on or about and before August 19, 2002, the defendant, JACOBS FACILITIES, INC., who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or

5

painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on or about and before August 19, 2002, the defendant, JACOBS FACILITIES, INC., served as the project manager and/or construction manager for the Work at and near the orchestra pit and/or hole in the stage located at the aforementioned location.

3. That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, JACOBS FACILITIES, INC. and Amos Alonzo Stagg High School District 230.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and

6

materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6.    That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, JACOBS FACILITIES, INC., had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

8.    That notwithstanding said duty, the defendant, JACOBS FACILITIES, INC., was then and there guilty of one or more of the following negligent acts or omissions:

7

persons in the area;

(a)  Placed the opening/pit in the floor in a location
     which created a danger for persons in the area;

(b)  Failed to warn of the placement of opening/pit in
     the floor in a location which created a danger for
     persons in the area;

(c)  Failed to erect warning signs, barricades, or block
     off said area;

(d)  Failed to barricade or cover the opening/pit in the
     floor when they knew individuals were working
     and/or walking in that area;

(e)  Failed to provide a barricade or cover or other
     device to prevent people from falling into the pit;

(f)  Failed to take adequate measures to prevent people
     from falling into the pit;

(g)  Failed to adequately train employees to correct,
     maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct,
     maintain, prevent the aforementioned.

(i)  Failed to provide the Plaintiff with a safe work
     area.

(j)  Failed to make a reasonable inspection of the
     premises.

9.  That at said time and place and as a result of the
aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell
into the orchestra pit and/or hole in the floor.

10.  That as a proximate result of the conduct of the
defendant, JACOBS FACILITIES, INC., as aforesaid, the plaintiff,
MICHAEL MADDEN, was thereby injured internally, externally and
otherwise, both temporarily and permanently; and plaintiff thereby
became sick, sore, lame, diseased and disordered and so remained
for a long time, to wit: from thence hitherto, during all of which

time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, JACOBS FACILITIES, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT IV

## LOSS OF CONSORTIUM- JACOBS FACILITIES, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, JACOBS FACILITIES, INC., states as follows:

1.  That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count III as and for her paragraphs 1 through 10 in Count IV.

11.  That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, JACOBS FACILITIES, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

## COUNT V

## NEGLIGENCE- CLIFFS AND CABLES, LLC.

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, CLIFFS AND CABLES, LLC., alleges as follows:

1. That on or about and before August 19, 2002, the defendant, CLIFFS AND CABLES, LLC., who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on or about and before August 19, 2002, the defendant, CLIFFS & CABLES, LLC., served as a sub-contractor for the work at and near the orchestra pit and/or hole in the stage located at the aforementioned location.

3. That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, CLIFFS AND CABLES, LLC. and Amos Alonzo Stagg High School District 230.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection,

10

construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6.    That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and

11

employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, CLIFFS AND CABLES, LLC., had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

8. That notwithstanding said duty, the defendant, CLIFFS AND CABLES, LLC., was then and there guilty of one or more of the following negligent acts or omissions:

(a) Placed the opening/pit in the floor in a location which created a danger for persons in the area;

(b) Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;

(c) Failed to erect warning signs, barricades, or block off said area;

(d) Failed to warn of the opening/pit in the floor;

(e) Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(f) Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(g) Failed to take adequate measures to prevent people from falling into the pit;

(h) Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(i) Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

(j)  Failed to provide the Plaintiff with a safe work area.

(k)  Failed to make a reasonable inspection of the premises.

9. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10. That as a proximate result of the conduct of the defendant, CLIFFS AND CABLES, LLC., as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, CLIFFS AND CABLES, LLC. , in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT VI

### LOSS OF CONSORTIUM- CLIFFS & CABLES, LLC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her

13

attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, CLIFFS & CABLES, LLC., states as follows:

1.    That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count V as and for her paragraphs 1 through 10 in Count VI.

11.   That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, CLIFFS & CABLES, LLC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

### COUNT VII

### NEGLIGENCE- VOA & ASSOCIATES

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, VOA & ASSOCIATES, alleges as follows:

1. That on or about and before August 19, 2002, the defendant, VOA & ASSOCIATES, who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on and before August 19, 2002, Defendant, VOA & ASSOCIATES, through its various agents, employees and servants, served as the architect for a Performing Arts Theater at the

14

off said area;

(d)   Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(e)   Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(f)   Failed to take adequate measures to prevent people from falling into the pit;

(g)   Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)   Failed to have an adequate policy to correct, maintain, prevent the aforementioned;

(i)   Failed to make a reasonable inspection of the premises;

(j)   Failed to design the orchestra pit with a permanent or temporary cover;

(k)   Permitted barricade or other device to prevent people from falling into the pit to be removed when they knew individuals were working and/or walking in that area;

(l)   Permitted the school, the school district, and their representatives and employees to use the theater area including that area around the orchestra pit when it was not safe to do so, and when there was no cover designed for or placed on or around the orchestra pit.

9.   That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10.   That as a proximate result of the conduct of the defendant, VOA & ASSOCIATES, as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time

17

he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, VOA & ASSOCIATES, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

### COUNT VIII

### LOSS OF CONSORTIUM - VOA & ASSOCIATES

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, VOA & ASSOCIATES, states as follows:

1.    That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count VII as and for her paragraphs 1 through 10 in Count VIII.

11.   That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, VOA & ASSOCIATES, in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

### COUNT IX

### NEGLIGENCE- SCHULER & SHOOK, INC.

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys,

18

HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, SCHULER & SHOOK, INC., alleges as follows:

1. That on or about and before August 19, 2002, the defendant, SCHULER & SHOOK, INC., who individually and by and through agents, servants and employees, owned and/or was in charge of the design, design consultation, erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on and before August 19, 2002, Defendant, SCHULER & SHOOK, INC., through its various agents, employees and servants, served as the design consultant for a Performing Arts Theater at the aforementioned location.

3. That on or approximately August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the Defendant, SCHULER & SHOOK, INC., and Defendant VOA & ASSOCIATES.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such design, design consultation, erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in designing, design consultation, and/or coordinating the work being done and

19

designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration, the Life Safety Code of the Office of the State Fire Marshal and/or the BOCA 97 Code or any revision of such codes in effect at the time of the design and design consultation of the aforementioned project. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the design, had supervision and control of the design consultation, had supervision and control of the work, retention of the right to supervise and control the work, participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6.    That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, designed, consulted in the design of, erected,

20

constructed, placed or operated, or caused to be erected, designed, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, SCHULER & SHOOK, INC., had a duty to exercise reasonable care in its design and/or design consultation for the safety of workers lawfully upon the premises.

8. That notwithstanding said duty, the defendant, SCHULER & SHOOK, INC., was then and there guilty of one or more of the following negligent acts or omissions:

> (a) Failed to design the orchestra pit with a permanent or temporary cover;
>
> (b) Failed to design a barricade or other device to prevent people from falling into the pit when they knew individuals were working and/or walking in that area;
>
> (c) Failed, in the course of their consultation, to advise Defendant VOA & ASSOCIATES to incorporate a permanent or temporary pit cover into the design and/or plans of the theater and/or orchestra pit;
>
> (d) Failed to warn of the placement of the opening/pit in the floor in a location which created a danger for persons in the area;
>
> (e) Failed to warn of the absence of a pit cover, barricade or other device on or around the opening/pit in the floor in a location which created a danger for persons in the area when they knew individuals were working and/or walking in that area;
>
> (f) Failed to take adequate measures to prevent people from falling into the pit;
>
> (g) Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct, maintain prevent the aforementioned.

9. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10. That as a proximate result of the conduct of the defendant, SCHULER & SHOOK, INC., as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, SCHULER & SHOOK, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT X

### LOSS OF CONSORTIUM - SCHULER & SHOOK, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, SCHULER & SHOOK, INC., states as follows:

1. That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count IX as and for her

22

paragraphs 1 through 10 in Count X.

11.  That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, SCHULER & SHOOK, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

HARMAN, FEDICK & O'CONNOR, LTD.

BY: _____

KEVIN W. O'CONNOR

HARMAN, FEDICK & O'CONNOR, LTD. #36573
Attorneys for Plaintiff
222 North LaSalle Street, Suite 430
Chicago, Illinois  60601
(312) 263-6452