**08 C 862**

**JUDGE KENNELLY**
**MAGISTRATE JUDGE BROWN**

# EXHIBIT H



Kenneth E. Hagedorn
Director, Claim Services
215 Shuman Blvd.
Naperville, IL 60563

(630) 961-4268
(877) 795-9975 (fax)

September 28, 2007

Certified Mail – Return Receipt Requested

Mr. Paul Hansen
VOA Associates, Inc.
224 South Michigan, Suite 1400
Chicago, IL 60604

File Number: 609 LR V1M1580 K
Insured: VOA Associates Inc.
Claimant: Michael Madden
Date of Loss: August 19, 2002

Dear Mr. Hansen:

    We write in accordance with and to supplement the company's prior reservation of rights letter, and to specifically ask that VOA Associates withdraw its tender of defense to USF&G, given the current status of the *Madden* lawsuit.

    As you are aware, a $1.6 million verdict was entered against VOA Associates in the *Madden* suit, Court No. 03 L 433, in the Circuit Court of Cook County, Law Division. As you also may know, the only allegations against VOA Associates that were submitted to the jury were based on alleged design defects and negligence in the provision of "professional services" by VOA Associates.

    As you may recall, USF&G reserved its rights under the policy issued to VOA Associates by letter of February 24, 2005, the terms of which are reasserted and incorporated herein by reference. Specifically, USF&G reserved its rights on the basis of the potential applicability of the "professional services" exclusion. USF&G also reserved the right to withdraw its defense if it were determined that USF&G could have no obligation to VOA Associates under its policy. Inasmuch as the only allegations against VOA Associates in the *Madden* suit fall within an express exclusion in the policy that was raised in USF&G's reservation of rights, it appears that there is no longer any potential coverage for the *Madden* suit under the USF&G policy.

    Based on the foregoing, USF&G is requesting that VOA Associates agree to permanently withdraw its tender of the defense in this matter, thereby allowing USF&G to withdraw from the defense, as it is now clear from the pleadings that VOA Associates' liability in the *Madden* suit, if any, arose out of professional services rendered by VOA Associates, which liability is excluded from coverage by the terms of the policy. Should VOA Associates not withdraw its

Mr. Paul Hansen
September 28, 2007
Page 2 of 3

tender of defense, USF&G will be forced to seek a judicial declaration that it has no defense or indemnity allegations. This would involve VOA Associates and USF&G in what we view as needless coverage litigation. Therefore, we request that you provide us with written confirmation of VOA Associates'' withdrawal of the tender and VOA Associates' approval of USF&G's withdrawal from the defense of the *Madden* suit within 14 days. If you refuse, USF&G may be forced to institute a complaint for declaratory judgment to adjudicate its rights under the policy.

We also direct your attention to the "notice" condition of the policy, which provides as follows:

    2.    Duties In the Event Of Occurrence, Offense, Claim Or "Suit"

        a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. Notice should include:

            (1)  How, when and where the "occurrence" or offense took place;

            (2)  The names and addresses of any injured persons and witnesses; and

            (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.

Mr. Madden's alleged accident occurred on August 19, 2002. USF&G did not receive notice of the alleged accident until September 1, 2004, after VOA Associates had been sued. This is not as soon as practicable. VOA Associates' failure to inform USF&G of the accident in a timely matter constitutes a breach of the "notice" condition and hence USF&G reserves all of its rights and defenses.

Furthermore, we have repeatedly asked that VOA Associates provide us with information regarding your professional liability coverage, which we understand was afforded by Liberty International Underwriters, including a copy of that policy and all correspondence to and from Liberty. As of now, you have failed to provide this information. We direct your attention to the terms of the USF&G policy in SECTION IV – CONDITIONS, which provide in relevant part as follows:

    2.    Duties In The Event Of Occurrence, Offense, Claim or "Suit"

        c.  You and any other involved insured must:

            (3)  Cooperate with us in the investigation, settlement or defense of the claim or "suit";

Mr. Paul Hansen
September 28, 2007
Page 3 of 3

    Included within your duty to cooperate is the duty to provide us with any and all information that we may reasonably request in a timely manner. Your failure to comply with our requests regarding your professional liability coverage may result in forfeiture of your coverage, to the extent that any exists, under the USF&G policy. We therefore reiterate our request that you provide us with information regarding your professional liability policy, including the name of the insurer, limits of liability, policy period, a copy of the policy and all correspondence to and from that insurer regarding the *Madden* suit, within 14 days. Please be advised that your failure to comply with this request may provide USF&G with an additional basis for a denial of coverage and USF&G reserves all of its rights, including the right to deny coverage, in this regard.

    USF&G's investigation is ongoing, and USF&G reserves all of its rights to raise any and all additional defenses to coverage as are warranted by the facts and the law. Nothing herein should be construed to constitute a waiver of any of USF&G's rights under its policy. Nothing herein will prejudice or estop USF&G in the assertion of its rights, including its right to deny coverage. Nothing herein should be construed as an admission on the part of USF&G.

    If you have any questions, please contact me. We look forward to your timely response.

Sincerely,

Kenneth E. Hagedorn
United States Fidelity and Guaranty Company