THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 0862 |
| VOA ASSOCIATES, INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, | ) ) ) ) | Judge Kennelly Magistrate Judge Brown |
| Defendants. | ) ) | |

**Defendant Liberty's Motion for Summary Judgment
on Counts III through VII of Plaintiff's Amended Complaint**

Defendant Liberty Insurance Underwriters, Inc. (incorrectly sued as "Liberty International Underwriters"), hereinafter "Liberty," moves for summary judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, on Counts III through VII of Plaintiff's Amended Complaint.[1]

In Count III and the following counts, Plaintiff USF&G alleges, "Under one or more of the . . . Liberty policies of insurance, Liberty owes a primary duty to defend and indemnify VOA with respect to the allegations of the *Madden* Suit alleging negligently performed 'professional services.' " Amended Complaint, Count III, Paragraph 100 (incorporated by reference in the following counts). USF&G seeks declaratory relief that one or more of Liberty's policies applies to *Madden*, plus monetary reimbursement from Liberty for what USF&G has paid thus far to defend VOA in *Madden*, alleging claims of unjust enrichment (Count III), equitable

---

[1] The counts in the Amended Complaint are numbered incorrectly. There are two counts that are captioned Count "III."

-1-

contribution (Count III-2), equitable subrogation (Count IV), express subrogation (Count V), quantum meruit (Count VI), and estoppel (Count VII).

None of USF&G's theories against Liberty can succeed because:

(1)    Liberty's professional liability policies are "claims made and reported" policies, and there was no professional liability claim in the *Madden* suit that was both first made against VOA and first reported to Liberty in the same policy period or within the sixty days after the end of the policy period. Although the Fourth Amended Complaint in *Madden* included allegations of professional negligence against VOA, that claim was not reported within the policy period in which the Fourth Amended Complaint was filed, nor within sixty days thereafter. The "claims made and reported" preconditions have not been met, and Liberty has neither a duty to defend nor a duty to indemnify VOA. Accordingly, it can have no obligation to reimburse USF&G.

(2)    Irrespective of the threshold condition in Liberty's policies that a claim must be first made and reported within the same policy period or within sixty days thereafter, the notice given to Liberty on the eve of trial in *Madden* was unreasonably late and unduly prejudicial. When the Fourth Amended Complaint eventually was reported to Liberty, trial was less than two weeks away. Liberty was deprived of the opportunity for any meaningful input into VOA's defense, including but not limited to selection of defense counsel, motion practice, settlement negotiations, expert witness selection, or trial strategy.

In support of this motion, Liberty submits its Memorandum of Law, Local Rule 56.1(a)(3) Statement of Material Facts, and Appendix of Evidentiary Material.

Respectfully submitted,
Liberty Insurance Underwriters, Inc.

By: /s/ James T. Nyeste
       Its Attorney

James T. Nyeste
Attorney at Law
1 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Tel: 312-750-1814
IL ARDC# 3125383

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 8, 2009, he electronically filed the foregoing *Defendant Liberty's Motion for Summary Judgment on Counts III through VII of Plaintiff''s Amended Complaint* with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to those counsel who are CMF/ECF users, and that as to the below-listed counsel,

Kevin W. O'Connor
Collison & O'Connor, Ltd.
19 South LaSalle Street
Chicago, IL 60603

he deposited said document in the U.S. mail, proper postage pre-paid.

/s/ James T. Nyeste
Attorney for Liberty Insurance Underwriters, Inc.
Dated: April 8, 2009