## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 0862 |
| VOA ASSOCIATES, INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, | ) ) ) ) | Judge Kennelly Magistrate Judge Brown |
| Defendants. | ) | |

### LR56.1(a)(3) Statement of Material Facts in Support of Defendant Liberty's Motion for Summary Judgment

Defendant Liberty Insurance Underwriters, Inc. (incorrectly sued as "Liberty International Underwriters"), hereinafter "Liberty," states the following facts in support of its Motion for Summary Judgment and as required by Local Rule 56.1(a)(3).

### The Parties

1.  Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), is an insurance company organized under the laws of the State of Maryland with its principal place of business in St. Paul, Minnesota, and is part of the St. Paul Travelers insurance group. USF&G is the general liability insurer of defendant VOA Associates, Inc.. USF&G Amended Complaint, ¶s 5 and 12, and Ex. 2 (Docket Docs. 55 and 55-3).

2.  Defendant VOA & Associates, Inc. ("VOA") is an architectural firm and is a corporation organized under the laws of the State of Delaware with an office in Cook County, Illinois. VOA Answer to Amended Complaint, ¶6 (Docket Doc. 59).

3.   Defendant Liberty is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York. Liberty is the professional liability insurer of VOA. Liberty Answer to Amended Complaint, ¶9 (Docket Doc. 60).

4.   Defendants Michael and Jean Madden are citizens of the State of Illinois and are the plaintiffs in an underlying lawsuit for personal injuries titled *Michael J. Madden and Jean Madden v. P.H. Paschen; SN Nielson, Inc.; Jacobs Facilities, Inc.; Cliffs and Cables, LLC; and VOA & Associates; Schuler & Shook, Inc.*, No. 03 L 000433, Circuit Court of Cook County, Illinois ("the *Madden* suit"). USF&G Amended Complaint, ¶s 1, 7, and 8 (Docket Doc. 55).

**Jurisdiction and Venue**

5.   Jurisdiction is proper in this court, pursuant to 28 U.S.C. § 1332(a), because the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to USF&G's claims occurred in this district. In particular, this suit involves the parties' rights and obligations in connection with the *Madden* suit and in connection with insurance policies issued to VOA in this district.

**Material Facts**

7.   Liberty issued five consecutive twelve-month professional liability insurance policies to VOA:

| Policy No. | Policy Period | Bates Nos. | Supporting Appendix |
|---|---|---|---|
| AEE196887-0103 | 12/5/2003 to 12/5/2004 | LIUI 575-598 | Ex. 2 |
| AEE196887-0104 | 12/5/2004 to 12/5/2005 | LIUI 599-624 | Ex. 3 |
| AEE196887-0105 | 12/5/2005 to 12/5/2006 | LIUI 625-651 | Ex. 4 |
| AEE196887-0106 | 12/5/2006 to 12/5/2007 | LIUI 652-676 | Ex. 5 |
| AEE196887-0107 | 12/5/2007 to 12/5/2008 | LIUI 677-702 | Ex. 6 |

Liberty's Answers to Interrogatories from USF&G, Nos. 3, 16, 22 (Liberty Appendix,

Ex. 1). The five policies are included in Liberty's Supporting Appendix as Exhibits

2, 3, 4, 5, and 6.

8.     Liberty's policies all use the same basic policy form, Form No. AEE002

(ed. 05/2002). Liberty Appendix, Ex. 2 at LIUI 590-598; Ex. 3 at LIUI 615-624; Ex. 4

at LIUI 643-651; Ex. 5 at LIUI 668-676; Ex. 6 at LIUI 695-702.

9.     Liberty's policies are written on a "claims made and reported" basis,

meaning that a professional liability claim must be both first made against the

insured (VOA) within the policy period and first reported to the company (Liberty)

within the same policy period or within sixty days thereafter. Liberty Appendix, Ex.

2, for example, at LIUI 592.

10.   VOA was added as a defendant in the *Madden* suit with the filing of

Madden's Third Amended Complaint on August 17, 2004 and with service on

August 26, 2004. The Third Amended Complaint and the Summons indicating the

date of service are included within Exhibit 7 in Liberty's Supporting Appendix.

11.   VOA's outside counsel, Paul Lurie of the Schiff Hardin firm,

recommended that the Third Amended Complaint be reported to Liberty, VOA's

professional liability insurer. August 30, 2004 e-mail from Paul Lurie (Liberty

Appendix, Ex. 8); Deposition of Jennifer Klomans, Assistant Controller of VOA, pp. 28-30 (Liberty Appendix, Ex. 9).

12.   Ted Schnell, VOA's Chief Financial Officer, was of the opinion, however, that the Third Amended Complaint should be reported just to the general liability insurer because there were no allegations of design error and because of the lower deductible under the general liability policy. Deposition of Daniel Buelow of HRH AVA Insurance Agency, VOA's insurance broker, pp. 24-26, 52-55 (Liberty Appendix, Ex. 10); Klomans deposition, p. 30 (Liberty Appendix, Ex. 9); Klomans' handwritten note (Liberty Appendix, Ex. 8); August 31, 2004 facsimile cover letter from Klomans to Rachel Buelow at HRH AVA (Liberty Appendix, Ex. 11).

13.   Rachel Buelow at HRH/AVA then reported the Third Amended Complaint to St. Paul Fire and Marine Insurance Company [USF&G] on August 31, 2004. August 31, 2004 fax from Rachel Buelow to St. Paul Claims (Liberty Appendix, Ex. 12).

14.   Liberty was first advised of the incident in which Madden was injured and was first provided with the Third Amended Complaint on December 8, 2005. Liberty Answers to Interrogatories, Nos. 7, 8, 10, 11, 22 (Liberty Appendix, Ex. 1); December 8, 2005 fax from HRH/AVA, VOA's broker (Liberty Appendix, Ex. 7); Deposition of George Ammon, Liberty claim adjuster, pp. 31-34, 59-60, 70 (Liberty Appendix, Ex. 13).

15.   George Ammon, Liberty's claim adjuster, reviewed the Third Amended Complaint and construed it to allege only construction or general liability issues

against VOA, as opposed to professional liability allegations. Ammon deposition, pp. 39, 65-67 (Liberty Appendix, Ex. 13).

16.   On December 9, 2005, Liberty's George Ammon had a telephone conversation with Mark Blankenship of HRH/AVA, the gist of which was that VOA's general liability carrier, USF&G, had been defending the *Madden* case for VOA  but that there were rumblings that it might issue a reservation of rights letter based on the professional services exclusion within its policy. Ammon deposition, pp. 31-36, 59-60, 65-67 (Liberty Appendix, Ex. 13); Ammon handwritten notes of conversation (Liberty Appendix, Ex. 7 at LIUI 1).

17.   Liberty did not hear anything further in connection with the Madden case until June 2007. Liberty Answers to Interrogatories, Nos. 10, 11, 22 (Liberty Appendix, Ex. 1); Ammon deposition, pp. 41-43, 70-71 (Liberty Appendix, Ex. 13); Deposition of Benjamin Brindley, Liberty Assistant V.P., pp. 17-18, 26-27 (Liberty Appendix, Ex. 14).

18.   On or about June 8, 2007, George Ammon received an overnight letter dated June 7, 2007 from attorney Kurt Beranek who had been defending VOA at the request of the general liability carrier, USF&G, advising that the case against VOA had been narrowed to allegations of negligent design, that USF&G had issued a reservation of rights, and that the case was going to trial on June 15, 2007. Ammon deposition, pp. 41, 71 (Liberty Appendix, Ex. 13); June 7, 2007 letter (Liberty Appendix, Ex. 15).

19.   Ammon then called Beranek to discuss the *Madden* matter and learned that there was a Fourth Amended Complaint in the case. Ammon asked Beranek to send him a copy. Ammon deposition, pp. 44-47 (Liberty Appendix, Ex. 13).

20.   Ammon received the Fourth Amended Complaint from Beranek's office on or about June 13, 2007, read it, and concluded that the Fourth Amended Complaint had added two allegations of professional negligence against VOA, potentially amounting to wrongful acts within Liberty's professional liability coverage. Ammon deposition, pp. 44-47 (Liberty Appendix, Ex. 13); June 13, 2007 e-mail to Ammon with Fourth Amended Complaint (Liberty Appendix, Ex. 16).

21.   The Fourth Amended Complaint in the *Madden* case had been filed, however, some ten months earlier, on August 16, 2006. (Liberty Appendix, Ex. 16 at LIUI 194, see "Filed" stamp).

22.   VOA has acknowledged that, as of June 2007, "[I]t was too late for VOA to . . . seek coverage under its professional liability insurance [Liberty's coverage], which is a claims made and reported policy." VOA's Answers to Plaintiff's Interrogatories, No. 13 (Liberty Appendix, Ex. 17).

23.   On June 21, 2007, after reviewing the Fourth Amended Complaint and after speaking with Benjamin Brindley of Liberty to decide on a plan of action, Ammon sent a general reservation of rights letter to VOA. Ammon deposition, pp. 47-49  (Liberty Appendix, Ex. 13); Brindley deposition, pp. 39-40 (Liberty Appendix, Ex. 14); June 21, 2007 letter (Liberty Appendix, Ex. 18).

24.   The *Madden* case was tried from June 20 to June 27, 2007, and a verdict was returned against the insured, VOA, on June 27, 2007 in the amount of $1,605,650. Judgment was entered on the verdict on June 27, 2007. Judgment order (Liberty Appendix, Ex. 19).

25.   After the trial court denied all post-trial motions, VOA filed a Notice of Appeal on February 14, 2008; the *Madden* case is now on appeal. VOA Answer and Affirmative Defenses to Amended Complaint, ¶¶ 39, 40 (Docket Doc. No. 59).

26.   There may be an issue of fact as to whether or when VOA, as opposed to its defense counsel in *Madden* or USF&G, was aware of the filing of the Fourth Amended Complaint. Nevertheless, VOA was aware "early on" in the *Madden* case that its design or architectural duties could be at issue. Deposition of Paul Hansen, VOA Principal, p. 25 (Liberty Appendix, Ex. 20).

27.   VOA was in possession of correspondence from its defense counsel as early as October 14, 2005 that one of Madden's possible theories could be negligent design of the orchestra pit. Hansen deposition, pp. 23-25 (Liberty Appendix, Ex. 20); October 14, 2005 letter from Elrabadi to Dillon at St. Paul Travelers with cc to Hansen at VOA (Liberty Appendix, Ex. 21).

28.   VOA was aware by December 8, 2006 that Madden had retained an expert witness architect, Leonard, Wisniewski, who opined that VOA's design violated numerous codes and that VOA signed a certificate of substantial completion when it was unsafe to do so. December 8, 2006 e-mail from Naderh

Elrabadi to Hansen (Liberty Appendix, Ex. 22); Hansen deposition, pp. 40-41 (Liberty Appendix, Ex. 20).

29.   On January 9, 2007, Hansen of VOA recommended an expert witness in theatre design, John Morris, an architect, to testify in VOA's defense. January 9, 2007 e-mail from Hansen to Elrabadi (Liberty Appendix, Ex. 23); Hansen deposition, pp. 42-43 (Liberty Appendix, Ex. 20).

30.   Likewise, USF&G was aware of the negligent design claim against VOA. VOA's defense counsel, appointed by USF&G, sent Madden's Fourth Amended Complaint to USF&G immediately after it was filed. August 17, 2006 letter from Elrabadi to Debbie Morano, claims adjuster for St. Paul Travelers (USF&G) (Liberty Appendix, Ex. 24); September 1, 2006 letter from Elrabadi to Morano (Liberty Appendix, Ex. 25).

31.   USF&G's counsel acknowledged to this court on January 22, 2009 that, as the result of the discovery in this matter, USF&G has determined that Liberty does not have a defense obligation in the *Madden* matter. Transcript of Proceedings, January 22, 2009 (Liberty Appendix, Ex. 26).

Respectfully submitted,
Liberty Insurance Underwriters, Inc.

By: /s/ James T. Nyeste
      Its Attorney

James T. Nyeste
Attorney at Law
1 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Tel: 312-750-1814
IL ARDC# 3125383

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 8, 2009, he electronically filed the foregoing *LR56.1(a)(3) Statement of Material Facts in Support of Defendant Liberty's Motion for Summary Judgment* with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filing to those counsel who are CMF/ECF users, and that as to the below-listed counsel,

Kevin W. O'Connor
Collison & O'Connor, Ltd.
19 South LaSalle Street
Chicago, IL 60603

he deposited said document in the U.S. mail, proper postage pre-paid.

/s/ James T. Nyeste
Attorney for Liberty Insurance Underwriters, Inc.
Dated: April 8, 2009