# EXHIBIT 19

The law regarding this case is contained in the instructions I will give to you. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

It is your duty to resolve this case by determining the facts and following the law given in the instructions. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party whether a corporation or an individual, should receive your fair consideration.

You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

An opening statement is what an attorney expects the evidence will be. A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown. If any statement or argument of an attorney is not supported by the law or the evidence you should disregard that statement.

Plaintiff's Instruction No. _1_
IPI 1.01

_____given                   _____given as modified
_____withdrawn               _____refused

The testimony of Kenneth Rokos and Dr. Konstantin Dzamashvili were read and the testimony of Dr. David Shenker and Dr. Kevin Walsh were presented by video tape. You should give this testimony the same consideration you would give it had the witness personally appeared in court.

Plaintiff's Instruction No. 2
IPI Civil No. 2.01
_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

Now that the evidence has concluded, I will further instruct you as to the law and your duties.  I have not meant to indicate any opinion as to the facts of this case by any of my rulings, remarks, or instructions.

Plaintiff's Instruction No. _3_
IPI 3.01
_____given          _____given as modified
_____withdrawn      _____refused

An attorney may, if a witness agrees, interview a witness to learn what testimony will be given.  Such an interview, by itself, does not reflect adversely on the truth of the testimony of the witness.

Plaintiff's Instruction No. 4
IPI  3.02
_____ given            _____ given as modified
withdrawn         _____ refused

A fact or a group of facts may, based on logic and common sense, lead you to a conclusion as to other facts. This is known as circumstantial evidence. A fact may be proved by circumstantial evidence. For example, if you are in a building and a person enters who is wet and is holding an umbrella, you might conclude that it was raining outside. Circumstantial evidence is entitled to the same consideration as any other type of evidence.

Plaintiff's Instruction No. 5
IPI Civil No. 3.04
   ✓   GIVEN
       GIVEN AS MODIFIED
       REFUSED
       WITHDRAWN

When I use the expression "contributory negligence," I mean negligence on the part of the plaintiff that proximately contributed to cause the injuries.

Plaintiff's Instruction No. *6*
IPI Civil No. 11.01
_____✓_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame.



Plaintiff's Instruction No. 7
IPI Civil No 12.04.
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Plaintiff's Instruction No.
IPI 15.01
_____given                          _____given as modified
_____withdrawn                   _____refused

"Professional Negligence" by an architect is the failure to do something that a reasonably careful architect would do, or the doing of something that a reasonably careful architect would not do, under circumstances similar to those shown by the evidence.

To determine what the standard of care required in this case, you must rely upon opinion testimony from qualified witnesses, and evidence of professional standards. The law does not say how a reasonably careful architect would act under these circumstances. That is for you to decide.

Plaintiff's Instruction No. ___
IPI Civil No. 105.01
_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

The plaintiff claims that he was injured and sustained damage, and that the defendant was professionally negligent in one or more of the following respects:

1)      Failed to design the stage with a pit cover or other fall protection;

2)      Signed a certificate of substantial completion when it was not safe to do so.

The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

The defendant denies that it did any of the things claimed by the plaintiff, denies that it was professionally negligent in doing any of the things claimed by the plaintiff and denies that any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The defendant claims that the plaintiff was contributorily negligent in one or more of the following respects:

1)      Failed to keep a proper lookout.

The defendant further claims that one or more of the foregoing was a proximate cause of the plaintiff's injuries.

The plaintiff denies that he did any of the things claimed by defendant, denies that he was negligent in doing any of the things claimed by defendant, and denies that any claimed act or omission on his part was a proximate cause of his claimed injuries.

The defendant further denies that the plaintiff was injured or sustained damages to the extent claimed.


Plaintiff's Instruction No. _10_
IPI Civil No. 20.01
_____GIVEN
___X___GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

Plaintiff's Instruction No. _11_
IPI Civil No.  21.01
_✓___GIVEN
       GIVEN AS MODIFIED
       REFUSED
       WITHDRAWN

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was professionally negligent;

Second, that the plaintiff was injured

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that any of these propositions have not been proved, then your verdict should be for the defendant.  On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of his injury.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has not proved both of the propositions required of the defendant, then your verdict should be for the plaintiff and you will not reduce plaintiff's damages.

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict should be for the plaintiff and you will reduce the plaintiff's damages in the manner stated to you in these instructions.

Plaintiff's Instruction No. 12
IPI Civil No. B21.02
___✓___ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the professional negligence of the defendant taking into consideration the nature, extent and duration of the injury.

1   The reasonable expense of necessary medical care, treatment, and services received;

2   The value of earnings and benefits lost and the present cash value of the earnings and benefits reasonably certain to be lost in the future;

3.   The emotional distress experienced;

4.   The disfigurement resulting from the injury;

5.   The disability experienced and reasonably certain to be experienced in the future as a result of the injuries;

6.   The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Instruction No. 13
IPI Civil No. 30.01 (30.06, 30.07, 30.05.01, 30.04, 30.04.01 and 30.05)
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.

Plaintiff's Instruction No. 14
IPI Civil No. 30.21
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages arising out of injuries to her husband proved by the evidence to have resulted from the professional negligence of the defendant.

1     The reasonable value of the services of her husband of which she has been deprived and the present cash value of the services of her husband of which she is reasonably certain to be deprived in the future;

2.    The reasonable value of the society, companionship and sexual relationship with her husband of which she has been deprived and the society, companionship and sexual relationship with her husband of which she is reasonably certain to be deprived in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Plaintiff's Instruction No. 15
IPI Civil No. 32.01 (32.03 and 32.04)
___ ✓ GIVEN
___ GIVEN AS MODIFIED
___ REFUSED
___ WITHDRAWN

If you find that a plaintiff is entitled to damages arising in the future because of injuries or because of loss of earnings, loss of the services, loss of society or loss of companionship and sexual relations, you must determine the amount of these damages which will arise in the future.

If these damages are of a continuing nature, you may consider how long they will continue.  If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiffs are likely to live.

With respect of loss of future earnings, you may consider that some persons work all their lives and others do not; that a person's earnings may remain the same or may increase or decrease in the future.

Plaintiff's Instruction No. 16
IPI Civil No. 34.01
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

In computing the damages arising in the future because of future benefits or services you must not simply multiply the earnings and benefits by the length of time you have found they will continue or by the number of years you have found that the plaintiff is likely to live.  Instead, you must determine their present cash value.  "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of the earnings and benefits at the time in the future when the earnings and benefits would have been received.

Damages for pain and suffering, disability, disfigurement, loss of society and companionship and sexual relations are not reduced to present cash value.

Plaintiff's Instruction No. _17_
IPI Civil No.  34.02
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

According to a table of mortality in evidence, the life expectancy of a white male aged 61 to 62 years is 19.4 years.  This figure is not conclusive.  It is the average life expectancy of white males who have reached the age of 61 to 62.  It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Instruction No. 18
IPI Civil No.  34.04
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

According to a table of mortality in evidence, the life expectancy of a white female aged 58 to 59 years is 25.2 years.  This figure is not conclusive.  It is the average life expectancy of white females who have reached the age of 58 to 59.  It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

Plaintiff's Instruction No. 19

IPI Civil No.  34.04

_____GIVEN

.GIVEN AS MODIFIED

.REFUSED

.WITHDRAWN

Schuler & Shook, Inc. was the agent of the defendant VOA & Associates, Inc. at the time of this occurrence.  Therefore, any act or omission of the agent at that time was in law the act or omission of the defendant VOA & Associates, Inc.

Plaintiff's Instruction No. 20
IPI Civil No. 50.02
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensation.  The agreement may be oral or written, express or implied.

Plaintiff's Instruction No. 2 1
IPI Civil No. 50.05
_____ GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

The defendant is a corporation and can act only through its officers and employees.  Any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant corporation.

Plaintiff's Instruction No. 22
IPI Civil No. 50.11
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

When you retire to the jury room you will first select a foreperson   He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions.  After you have reached your verdict, fill in and sign the appropriate form of verdict and return it to the court.  Your verdict must be signed by each of you.  You should not write or mark upon this or any of the other instructions given to you by the court.

If you find for MICHAEL MADDEN and JEAN MADDEN and against VOA & ASSOCIATES, INC. and if you further find that MICHAEL MADDEN was not contributorily negligent, then you should use Verdict Form A.

If you find for MICHAEL MADDEN and JEAN MADDEN and against VOA & ASSOCIATES, INC. and if you further find that MICHAEL MADDEN and JEAN MADDEN'S injuries were proximately caused by a combination of VOA & ASSOCIATES, INC.'S negligence and MICHAEL MADDEN'S contributory negligence and that MICHAEL MADDEN'S contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form B.

If you find for VOA & ASSOCIATES, INC. and against MICHAEL MADDEN and JEAN MADDEN, or if you find that plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then you should use Verdict Form C.

Plaintiff's Instruction No. 23
IPI Civil No.  B45.01
_____GIVEN
_____GIVEN AS MODIFIED
_____REFUSED
_____WITHDRAWN

## VERDICT FORM A

We, the jury, find for MICHAEL MADDEN and JEAN MADDEN and against VOA & ASSOCIATES, INC.  We assess damages itemized as follows:

The reasonable expense of necessary medical
care, treatment, and Services received;                  $_____

The value earnings and benefits lost and the
present cash value of the earnings and benefits
reasonably certain to be lost in the future;             $_____

The emotional distress experienced;                      $_____

The disfigurement resulting from the injury;             $_____

The disability experienced and reasonably certain
to be experienced in the future;                         $_____

The pain and suffering experienced and
reasonably certain to be experienced in the future
as a result of the injuries;                             $_____

The reasonable value of the services of her
husband of which she has been deprived and
the present cash value of the services of her
husband of which she is reasonably certain
to be deprived in the future;                            $_____

The reasonable value of the society,
companionship and sexual relationship
with her husband of which she has been
deprived and the society, companionship
and sexual relationship with her husband
of which she is reasonably certain to be
deprived in the future.                                  $_____


                                    TOTAL    $_____

FOREPERSON

Plaintiff's Instruction No. 24
IPI Civil No. B45.01A
_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

## VERDICT FORM B

We, the jury, find for MICHAEL MADDEN and JEAN MADDEN and against VOA & ASSOCIATES, INC. and further find the following:

First: Without taking into consideration the question of reduction of damages due to the negligence of MICHAEL MADDEN, we find that the total amount of damages suffered by MICHAEL MADDEN and JEAN MADDEN as a proximate result of the occurrence in question is itemized as follows:

| | |
|---|---|
| The reasonable expense of necessary medical care, treatment, and Services received; | $_____ |
| The value earnings and benefits lost and the present cash value of the earnings and benefits reasonably certain to be lost in the future; | $_____ |
| The emotional distress experienced: | $_____ |
| The disfigurement resulting from the injury; | $_____ |
| The disability experienced and reasonably certain to be experienced in the future; | $_____ |
| The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries; | $_____ |
| The reasonable value of the services of her husband of which she has been deprived and the present cash value of the services of her husband of which she is reasonably certain to be deprived in the future; | $_____ |
| The reasonable value of the society, companionship and sexual relationship with her husband of which she has been deprived and the society, companionship and sexual relationship with her husband of which she is reasonably certain to be deprived in the future. | $_____ |
| TOTAL | $_____ |

Second: Assuming that 100% represents the total combined negligence of all persons whose negligence proximately contributed to the plaintiff's injuries, including MICHAEL MADDEN and VOA & ASSOCIATES, INC., we find that the percentage of such negligence attributable solely to _____ MICHAEL MADDEN is _____ percent (%).

Third:  After reducing the total damages sustained by MICHAEL MADDEN and JEAN MADDEN by the percentage of negligence attributable solely to MICHAEL MADDEN, we assess MICHAEL MADDEN and JEAN MADDEN'S recoverable damages in the sum of $_____.

_____

FOREPERSON

Plaintiff's Instruction No. 25
IPI Civil No. B45.01B
_____GIVEN
        GIVEN AS MODIFIED
        REFUSED
        WITHDRAWN

## VERDICT FORM C

We, the jury, find for VOA & ASSOCIATES, INC. and against MICHAEL MADDEN and JEAN MADDEN.

_____

FOREPERSON

Plaintiff's Instruction No. 20
IPI Civil No.  B45.01C
_____GIVEN
        GIVEN AS MODIFIED
        REFUSED
        WITHDRAWN

36.00        No Liability – No Damages

If you decide for the defendant on the question of liability, you have no occasion to consider the question of damages.

Defendant's Instruction No. _____

I.P.I. No. 36.00

B10.03        Duty to Use Ordinary Care – Adult – Plaintiff – Definitions of
              Contributory and Comparative Negligence – Negligence

It was the duty of plaintiff, before and at the time of the occurrence, to use ordinary care for his own safety.  A plaintiff is contributorily negligent if he fails to use ordinary care for his own safety and his failure to use such ordinary care is a proximate cause of the alleged injury.

The plaintiff's contributory negligence, if any, which is 50% or less of the total proximate cause of the injury or damage for which recovery is sought, does not bar his recovery.  However, the total amount of damages to which he would otherwise be entitled is reduced in proportion to the amount of his negligence.  This is known as comparative negligence.

If the plaintiff's contributory negligence is more than 50% of the total proximate cause of the injury or damage for which recovery is sought, the defendant shall be found not liable.

Defendant's Instruction No.        2
I.P.I. No. B10.03

Was plaintiff's contributory negligence more than 50% of the total proximate cause of the injury or damage for which recovery is sought?

YES              NO

Defendant's Jury Instruction No. _____3_____
Special interrogatory

## VERDICT FORM B

.ve, the jury, find for MICHAEL MADDEN and JEAN MADDEN and against VOA & ASSOCIATES, INC. and further find the following:

First:  Without taking into consideration the question of reduction of damages due to the negligence of MICHAEL MADDEN, we find that the total amount of damages suffered by MICHAEL MADDEN and JEAN MADDEN as a proximate result of the occurrence in question is itemized as follows:

The reasonable expense of necessary medical care, treatment, and Services received;                        $ _207. 9 K_

The value earnings and benefits lost and the present cash value of the earnings and benefits reasonably certain to be lost in the future;                $ _655.0 K_

The emotional distress experienced;                        $ _50. 0 K_

The disfigurement resulting from the injury;                $ _20.0 K_

The disability experienced and reasonably certain to be experienced in the future;                        $ _350.0 K_

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries;                        $ _407.0 K_

The reasonable value of the services of her husband of which she has been deprived and the present cash value of the services of her husband of which she is reasonably certain to be deprived in the future;                        $ _50.0 K_

The reasonable value of the society, companionship and sexual relationship with her husband of which she has been deprived and the society, companionship and sexual relationship with her husband of which she is reasonably certain to be deprived in the future.                        $ _150.0 K_

                                                       $ 1,887,900
                               TOTAL  $ _1,889,90K_

Second:  Assuming that 100% represents the total combined negligence of all persons whose negligence proximately contributed to the plaintiff's injuries, including MICHAEL MADDEN and VOA & ASSOCIATES, INC., we find that the percentage of such negligence attributable solely to _____ MICHAEL MADDEN is _15 %_ percent (%).

Third: After reducing the total damages sustained by MICHAEL MADDEN and JEAN MADDEN by the percentage of negligence attributable solely to MICHAEL MADDEN, we assess MICHAEL MADDEN and JEAN MADDEN'S recoverable damages in the sum of $ _1606,4 K_ .

1,606,415

| | |
|---|---|
| _(signature)_ | _Alicia Castaneda_ |
| **FOREPERSON** | |
| _(signature)_ | _Bettye J. Echols_ |
| _Mary Minicle_ | _Bill Jackson_ |
| _Brian Stark_ | _Michelle Smalling_ |
| _(signature)_ | _Edison G. Villacres_ |
| _(signature)_ | _(signature)_ |

Was plaintiff's contributory negligence more than 50% of the total proximate cause of the injury or damage for which recovery is sought?

YES _____     NO __✗__