08 C 86

JUDGE KENNELLY
MAGISTRATE JUDGE BRO

# EXHIBIT A

## Part 6 of 14

Case 1:08-cv-00862 Document 2-7 Filed 02/08/2008 Page 1 of 20

9. **When We Do Not Renew**

   If we decide not to renew this Coverage Part, we will mail or deliver to the first Named insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

   If notice is mailed, proof of mailing will be sufficient proof of notice.

## SECTION V - DEFINITIONS

1. **"Advertising"** means attracting the attention of others by any means for the purpose of seeking customers or supporters or increasing sales or business.

2. **"Advertising injury"** means injury arising out of one or more of the following offenses:

   a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   b. Oral or written publication of material that violates a person's right of privacy;

   c. The use of another's advertising idea in your "advertising";

   d. Infringement of another's copyright, trade dress or slogan in your "advertising".

3. **"Auto"** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment."

4. **"Bodily injury"** means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.

5. **"Broadcasting"** means transmitting any audio material by radio, or transmitting or televising any audio or visual material by television, for any purpose.

6. **"Coverage Territory"** means:

   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

   b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in SECTION V. 4. a. above; or

   c. All parts of the world if:

      (1) The injury or damage arises out of:

         (a) Goods or products made or sold by you in the territory described in SECTION V. 4. a. above; or

         (b) The activities of a person whose domicile is in the territory described in SECTION V. 4. a. above, but is away for a short time on your business; and

      (2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in SECTION V. 4. a. above or in a settlement we agree to.

7. **"Employee"** includes a "leased worker." "Employee" does not include a "temporary worker."

8. **"Executive officers"** means persons holding any of the officer positions created by your charter, constitution, by-laws or any similar governing document.

9. **"Hostile Fire"** means one which becomes uncontrollable or breaks out from where it was intended to be.

10. **"Impaired property"** means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

  b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

  a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

  b. Your fulfilling the terms of the contract or agreement.

11. **"Insured contract"** means:

  a. A contract for a lease of premises. However that portion of the contract for a lease of premises that indemnifies any person or organization for damage by a Covered Cause of Loss (as provided in the Property Coverage Part or the Tenant Legal Liability Causes of Loss form which is part of this policy), to the premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

  b. A sidetrack agreement;

  c. Any easement or license agreement;

  d. An indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

  e. An elevator maintenance agreement; or

  f. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph V. 10. f. does not include that part of any contract or agreement:

  a. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

  (1) Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

  (2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

  b. Under which you, if an architect, engineer or surveyor, assume liability for injury or damage arising out of the insured's rendering or failing to render professional services including those listed in paragraph a. above and supervisory, inspection or engineering services; or

12. **"Leased worker"** means a person leased to you by a labor leasing company, under an agreement between you and that company, to perform duties related to the conduct of your business. "Leased worker" does not include any "temporary worker."

13. **"Loading or unloading"** means the handling of property:

  a. After the property is moved from the place where the property is accepted for movement into or onto an aircraft, watercraft or "auto";

  b. While the property is in or on an aircraft, watercraft or "auto"; or

  c. While the property is being moved from an aircraft, watercraft or "auto" to the place where the property is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto."

14. **"Mobile equipment"** means any of the following types of land vehicles, including any attached machinery or equipment:

  a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, on which are permanently mounted:

   (1) Power cranes, shovels, loaders, diggers or drills; or

   (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

   (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

   (2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in V. 11. a., b., c., d. or e. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

   (a) Snow removal;

   (b) Road maintenance, but not construction or resurfacing; or

   (c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

15. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Other Insurance" means insurance, or the funding of losses, that is provided by or through:

    a. another insurance company;

    b. us or any of our affiliated insurance companies;

    c. a risk retention group

    d. a self-insured method or program, other than any funded by you and over which this Coverage Part applies; or

    e. any similar risk transfer or risk management method.

17. "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The actual wrongful eviction from, actual wrongful entry into, or actual invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

18. **"Pollutants"** means any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes material to be recycled, reconditioned or reclaimed.

19. **"Products - Completed Operations Hazard";**

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   (1) Products that are still in your physical possession; or

   (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   (a) When all of the work called for in your contract has been completed.

   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   (c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

   b. Does not include "bodily injury" or "property damage" arising out of:

   (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

   (2) The existence of tools, uninstalled equipment or abandoned or unused materials.

20. **"Property damage"** means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

21. **"Publishing"** means creating and producing any material in an electronic or printed format for distribution or sale to others for any purpose. It does not mean creating or producing:

   (a) Correspondence written in the conduct of your business; or,

   (b) Material that describes or reports your business activities, including bulletins, financial or annual reports, and newsletters in an electronic or printed format..

22. **"Suit"** means a civil proceeding in which damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the

insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

23. **"Temporary Worker"** means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

24. **"Your product"** means:

   a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   (1) You;

   (2) Others trading under your name; or

   (3) A person or organization whose business or assets you have acquired; and

   b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

25. **"Your work"** means:

   a. Work or operations performed by you or on your behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

b. The providing of or failure to provide warnings or instructions.

Policy Number:

# "Bodily Injury" Definition, "Telecasting" Definition, and Employment Related Practices Exclusion Amendment

Amendment

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

LIABILITY COVERAGE PART

1. Exclusion Paragraph A 2.f. of **SECTION I - COVERAGE** is replaced by the following:

   **Employment Related Practices**

   "Bodily injury", "personal injury" or "advertising injury" arising out of any:

   (1) Refusal to employ;

   (2) Termination of employment;

   (3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

   (4) Consequential "bodily injury", "personal injury" or "advertising injury" as a result of SECTION I.A.2.f.(1) through SECTION I.A.2.f.(3) above.

   This exclusion applies to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

2. **SECTION V. 4.** is replaced by the following:

   **"Bodily injury"** means any physical harm, including sickness or disease, to the physical health of other persons. It includes any of the following that results at any time from such physical harm, sickness, or disease:

   (1) Mental anguish, injury, or illness; and,

   (2) Emotional distress.

3. The following is added to **SECTION V - DEFINITIONS:**

   **"Telecasting"** means transmitting or televising any audio or visual material by television for any purpose.

CL/BF 20 15 02 00

Page 1 of 1

Policy Number: BK01116165
# Employee Benefits Liability (Claims-Made)
ADDITIONAL COVERAGE

---

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

LIABILITY COVERAGE PART.

## Schedule

**Limits of Liability:**

| | |
|---|---|
| $ 1,000,000 | Each Claim Limit (Subject to the $1000 deductible) |
| $ 2,000,000 | Aggregate Limit |

| **Premium:** | **Code Number** |
|---|---|
| $273.00 | 72000 |

**Retroactive Date:**

11/11/1994   (Enter date or "None" if no Retroactive Date applies.)

This insurance does not apply to damages caused by an "employee benefits incident" which occurred before the Retroactive Date, if any, shown above.

The following is added to SECTION I - COVERAGE:

### COVERAGE - EMPLOYEE BENEFITS LIABILITY

**1. Insuring Agreement.**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of injury to any "employee," or the dependents or beneficiaries of any "employee" caused by an "employee benefits incident" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. We may at our discretion investigate any "employee benefits incident" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III - LIMITS OF LIABILITY of this Additional Coverage; and

   (2) Our right and duty to defend end when we have used up the applicable limit of liability in the payment of judgments or settlements under this insurance.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under COVERAGE C - SUPPLEMENTARY PAYMENTS of this Additional Coverage.

b.  This insurance applies to an "employee benefits incident" only if:

   (1) The "employee benefits incident" takes place in the "coverage territory";

   (2) The "employee benefits incident" did not occur before the Retroactive Date, if any, shown in the Schedule, or after the end of the policy period; and

   (3) A claim for damages because of the "employee benefits incident" is first made against any insured in accordance with

---

paragraph c. below, during the policy period or any Extended Reporting Period we provide under the EXTENDED REPORTING PERIODS FOR COVERAGE PROVIDED BY THIS ENDORSEMENT Section.

c. A claim by any "employee" or the dependents or beneficiaries of any "employee" seeking damages will be deemed to have been made at the earlier of the following times:

   (1) When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

   (2) When we make settlement in accordance with paragraph 1.a. above.

   All claims for damages because of injury to the same "employee," including damages claimed by any beneficiary or dependent, arising out of the same "employee benefits incident" will be deemed to have been made at the time the first of these claims is made against any insured.

2. **Exclusions Applicable to this Additional Coverage:**

   This insurance does not apply to:

   a. Any dishonest, fraudulent, criminal or malicious act;

   b. Libel, slander, discrimination, or humiliation;

   c. Bodily injury, death, care and loss of services;

   d. Property damage, including the loss of use of property;

   e. Any liability or claim for failure of performance of contract by any insurer;

   f. Any liability or claim based on your failure to comply with any law concerning workers compensation, unemployment insurance, social security or disability benefits;

   g. Any liability or claim based on failure of stock to perform as represented by any insured;

   h. Any liability or claim based on advice given by any insured to participate or not to participate in stock subscriptions plans; or

   i. Liability of a fiduciary imposed by the Employee Retirement Income Security Act of 1974 (ERISA) as now or hereafter amended.

3. **SECTION II - WHO IS AN INSURED For This Additional Coverage:**

   a. If you are designated in the Declarations as:

      (1) An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner;

      (2) A partnership, you are an insured. Your partners and their spouses are also insureds, but only with respect to the conduct of our business; or

      (3) An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   b. Each of the following is also an insured:

      (1) Your "employees," other than your "executive officers," authorized to act in the administration of "employee benefits"; and

      (2) Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this insurance.

   c. Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no similar insurance available to that organization. However:

      (1) Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period,

whichever is earlier; and

(2) Coverage does not apply to an "employee benefits incident" that occurred before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any:

(1) Current partnership that is not shown as a Named Insured in the Declarations; or

(2) Joint venture.

4. **SECTION III - LIMITS OF LIABILITY For This Additional Coverage:**

   a. The Limits of Liability shown in the Schedule and the rules below fix the most we will pay regardless of the number of:

   (1) Insureds;

   (2) Claims made or "suits" brought; or

   (3) "Employees," or dependents or beneficiaries of "employees," making claims or bringing "suits."

   b. The Aggregate Limit is the most we will pay for all damages because of all claims covered by this insurance.

   c. Subject to SECTION III. b. above, the Each Claim Limit is the most we will pay for all damages because of any one claim.

   d. Our obligation to pay damages applies only to the amount of damages in excess of a $1000 each claim deductible, and the Each Claim Limit will be reduced by the application of the deductible amount.

   We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

The limits of this insurance apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

5. **SECTION V - DEFINITIONS OF TERMS Used In This Additional Coverage:**

   a. "Coverage territory" means the United States of America (including its territories and possessions), Puerto Rico and Canada.

   b. "Employee" means a prospective, present or former employee of the Named Insured.

   c. "Employee benefits incident" means an act, error or omission in:

   (1) Giving counsel to "employees" with respect to "employee benefits";

   (2) Interpreting "employee benefits";

   (3) Handling of records in connection with "employee benefits";

   (4) Effecting enrollment, termination or cancellation of "employees" under "employee benefits";

   performed by a person authorized by the Named Insured to perform such services.

   d. "Employee benefits" means:

   (1) Group life insurance;

   (2) Group accident and health insurance;

   (3) Profit sharing plans;

   (4) Pension plans;

   (5) "Employee" stock subscriptions;

   (6) Workers compensation;

(7) Unemployment insurance;

(8) Social security;

(9) Disability benefits insurance; and

(10) Travel, savings or vacation plans.

e. "Executive officers" "means a person holding any of the officer positions created by your charter, constitution, by-laws or any similar governing document.

f. "Suit" means a civil proceeding in which damages because of an injury caused by an "employee benefits incident" to which this insurance applies are alleged. "Suit" includes:

(1) An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

(2) Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

6. SECTION IV. 2 and SECTION IV. 5 are replaced by the following:

a. **Duties In The Event Of An Employee Benefits Incident, Claim Or Suit.**

(1) Regardless of whether the loss exceeds the deductible amount in paragraph 4. of SECTION III - LIMITS OF LIABILITY, you must see to it that we are notified as soon as practicable of any "employee benefits incident" which may result in a claim. To the extent possible, notice should include:

(a) How, when and where the "employee benefits incident" took place;

(b) The names and addresses of any injured "employee" dependents or beneficiaries of any "employee" and witnesses; and

(c) The nature and location of an injury caused by the "employee benefits incident."

Notice of an "employee benefits incident" is not notice of a claim.

(2) If a claim is received by any insured you must:

(a) Immediately record the specifics of the claim and the date received; and

(b) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim as soon as practicable.

(3) You and any other involved insured must:

(a) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(b) Authorize us to obtain records and other information;

(c) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

(d) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury to which this insurance may also apply.

(4) No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

b. **Other Insurance.**

If other valid and collectible insurance is available to the insured for a loss we cover under this insurance, our obligations are limited as follows:

(1) Primary Insurance.

This insurance is primary except when (2) below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we

will share with all that other insurance by the method described in (3) below.

(2) Excess Insurance.

This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis, that is effective prior to the beginning of the policy period shown in the Declarations and applies to an "employee benefits incident" on other than a claims-made basis, if:

(a) No Retroactive Date is shown in the Schedule; or

(b) The other insurance has a policy period which continues after the Retroactive Date shown in the Schedule.

When this insurance is excess, we will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(b) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Schedule.

(3) Method of Sharing.

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance for all insurers.

7. The following condition is added to SECTION IV - CONDITIONS:

**Your Right To Claim And Employee Benefits Incident Information.**

We will provide the first Named insured shown in the Declarations the following information relating to this and any preceding employee benefits liability claims-made insurance we have issued to you during the previous three years:

a. A list or other record of each "employee benefits incident" not previously reported to any other insurer, of which we were notified in accordance with paragraph 2. a. of this Section. We will include the date and brief description of the "employee benefits incident" if that information was in the notice we received.

b. A summary by policy year, of payment made and amounts reserved, stated separately, under the Aggregate Limit.

Amounts reserved are based on our judgment. They are subject to change and should not be regarded as ultimate settlement values.

You must not disclose this information to any claimant or any claimant's representative without our consent.

If we cancel or elect not to renew this insurance, we will provide such information no later than 30 days before the date of termination. In other circumstances, we will provide this information only if we receive a written request from the first Named Insured within 60 days after the end of the policy period. In this case, we will provide this information within 45 days of receipt of the request.

We compile claim and "employee benefits incident" information for our own business purposes and exercise reasonable care in doing so. In providing this information to the first Named Insured, we make no representations or warranties to insureds, insurers, or others to whom this information is furnished by or on behalf of any insured. Cancellation or nonrenewal will be effective even if we inadvertently provide inaccurate information.

8. SECTION IV. 3. and SECTION IV. 6. do not apply to coverage provided by this Additional Coverage.

9. The following Section is added:

**EXTENDED REPORTING PERIOD FOR COVERAGE PROVIDED BY THIS ENDORSEMENT:**

a. We will provide one or more Extended Reporting Periods, as described below, if:

   (1) This insurance is cancelled or not renewed; or

   (2) We renew or replace this insurance with insurance that has a Retroactive Date later than the date shown in the Schedule.

b. Extended Reporting Periods do not extend the policy period or change the scope of coverage provided. They apply only to claims for an "employee benefits incident" that occurs before the end of the policy period but not before the Retroactive Date, if any, shown in the Schedule.

   Once in effect, Extended Reporting Periods may not be cancelled.

c. A Basic Extended Reporting Period is automatically provided without additional charge. This period starts with the end of the policy period and lasts for:

   (1) Five years for claims because of injury arising out of an "employee benefits incident" reported to us, not later than 60 days after the end of the policy period, in accordance with paragraph 2. a. of EMPLOYEE BENEFITS LIABILITY CONDITIONS (Section IV); or

   (2) Sixty days for all other claims.

The Basic Extended Reporting Period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion of the amount of insurance applicable to such claims.

d. A Supplemental Extended Reporting Period of unlimited duration is available, but only by an endorsement and for an extra charge. This supplemental period starts when the Basic Extended Reporting Period, set forth in paragraph c. above, ends.

The first Named Insured must give us a written request for the endorsement within 60 days after the end of the policy period. The Supplemental Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

   (1) The exposures insured;

   (2) Previous types and amounts of insurance;

   (3) Limits of Insurance available under this insurance for future payment of damages; and

   (4) Other related factors.

The additional premium will not exceed 200% of the annual premium for this insurance.

This endorsement shall set forth the terms, not inconsistent with this Section, applicable to the Supplemental Extended Reporting Period, including provision to the effect that the insurance afforded or claims first received during such period is excess over any other valid and collectible insurance available under policies in force after the Supplemental Extended Reporting Period starts.

e. The Basic Extended Reporting Period does not reinstate or increase the Limits of Insurance.

f.  If the Supplemental Extended Reporting Period is in effect, we will provide the separate aggregate limit of insurance described below, but only for claims first received and recorded during the Supplemental Extended Reporting Period.

The separate aggregate limit of insurance will be equal to the dollar amount shown in the Schedule in effect at the end of the policy period.

SECTION III b. of this ADDITIONAL COVERAGE will be amended accordingly. The Each Claim Limit shown in the Schedule will then continue to apply, as set forth in SECTION III. C. of this Additional Coverage.

Policy Number: BK01116165
# Employers Liability (Stop Gap) - Ohio
ADDITIONAL COVERAGE

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

LIABILITY COVERAGE PART.

## Schedule

**Limits of Liability:**

| | |
|---|---|
| Bodily Injury by Accident - Each Accident | $ 1,000,000 |
| Bodily Injury by Disease - Aggregate | $ 1,000,000 |
| Bodily Injury by Disease - Each Employee | $ 1,000,000 |

**Premium Determination:**

| Classification | Code Number | Premium Basis (Remuneration) | Rate (Per $1000 of Remuneration) | Advance Premium |
|---|---|---|---|---|
| Engineer or Architect - consulting | 8601 OH | 140,000 | 0.373 | $ 100.00 |

| | |
|---|---|
| **Total Advance Premium:** | **$ 100.00** |

**PREMIUM BASIS:** The Premium Basis is remuneration which includes payroll and all other remuneration paid or payable during the policy period for the services of all your officers and employees reported under the workers compensation fund of Ohio.

**AUDIT PERIOD:** Annual

The following is added to SECTION I - COVERAGE:

**ADDITIONAL COVERAGE - EMPLOYERS LIABILITY (STOP GAP) - OHIO**

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay under Ohio law as damages because of "bodily injury by accident" or "bodily injury by disease" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend any insured against a "suit" seeking damages to which this insurance does not apply. We may at our discretion investigate and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in SECTION III - LIMITS OF INSURANCE; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under this insurance.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS For This Additional Coverage.

b. This insurance applies to "bodily injury by accident" or "bodily injury by disease" only if:

(1) The "bodily injury by accident" or "bodily injury by disease" is sustained by your "employee" and arises out of and in the course of employment by you;

(2) The injured "employee's" employment is necessary or incidental to your work in the state of Ohio; and

(3) The "bodily injury by accident" or "bodily injury by disease" occurs in the "coverage territory."

c. "Bodily injury by accident" must occur during the policy period.

All claims for damages arising out of the same accident because of "bodily injury by accident" will be deemed to have occurred during the policy period in which the accident took place.

d. "Bodily injury by disease" must be caused or aggravated by the conditions within your operations, provided that the injured "employee's" last day of last exposure to such conditions occurs during the policy period.

e. Where recovery is permitted by law, damages because of "bodily injury by accident" or "bodily injury by disease" include damages:

(1) Claimed by any person or organization for care and loss of services;

(2) For which the insured is liable to a third party by reason of a claim or "suit" against the insured by that third party to recover the damages claimed against such third party as a result of injury to your "employee";

(3) For consequential "bodily injury by accident" or "bodily injury by disease" to a spouse, child, parent, brother or sister of the injured "employee";

provided that these damages are the direct consequence of "bodily injury by accident" or "bodily injury by disease" to your employee arising out of and in the course of employment by you.

(4) For "bodily injury by accident" or "bodily injury by disease" to your "employee" arising out of and in the course of employment by you, but claimed against you in a capacity other than as an employer; or

(5) For "bodily injury by accident" or "bodily injury by disease" to your "employee" claimed against you when each of the following facts exists:

(a) Knowledge by the insured of the existence of a dangerous process, procedure, instrumentality or condition within your operations;

(b) Knowledge by the insured that if the "employee" was subjected by his/her employment to such dangerous process, procedure, instrumentality or condition, then harm to the "employee" would be substantially certain to occur;

(c) That the insured under the circumstances and with the foregoing knowledge, required the "employee" to perform work which subjected the "employee" to such dangerous process, procedure, instrumentality or condition.

(d) That the "employee" sustained "bodily injury by accident" or "bodily injury by disease" resulting from such dangerous process, procedure, instrumentality or condition.

2. **Exclusions Applicable To This Additional Coverage:**

   This insurance does not apply to:

   a. "Bodily injury by accident" or "bodily injury by disease" to or caused by an "employee" while employed in violation of law with the insured's actual knowledge of the violation of law.

   b. "Bodily injury by accident" or "bodily injury by disease" to an "employee" who has not been reported and declared under the workers compensation law of Ohio.

   c. "Bodily injury by accident" or "bodily injury by disease" to:

      (1) A master or member of the crew of any vessel;

      (2) An "employee" while operating an aircraft or performing any duty in connection with aircraft while in flight; or

      (3) An "employee" subject to:

         (a) The Longshoremen's and Harbor Workers' Compensation Act (33 USC Sections 901-950);

         (b) The Defense Base Act (42 USC Sections 1651-1654);

         (c) The Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173);

         (d) The Outer Continental Shelf Lands Act (43 USC Sections 1331-1356);

         (e) The Federal Employers Liability Act (45 USC Sections 51-60); or

         (f) The Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942);

      or any regulations issued thereunder, including any amendment to these Acts;

   d. Damages payable under the Migrant And Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) or under any federal law awarding damages for violation of that act or regulations issued thereunder, including any amendments;

   e. "Bodily injury by accident" or "bodily injury by disease" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract;

   f. Damages arising out of any act committed by or at the direction of the insured with the deliberate intent to injure;

   g. Punitive or exemplary or other noncompensatory amounts;

   h. Damages arising out of:

      (1) The coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any "employee"; or

      (2) Any personnel practices, policies, acts or omissions.

   i. Any claim with respect to which the insured is deprived of any defense or defenses or is otherwise subject to penalty because of default in premium payment or any other failure to comply with the provisions of any workers compensation law;

   j. Any premium, assessment, penalty, fine, benefits or other obligation imposed by a workers compensation, disability benefits or unemployment compensation law or any similar law.

k. "Bodily injury by accident" or "bodily injury by disease" which arises out of a specific unsafe working condition identified in any violation notice or other notice, order, or directive, if:

   (1) The "bodily injury by accident" or "bodily injury by disease" occurs after any abatement period set forth in the violation notice or other notice, order or directive, and;

   (2) The insured fails to abate the violation within the abatement period set forth in the notice, order, or directive.

l. "Bodily injury by accident" or "bodily injury by disease" which arises out of any act by the insured which is punishable under any local, county, state, or federal criminal statute, ordinance or law.

3. As respects this Additional Coverage, SECTION I. C., SUPPLEMENTARY PAYMENTS is replaced by the following:

C. We will pay, with respect to any claim or "suit" we defend:

   1. All expenses we incur.

   2. The cost of bonds to release attachments but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

   3. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit" but not loss of earnings.

   4. All costs taxed against the insured in the "suit."

   5. Interest on a judgment as required by law until we offer the amount due under this insurance.

Supplementary Payments will not reduce the Limits of Insurance.

4. As respects this Additional Coverage, SECTION II - WHO IS AN INSURED is replaced by the following:

   1. If you are designated in the Declarations as:

      a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

      b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

      c. A limited liability company, you are an insured. Your members are insureds, but only with respect to the conduct of your business.

      d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your directors, or officers. Your stockholders are also insureds, but only with respect to their duties as your stockholders.

   No one is an insured for the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations.

5. As respects this AdditionalCoverage, SECTION III - LIMITS OF LIABILITY is replaced by the following:

   1. The Limits of Liability shown in the Schedule and the rules below fix the most we will pay regardless of the number of:

      a. Insureds; or

      b. Claims made or "suits" brought.

   2. The Bodily Injury by Accident Limit is the most we will pay for all damages under this insurance

because of "bodily injury by accident" to one or more "employees" in any one accident.

3. The Bodily Injury by Disease-Aggregate Limit is the most we will pay for all damages under this insurance arising out of "bodily injury by disease" regardless of the number of "employees" who sustain "bodily injury by disease."

4. Subject to (c.) above, the Bodily Injury by Disease-Each Employee Limit is the most we will pay for all damages because of "bodily injury by disease" to any one "employee."

The Limits of Insurance of this Additional Coverage apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

6. **The following condition is added to SECTION IV - CONDITIONS and applies only to This Additional Coverage:**

During the term of this insurance, you must either be a qualified self-insurer approved by the Ohio Bureau of Workers' Compensation or maintain full workers' compensation insurance coverage in the Ohio Workers' Compensation State Fund.

7. **As respects this Additional Coverage, SECTION IV. 5. is replaced by the following:**

5. **Other Insurance.**

If other valid and collectible insurance is available to you for a loss we cover under this Additional Coverage, our obligations are limited as follows:

a. If all the other insurance permits contributions by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

b. If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ration of its applicable limits of insurance to the total applicable limits of insurance of all insurers.

8. **The following definitions are added to SECTION V - DEFINITIONS:**

a. "Bodily injury by accident" means physical injury that is sustained by a person, including death resulting therefrom and that is caused by an accident. "Bodily injury by accident" does not include sickness or disease unless the sickness or disease results directly from such physical injury.

b. "Bodily injury by disease" means sickness or disease sustained by a person, including death resulting from either of these. "Bodily injury by disease" does not include sickness or disease that results directly from a "bodily injury by accident."

9. **For This Additional Coverage only, Paragraph 4. "Coverage Territory" of SECTION V - DEFINITIONS is replaced by the following:**

"Coverage territory" means:

a. The United States of America (including its territories and possessions), Puerto Rico and Canada; or

b. All parts of the world if:

(1) The injured "employee" is a citizen or resident of the United States of America or Canada but is away from the territory described in a. above for a short time on your business; and

(2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in a. above.

Policy Number:

# International Liability Coverage Endorsement
EXTENSION OF COVERAGE

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ CAREFULLY.**

This endorsement modifies insurance provided under the following:

LIABILITY COVERAGE PART.

1. Paragraph 4 of SECTION V. Definitions is replaced with the following:

   4. "Coverage Territory" means:

      a. Anywhere in the world except for countries where there are existing United States governmental embargoes or sanctions prohibiting the transaction of business with or within these countries; and

      b. International waters or air space only during the travel or transportation between any of the above places.

      Transaction of business includes but is not limited to our ability to conduct claim investigations.

2. The following is added to SECTION I. A. 1. a. for this Coverage Extension:

   However, if we are prevented by law or other reasons from investigating or defending any claim or "suit" made or brought for covered injury or damage against you, you agree to take whatever steps are necessary to promptly and properly investigate and defend it. Such investigation and defense may be made by or for you, but they must be done under our supervision and we must authorize any settlement before it is made. In addition, we agree to repay reasonable expense you incur for such investigation, defense or settlement, but our duty to make such payments ends when we have used up the limits of coverage that apply with the payment of judgments, settlements, or medical expenses. Any repayment we make will be in the currency of the United States of America at the rate of exchange prevailing on the date such claim or "suit" is first reported to us.

3. The following is added to SECTION III. Limits of Liability for this Coverage Extension:

   Any amount we pay for a claim or "suit" for covered injury or damage will be in the currency of the United States of America at the rate of exchange prevailing on the date such injury or damage is first reported to us.

4. The following are added to SECTION IV. Conditions for this Coverage Extension:

   **Local Compulsory Coverage**

   The coverage provided by this agreement will not act as a substitute for any compulsory local insurance. You agree that you will maintain all compulsory insurance in full force and effect at limits required by law. If you fail to comply with compulsory insurance requirements, we will only be liable to the same extent as if you had complied with the compulsory insurance requirements.

   **Our Responsibility**

   It is understood that we are not an admitted or authorized insurer outside the United States of America, its territories and possessions, Puerto Rico, and Canada. We assume no responsibility for the furnishing of certificates of insurance, or for compliance in any way with the laws of other countries relating to liability insurance.

   **Duty to Indemnify**

   We will indemnify you when we are prevented by law or other reasons from paying amounts you are legally required to pay as damages for covered injury or damage.

   **Other Insurance**

   If there is other valid and collectible insurance for injury or damage covered by this agreement, this agreement will not apply to the extent that the other insurance, whether on a primary, excess, or contingent basis, is available to you.

   All other terms of your policy remain the same.

CL/BF 21 17 04 99

Page 1 of 1