**08 C 86**

JUDGE KENNELLY
MAGISTRATE JUDGE BRO

# EXHIBIT A

## Part 9 of 14

Policy Number:

# Commercial Umbrella Liability Coverage Form

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Coverage Part the words "you," "your" and "Named Insured" refer to the Named Insured shown in the Declarations, and to any other person or organization which qualifies as a Named Insured under this Coverage Part. The words "we," "us" and "our" refer to the Company providing this insurance.

The word "insured" refers to any person or organization which qualifies as an insured under WHO IS AN INSURED (SECTION III).

Other words and phrases which appear in quotation marks have special meaning. Refer to DEFINITION (SECTION VI).

## SECTION I - COVERAGE

1.  **Insuring Agreement.**

    a.  We will pay on behalf of the insured all sums in excess of the "retained limit" which the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under DEFENSE AND SUPPLEMENTARY PAYMENTS (SECTION II).

    b.  This insurance only applies to:

        1)  "Bodily injury" or "property damage":

            a)  Occurring during the policy period; and

            b)  Caused by an "incident" that takes place in the "coverage territory";

        2)  "Personal injury" caused by an "incident":

            a)  Committed in the "coverage territory" during the policy period; and

            b)  Arising out of your business, other than advertising, broadcasting, publishing or

telecasting done by or for you; and

        3)  "Advertising injury" caused by an "incident":

            a)  Committed in the "coverage territory" during the policy period; and

            b)  Committed in the course of advertising your goods, products or services.

    c.  The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION IV).

2.  **Exclusions.**

    This insurance does not apply to:

    a.  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

        This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b.  "Injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

        This exclusion does not apply:

        1)  If insurance for such "injury" is provided by "underlying insurance," however, coverage for such "injury" is subject to the same limitations as the "underlying insurance"; or

        2)  To liability for damages that the insured would have in the absence of the contract or agreement.

    c.  Any obligation of the insured under any of the following laws:

        1)  Any workers compensation, disability benefits or unemployment compensation law or any similar law;

        2)  Any automobile no-fault, uninsured motorists

or underinsured motorists law or any similar law; or

**3)** Employee Retirement Income Security Act of 1974 as now or hereafter amended.

**d.** Any obligation to reimburse an insurer as provided by the terms of the Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 or under the terms of any similar endorsement required by federal or state statute.

**e. 1)** "Injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants"; or

**2)** Any loss, cost or expense arising out of any:

**a)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**b)** Claim or "suit" by or on behalf of any person, organization or governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

Paragraph 1) of this exclusion does not apply if insurance for such "injury" is provided by "underlying insurance," however, coverage for such "injury" is subject to the same limitations as the "underlying insurance."

**f. 1)** "Injury" arising out of the actual, alleged or threatened exposure to asbestos; or

**2)** Any loss, cost or expense arising out of any:

**a)** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, or in an way

respond to, or assess the effects of asbestos; or

**b)** Claim or "suit" by or on behalf of any person, organization or governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, or in any way responding to, or assessing the effects of asbestos.

**g.** "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, operation, loading or unloading, or entrustment to others of any aircraft owned or operated by, or rented or loaned to any insured.

This exclusion does not apply to an aircraft chartered with crew by you or on your behalf.

**h.** "Bodily injury" or "property damage" arising out of the ownership, maintenance, use, operation, loading or unloading, or entrustment to others of any watercraft owned or operated by, or rented or loaned to any insured.

This exclusion does not apply if insurance for such "bodily injury" or "property damage" is provided by "underlying insurance," however, coverage for such "bodily injury" or "property damage" is subject to the same limitations as the "underlying insurance."

**i.** "Bodily injury" or "property damage" because of war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**j.** "Property damage" to:

**1)** Property you own;

**2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

**3)** That particular part of any property the must be restored, repaired or replaced because

"your work" was incorrectly performed on it; or

4) Aircraft or watercraft rented, loaned or chartered to, used by, or in the care, custody or control of any insured.

Paragraph 2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraph 3) of this exclusion does not apply to:

1) Liability assumed under a sidetrack agreement; or

2) "Property damage" included in the "products-completed operations hazard."

k. "Property damage" to premises rented or leased to you.

l. "Property damage" to "your product" arising out of it or any part of it.

m. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

n. "Property damage" to "impaired property" or property that has not been physically injured arising out of.

1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

o. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

1) "Your product";

2) "Your work"; or

3) "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

p. "Advertising injury" or "personal injury":

1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period; or

3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

q. "Advertising injury" arising out of:

1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

2) The failure of goods, products or services to conform with advertised quality or performance;

3) Incorrect description of any goods, products or services;

4) A mistake in the advertised price of any goods, products or services; or

5) An offense committed by an insured whose

business is advertising, broadcasting, publishing or telecasting.

# SECTION II - DEFENSE AND SUPPLEMENTARY PAYMENTS

**1. Defense.**

    **a.** We will have the right and duty to defend the insured against any "suit" seeking damages to which this insurance applies when:

        **1)** The "injury" is not covered by "underlying insurance" nor by any other insurance, or

        **2)** The applicable limits of insurance of the "underlying insurance" and the applicable limits of insurance of any other insurance have been used up by payment of judgments or settlements.

    We have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.

    When we have the duty to defend, we will pay all expenses we incur once our duty to defend begins. We will pay our expenses in addition to the applicable limit of insurance of this Coverage Part, subject to the provisions of paragraph I.d. below.

    **b.** We have no duty to defend the insured against any "suit":

        **1)** For which any other insurer is obligated to provide a defense;

        **2)** For which "underlying insurance" or any other insurance is unavailable or uncollectible because of:

            **a)** Bankruptcy or insolvency of the "underlying insurer" or any other insurer; or

            **b)** Inability or failure of the "underlying insurer" or any other insurer to comply with any of its obligations under the

"underlying insurance" or other insurance; or

        **3)** For which "underlying insurance" is unavailable or uncollectible because you failed to maintain the "underlying insurance" in accordance with the Maintenance of Underlying Insurance condition under CONDITIONS (SECTION V).

    When we have no duty to defend, we will, at our discretion, have the right to participate in defending the insured against any "suit" seeking damages to which this insurance applies.

    If we exercise our right to defend when we have no duty to defend, we will do so at our expense. We will pay our expenses in addition to the applicable limit of insurance of this Coverage Part, subject to the provisions of paragraph 1. d. below.

    **c.** If we provide a defense, we may, at our discretion, investigate any "incident" and settle, within the applicable amount of insurance available, any claim or "suit" that may result. You will promptly reimburse us if we pay an amount that is within the "retained limit."

    **d.** Our right and duty to defend end when we have used up the applicable limit of insurance of this Coverage Part in the payment of judgments or settlements, as provided under LIMITS OF INSURANCE (SECTION IV). This applies both to claims and "suits" pending at that time and those filed after that time.

    **e.** When we have the duty to defend, but are prevented by law or otherwise from performing that duty, the insured shall make or arrange for any necessary investigation or defense. The insured shall make any settlement we agree to in writing. We will reimburse the insured for any expenses incurred with our prior written consent.

**2. Transfer Of Duties When A Limit Of Insurance Has Been Used Up.**

    **a.** If we conclude that, based upon "incidents,"

claims or "suits" which have been reported to us and to which this insurance applies, the applicable limit of insurance of this Coverage Part is likely to be used up by payment of judgments or settlements, we will notify the first Named Insured in writing.

**b.** When the applicable limit of insurance of this Coverage Part has been used up by payment of judgments or settlements:

  **1)** We will notify the first Named Insured as soon as practicable, in writing, that:

    **a)** Such a limit of insurance has been used up; and

    **b)** Our duty to defend the insured against "suits" seeking damages which are subject to that limit of insurance has ended.

  **2)** We will initiate, and cooperate in, the transfer of control to any appropriate insured of all claims or "suits" seeking damages which are subject to that limit of insurance and which are reported to us before that limit of insurance is used up. That insured must cooperate in the transfer of control of those claims or "suits."

  We will take those steps we deem appropriate to avoid a default in, or continue defending the insured against, those "suits" until the transfer of control is completed, provided the appropriate insured cooperates in completing the transfer.

  We will take no action with respect to any claim or "suit" seeking damages that would have been subject to the applicable limit of insurance of this Coverage Part, had it not been used up, if the claim or "suit" is reported to us after that limit of insurance has been used up.

  **3)** The first Named Insured and any other insured involved in a "suit" seeking damages that would have been subject to the

applicable limit of insurance of this Coverage Part shall arrange for defense of that "suit" within the time period agreed to by the appropriate insured and us. In the absence of such an agreement, arrangements for defense must be made as soon as practicable.

**c.** The first Named Insured will reimburse us for expenses we incur in taking those steps we deem appropriate in accordance with paragraph 2. b. 2) above.

The first Named Insured's duty to reimburse us will be in on:

  **1)** The date on which the applicable limit of insurance of this Coverage Part is used up, if we sent notice in accordance with paragraph 2. a. above; or

  **2)** The date on which we sent notice in accordance with paragraph 2. b. 1) above, if we failed to send notice in accordance with paragraph 2. a. above.

**d.** The exhaustion of any limit of insurance of this Coverage Part by payment of judgments or settlements, and the resulting end of our duty to defend, shall not be affected by our failure to comply with any part of this paragraph 2.

**3. Supplementary Payments.**

If we provide a defense, we will pay:

**a.** All expenses we incur.

**b.** The cost of bonds to appeal a judgment or award in any "suit" against an insured we defend.

**c.** Up to $250 for the cost of bail bonds required because of accidents or traffic violations arising out of the use of any vehicle to which liability coverage for "bodily injury" provided by this insurance applies. We do not have to furnish those bonds.

**d.** The cost of bonds to release attachments, but only for bond amounts within the amount of

insurance available. We do not have to furnish those bonds.

e. All reasonable expenses incurred by the insured at our request to assist us in investigation of the claim or in defending the insured against the "suit," including actual loss of earnings up to $100 per day because of time off from work.

f. All costs taxed against the insured in the "suit."

g. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance or the amount of insurance available, we will not pay any prejudgment interest based on that period of time after the offer.

h. All interest on that part of any judgment we become obligated to pay that accrues after entry of the judgment and before we pay, offer to pay, or deposit in court that part of the judgment that is within the amount of insurance available.

These payments will not reduce the Limits of Insurance.

# SECTION III - WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your partners, your members, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will

qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage does not apply to "bodily injury or "property damage" that occurred before you acquired or formed the organization; and

   b. Coverage does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

3. Each of the following is also an insured:

   a. Your employees, but only for acts within the scope of their employment by you. Your employees do not include your executive officers if you are an organization other than a partnership or joint venture. However, no employee is an insured for:

      1) "Bodily injury" or "personal injury" to you;

      2) "Bodily injury" or "personal injury" to your partners or members, if you are a partnership or joint venture;

      3) "Bodily injury" or "personal injury" to a co-employee while in the course of his or her employment, or to the spouse, child, parent, brother or sister of that co-employee as a consequence of such "bodily injury" or "personal injury," or for any obligation to share damages with or repay someone else who must pay damages because of the injury;

      4) "Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional health care services;

      5) "Bodily injury" or "property damage" arising out of the use of an "auto" owned by that employee; or

      6) "Property damage" to property owned or occupied by, or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).

b. Any person (other than your employee) or organization while acting as your real estate manager.

c. Any person or organization having proper temporary custody of your property if you die, but only:

1) With respect to liability arising out of the maintenance or use of that property; and

2) Until your legal representative has been appointed.

d. Your legal representative if you die, but only with respect to duties as your legal representative. That representative will have all your rights and duties under this Coverage Part.

e. With respect to aircraft chartered with crew by you or on your behalf:

1) Any person while using the aircraft with your permission; or

2) Any person liable for the conduct of an insured described in 1) above, but only with respect to that liability.

None of the following is an insured:

1) The owner or crew of the aircraft, or any other person operating the aircraft; or

2) Any person or organization in the business of:

a) Making, selling, servicing or repairing aircraft or aircraft parts or accessories; or

b) Operating an airport or hangar.

f. Any person or organization not described in paragraphs 3.a., 3.b., 3.c., 3.d. or 3.e. above which qualifies as an insured in any "underlying insurance." However, that person or organization is an insured only for damages:

1) Which are covered by this insurance; and

2) Which are covered by the "underlying insurance" or would be covered had its applicable limit of insurance not been used up.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

## SECTION IV - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below establish the most we will pay under the terms of this insurance, regardless of the number of:

a. Insureds;

b. Claims made or "suits" brought; or

c. Persons or organizations making claims or bringing "suits."

2. The General Aggregate Limit is the most we will pay for all damages, other than damages because of "bodily injury" or "property damage":

a. Included in the "products-completed operations hazard"; or

b. Arising out of the ownership, maintenance, use, operation, loading or unloading, or entrustment to others of an "auto."

3. The Products-Completed Operations Aggregate Limit is the most we will pay for all damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard."

4. Subject to 2. or 3. above, whichever applies, the Each Incident Limit is the most we will pay for all damages because of "injury" arising out of any one "incident."

5. If the applicable aggregate limit of insurance of the "underlying insurance" is reduced by the payment of judgments or settlements, this insurance will, subject to the applicable amount of insurance available under this Coverage Part, apply in excess of the reduced aggregate limit insurance of the "underlying insurance."

Case 1:08-cv-00862 Document 2-10 Filed 02/08/2008 Page 9 of 14

6. If the applicable aggregate limit of insurance of the "underlying insurance" is used up by the payment of judgments or settlements, this insurance will apply in place of the "underlying insurance," subject to:

   a. The terms and conditions of the "underlying insurance"; and

   b. The applicable amount of insurance available under this Coverage Part.

7. The Limits of Insurance of this Coverage Part apply separately to each annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations. If the policy period is extended after issuance for an additional period of less than 12 months, then that additional period will be considered part of the last preceding annual period for purposes of determining the Limits of Insurance.

## SECTION V - CONDITIONS

### 1. Appeals.

In the event the insured or any other insurer elects not to appeal a judgment in excess of the "retained limit," we may elect to do so at our expense. If we elect to make such an appeal, we will pay, in addition to the applicable limit of insurance of this Coverage Part, all costs and interest incidental to the appeal.

### 2. Bankruptcy.

   a. Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

   b. In the event of bankruptcy or insolvency of any "underlying insurer" or any other insurer, this Coverage Part shall apply as if the "underlying insurance" or other insurance is valid and collectible.

### 3. Duties In The Event Of Incident, Claim Or Suit.

   a. You must see to it that we are notified a soon as practicable of an "incident" which may result in a claim to which this Coverage Part applies. To the extent possible, notice should include:

   1) How, when and where the "incident" took place;

   2) The names and addresses of any injured persons and witnesses; and

   3) The nature and location of any injury or damage arising out of the "incident."

   b. If a claim is made or "suit" is brought against an insured, you must:

   1) Promptly record the specifics of the claim or "suit" and the date received; and

   2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

   1) Promptly send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   2) Authorize us to obtain records and other information;

   3) Cooperate with us in the investigation or settlement of the claim, or in the defense against the "suit";

   4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this Coverage Part may also apply; and

   5) Notify us promptly of any judgment or settlement of any claim or "suit" brought against any insured.

   d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

### 4. Legal Action Against Us.

No person or organization has a right under this

Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured, but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

**5. Maintenance Of Underlying Insurance.**

a. You agree to maintain the "underlying insurance" in full force and effect during the policy period of this policy, and to inform us within 30 days of any replacement of that "underlying insurance" by the same or another insurer.

Reduction or exhaustion of the aggregate limit of insurance of any "underlying insurance" by payment of judgments or settlements will not be a failure to maintain "underlying insurance" in full force and effect.

b. You must notify us promptly:

1) Of any changes to the "underlying insurance." We may adjust our premium accordingly from the effective date of the change to the "underlying insurance."

2) If any "underlying insurance" is cancelled or not renewed and you do not replace it.

c. If you fail to maintain the "underlying insurance," this Coverage Part will respond as if the "underlying insurance" is valid and collectible.

**6. Other Insurance.**

This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or on any other basis, except other insurance written specifically to be excess over this

insurance.

The other insurance will be deemed valid and collectible regardless of any defense asserted by any other insurer because of the insured's failure to comply with the terms of that other insurance.

**7. Premium Audit.**

a. The premium for this Coverage Part is a flat premium and is not subject to adjustment unless otherwise indicated in the Declarations.

b. If the premium for this Coverage Part is subject to adjustment, the advance premium shown in the Declarations is a deposit premium only. The advance premium is based on the estimated exposure for the policy period as shown in the Declarations. At the end of the policy period we will compute the earned premium based on actual exposures for the policy period. Audit premiums are due and payable upon notice to the first Named Insured. If the earned premium exceeds the sum of the advance premium and any other premium payments made during the policy period, the first Named Insured will pay us the additional premium. If the earned premium is less than the sum of the advance premium and any other premium payments made during the policy period, we will return the unearned portion to the first Named Insured, subject to retention of the minimum premium shown in the Declarations.

c. If the aggregate limits of insurance of this Coverage Part are used up prior to the end of the policy period, the premium is fully earned.

d. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

**8. Representations.**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. Those statements are based upon

representations you made to us; and

    c.   We have issued this policy in reliance upon your representations.

## 9.  Separation Of Insureds.

Except with respect to the Limits of Insurance and any rights or duties specifically assigned to the first Named Insured, this Coverage Part applies:

    a.  As if each Named Insured were the only Named Insured; and

    b.  Separately to each insured against whom claim is made or "suit" is brought.

## 10.  Transfer Of Rights Of Recovery Against Others To Us.

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair those rights. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce those rights.

## 11.  When We Do Not Renew.

If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

# SECTION VI - DEFINITIONS

1.  "Advertising injury" means injury arising out of:

    a.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    b.  Oral or written publication of material that violates a person's right of privacy;

    c.  Misappropriation of advertising ideas or style of

doing business; or

    d.  Infringement of copyright, title or slogan.

2.  "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. "Auto" does not include "mobile equipment."

3.  "Bodily injury" means bodily injury, sickness, disease, disability, humiliation, shock, mental anguish or mental injury, including care, loss of services or death resulting from any of these.

4.  "Coverage territory" means anywhere in the world.

5.  "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    a.  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.  You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    a.  The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.  Your fulfilling the terms of the contract or agreement.

6.  "Incident" means:

    a.  An accident, including continuous or repeated exposure to the same general harmful conditions, that results in "bodily injury" or "property damage."

       All damages arising from continuous or repeated exposure to the same general harmful conditions shall be deemed to arise from one "incident."

    b.  An offense that results in "advertising injury."

       All damages sustained by any one person or organization and arising from exposure to the same act, publication, harmful material,

misappropriation or infringement shall be deemed to arise from one "incident" regardless of:

1) The frequency of repetition; or

2) The number or type of media used.

c. An offense that results in "personal injury."

All damages sustained by any one person or organization and arising from exposure to the same act, publication or harmful material deemed to arise from one "incident."

7. "Injury" means "bodily injury," "property damage," "advertising injury" or "personal injury."

8. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

1) Power cranes, shovels, loaders, diggers or drills; or

2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

2) Cherry pickers and similar devices used to raise or lower workers; or

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

1) Equipment designed primarily for:

a) Snow removal;

b) Road maintenance, but not construction or resurfacing; or

c) Street cleaning;

2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

9. "Personal injury" means injury, other than "bodily injury" arising out of:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, if done by or on behalf of its owner landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

Case 1:08-cv-00862 Document 2-10 Filed 02/08/2008 Page 13 of 14

10. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

11. a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   1) Products that are still in your physical possession; or

   2) Work that has not yet been completed or abandoned.

   b. "Your work" will be deemed completed at the earliest of the following times:

   1) When all of the work called for in your contract has been completed.

   2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

   3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   c. This hazard does not include "bodily injury" or "property damage" arising out of:

   1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it; or

   2) The existence of tools, uninstalled equipment, or abandoned or unused materials.

12. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property (all such loss of use shall be deemed to occur at the time of the physical injury that caused it); or

   b. Loss of use of tangible property that is not physically injured (all such loss of use shall be deemed to occur at the time of the "incident" that caused it).

13. "Retained limit" means the applicable limits of insurance of all "underlying insurance" plus the applicable limits of any other insurance, if the "underlying insurance" or any other insurance applies to the "injury."

14. "Suit" means a civil proceeding in which damages because of "injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent;

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent; or

   c. An appeal of a civil proceeding.

15. "Underlying insurance" means the liability insurance provided under policies shown in the Schedule of Underlying Insurance, for the limits of insurance and policy periods indicated. "Underlying insurance" includes any policies issued to replace those policies during the policy period of this Coverage Part that provide:

   a. At least the same limits of insurance; and

   b. Liability insurance for the same hazards insured against, except those changes we agree to in writing.

16. "Underlying insurer" means any insurer which issues a policy of "underlying insurance."

17. "Your product" means:

   **a.** Any goods or products (other than real property) manufactured, sold, handled, distributed or disposed of by:

      **1)** You;

      **2)** Others trading under your name; or

      **3)** A person or organization whose business or assets you have acquired; and

   **b.** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

   **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

   **b.** The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

18. "Your work" means:

   **a.** Work or operations performed by you or on your behalf; and

   **b.** Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

   **a.** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

   **b.** The providing of or failure to provide warnings or instructions.