IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

         Plaintiff,

   v.

VOA ASSOCIATES INC., LIBERTY
INTERNATIONAL UNDERWRITERS,
MICHAEL J.MADDEN and JEAN
MADDEN,

         Defendants.

Case No. 08 C 0862

Judge Kennelly

**APPENDIX OF EXHIBITS
IN SUPPORT OF VOA ASSOCIATES, INC.'S
MOTION FOR SUMMARY JUDGMENT
VOLUME II**

**Exhibit No.**  **Document**

| | |
|---|---|
| 2 | Summons on VOA Associates, Inc. and Third Amended Complaint |
| 3 | **REDACTED** |
| 4 | **REDACTED** |
| 5 | **REDACTED** |
| 6 | **REDACTED** |
| 7 | **REDACTED** |
| 8 | **REDACTED** |
| 9 | **REDACTED** |
| 10 | May 2005 ROR Letter Produced by Beranek |
| 11 | Affidavit of Michael Toolis |
| 12 | Deposition of Iris Robinson |
| 13 | Fourth Amended Complaint |
| 14 | **REDACTED** |
| 15 | Demand Letter |
| 16 | June 5, 2007 Letter |
| 17 | **REDACTED** |

CH1 6319816.1

# EXHIBIT 2

| | | |
|---|---|---|
| 2120-Served | 2121-Served | |
| 2220-Not Served | 2221-Not Served | |
| 2320-Served by Mail | 2320-Served by Mail | |
| 2420-Served by Publication | 2420-Served by Publication | |
| SUMMONS | ALIAS SUMMONS | 2-81) CCG-1 |

STATE OF ILLINOIS )
　　　　　　　　　　) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MICHAEL J. MADDEN and JEAN MADDEN, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiffs, )NO. 03 L 000433
　　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)PLEASE SERVE:
F.H. PASCHEN, S.N. NIELSON, INC., )VOA ASSOCIATES INCORPORATED
JACOBS FACILITIES, INC.,CLIFFS AND )C/O Registered Agent, Lora Martyn
CABLES, LLC and VOA & ASSOCIATES, )224 S. Michigan Ave., Suite 1400
　　　　　　　　　　　　　　　　　　　　)Chicago, IL. 60604
　　　　　　　　　　　Defendants. )

**SUMMONS**

To each defendant:

　　　YOU ARE SUMMONED and required to file an answer in this case, or
otherwise file your appearance in the office of the clerk of this court
(located in the Richard J. Daley Center, Room 801, Chicago, Illinois
60602), within 30 days after service of this summons, not counting the
day of service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE
TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH
IS HERETO ATTACHED.

To the officer:
　　　This summons must be returned by the officer or other person to whom it was given for service,
with indorsement of service and fees, if any, immediately after service. If service cannot be made,
this summons shall be returned to indorsed.  This summons may not be served later than 30 days after
its date.

AUG 19 2004

WITNESS_____, 20____

Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service:____8·26·04____
(To be inserted by officer on copy left with   defendant or other person) COURT

SEAL

Atty No. 36573
Name:  HARMAN, FEDICK & O'CONNOR, LTD.
Attorney for Plaintiff
Address:  222 North LaSalle Street
City:  Chicago, Illinois  60601
Telephone:  (312) 263-6452
　　　DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY
Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served by Mail | 2320-Served by Mail |
| 2420-Served by Publication | 2420-Served by Publication |
| SUMMONS | ALIAS SUMMONS | 2-81) CCG-1 |

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MICHAEL J. MADDEN and JEAN MADDEN, )
                                   )
                    Plaintiffs,    )NO. 03 L 000433
                                   )
          vs.                      )
                                   )**PLEASE SERVE:**
F.H. PASCHEN, S.N. NIELSON, INC., )VOA ASSOCIATES INCORPORATED
JACOBS FACILITIES, INC.,CLIFFS AND )C/O Registered Agent, Lora Martyn
CABLES, LLC and VOA & ASSOCIATES, )224 S. Michigan Ave., Suite 1400
                                   )Chicago, IL. 60604
                    Defendants.    )

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer in this case, or
otherwise file your appearance in the office of the clerk of this court
(located in the Richard J. Daley Center, Room 801, Chicago, Illinois
60602), within 30 days after service of this summons, not counting the
day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE
TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH
IS HERETO ATTACHED.**

To the officer:
    This summons must be returned by the officer or other person to whom it was given for service,
with indorsement of service and fees, if any, immediately after service. If service cannot be made,
this summons shall be returned to indorsed. This summons may not be served later than 30 days after
its date.

                              WITNESS_____  AUG 19 2004
                                                          _____, 20____
                                                          DOROTHY BROWN
                                        Clerk of Court    CLERK OF CIRCUIT COURT
                                        8·26·04
                         Date of service:_____
            (To be inserted by officer on copy left with   defendant or other person)

Atty No. 36573
Name: HARMAN, FEDICK & O'CONNOR, LTD.
Attorney for Plaintiff
Address: 222 North LaSalle Street
City: Chicago, Illinois  60601
Telephone: (312) 263-6452
     DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY
Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

STATE OF ILLINOIS )
                  )   SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MICHAEL J. MADDEN and JEAN MADDEN, )
                                   )
                Plaintiffs,        )
                                   )
         vs.                       )   NO. 03 L 000433
                                   )
F.H. PASCHEN, S.N. NIELSON, INC.,  )
JACOBS FACILITIES, INC., CLIFFS AND )
CABLES, LLC and VOA & ASSOCIATES,  )
                                   )
                Defendants.        )

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

**COUNT I**
**NEGLIGENCE- F.H. PASCHEN, S.N. NIELSON, INC.**

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDCIK & O'CONNOR, LTD. and complaining of the defendant, F.H. PASCHEN, S.N. NIELSON, INC., (hereinafter referred to as "PASCHEN"), states as follows:

1.    That on or about and before August 19, 2002, the defendant, PASCHEN, was a general contractor, who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at Amos Alonzo Stagg High School District 230, 8015 West 111th Street, in the City of Palos Hills, County of Cook, and State of Illinois.

2.    That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a

portion of the aforementioned certain orchestra pit and/or hole.

3. That at the aforementioned time and place, there was in force and effect a contract between the defendant, PASCHEN, and Amos Alonzo Stagg High School District 230.

4. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work,

2

ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

5.   That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

6. That at all times herein relevant, the defendant, PASCHEN, had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

7.   That notwithstanding said duty, the defendant, PASCHEN, was then and there guilty of one or more of the following negligent acts or omissions:

> (a)  Placed the opening/pit in the floor in a location which created a danger for persons in the area;
>
> (b)  Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;
>
> (c)  Failed to erect warning signs, barricades, or block off said area;
>
> (d)  Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;
>
> (e)  Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

3

(f)  Failed to take adequate measures to prevent people from falling into the pit;

(g)  Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

(i)  Failed to provide the Plaintiff with a safe work area.

(j)  Failed to make a reasonable inspection of the premises.

8. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

9.  That as a proximate result of the conduct of the defendant, PASCHEN, as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, PASCHEN, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

4

## COUNT II

### LOSS OF CONSORTIUM- F.H. PASCHEN, S.N. NIELSON, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, F.H. PASCHEN, S.N. NIELSON, INC., states as follows:

1.   That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 9 of Count I as and for her paragraphs 1 through 9 in Count II.

10.   That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, F.H. PASCHEN, S.N. NIELSON, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

## COUNT III

### NEGLIGENCE- JACOBS FACILITIES

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, JACOBS FACILITIES, INC., alleges as follows:

1. That on or about and before August 19, 2002, the defendant, JACOBS FACILITIES, INC., who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or

painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on or about and before August 19, 2002, the defendant, JACOBS FACILITIES, INC., served as the project manager and/or construction manager for the work at and near the orchestra pit and/or hole in the stage located at the aforementioned location.

3. That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, JACOBS FACILITIES, INC. and Amos Alonzo Stagg High School District 230.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and

6

materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6. That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, JACOBS FACILITIES, INC., had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

8. That notwithstanding said duty, the defendant, JACOBS FACILITIES, INC., was then and there guilty of one or more of the following negligent acts or omissions:

7

persons in the area;

(a)  Placed the opening/pit in the floor in a location which created a danger for persons in the area;

(b)  Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;

(c)  Failed to erect warning signs, barricades, or block off said area;

(d)  Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(e)  Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(f)  Failed to take adequate measures to prevent people from falling into the pit;

(g)  Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

(i)  Failed to provide the Plaintiff with a safe work area.

(j)  Failed to make a reasonable inspection of the premises.

9. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10. That as a proximate result of the conduct of the defendant, JACOBS FACILITIES, INC., as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which

time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, JACOBS FACILITIES, INC. , in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

### COUNT IV

### LOSS OF CONSORTIUM- JACOBS FACILITIES, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, JACOBS FACILITIES, INC., states as follows:

1. That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count III as and for her paragraphs 1 through 10 in Count IV.

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, JACOBS FACILITIES, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

9

## COUNT V

### NEGLIGENCE- CLIFFS AND CABLES, LLC.

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, CLIFFS AND CABLES, LLC., alleges as follows:

1. That on or about and before August 19, 2002, the defendant, CLIFFS AND CABLES, LLC., who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on or about and before August 19, 2002, the defendant, CLIFFS & CABLES, LLC., served as a sub-contractor for the work at and near the orchestra pit and/or hole in the stage located at the aforementioned location.

3. That on or about August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, CLIFFS AND CABLES, LLC. and Amos Alonzo Stagg High School District 230.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection,

10

construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration. In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6.   That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and

11

employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, CLIFFS AND CABLES, LLC., had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

8. That notwithstanding said duty, the defendant, CLIFFS AND CABLES, LLC., was then and there guilty of one or more of the following negligent acts or omissions:

(a) Placed the opening/pit in the floor in a location which created a danger for persons in the area;

(b) Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;

(c) Failed to erect warning signs, barricades, or block off said area;

(d) Failed to warn of the opening/pit in the floor;

(e) Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(f) Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(g) Failed to take adequate measures to prevent people from falling into the pit;

(h) Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(i) Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

12

    (j)  Failed to provide the Plaintiff with a safe work area.

    (k)  Failed to make a reasonable inspection of the premises.

9. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10. That as a proximate result of the conduct of the defendant, CLIFFS AND CABLES, LLC., as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment against the defendant, CLIFFS AND CABLES, LLC. , in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT VI

## LOSS OF CONSORTIUM- CLIFFS & CABLES, LLC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her

13

attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, CLIFFS & CABLES, LLC., states as follows:

1. That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count V as and for her paragraphs 1 through 10 in Count VI.

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, CLIFFS & CABLES, LLC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

## COUNT VII

### NEGLIGENCE- VOA & ASSOCIATES

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant, VOA & ASSOCIATES, alleges as follows:

1. That on or about and before August 19, 2002, the defendant, VOA & ASSOCIATES, who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at the aforementioned location.

2. That on and before August 19, 2002, Defendant, VOA & ASSOCIATES, through its various agents, employees and servants, served as the architect for a Performing Arts Theater at the

14

aforementioned location.

3. That on or approximately August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole.

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, VOA & ASSOCIATES and Amos Alonzo Stagg High School District 230.

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration.  In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason. Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and

15

control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits.

6. That at the aforesaid time and place, and prior thereto, the defendant, individually and through agents, servants and employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7. That at all times herein relevant, the defendant, VOA & ASSOCIATES, had a duty to exercise reasonable care for the safety of workers lawfully upon the premises.

8. That notwithstanding said duty, the defendant, VOA & ASSOCIATES, was then and there guilty of one or more of the following negligent acts or omissions:

> (a)  Placed the opening/pit in the floor in a location which created a danger for persons in the area;
>
> (b)  Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;
>
> (c)  Failed to erect warning signs, barricades, or block

16

off said area;

(d) Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(e) Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(f) Failed to take adequate measures to prevent people from falling into the pit;

(g) Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h) Failed to have an adequate policy to correct, maintain, prevent the aforementioned.

(i) Failed to make a reasonable inspection of the premises.

9. That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10. That as a proximate result of the conduct of the defendant, VOA & ASSOCIATES, as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise, both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time he suffered or will suffer great pain and was hindered and prevented from attending to his business and affairs, and thereby sustained the loss of divers earnings, gains or profits; and plaintiff was or will be thereby compelled to pay out, expend and become liable for divers large sums of money in and about endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment

17

against the defendant, VOA & ASSOCIATES, in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT VIII

### LOSS OF CONSORTIUM - VOA & ASSOCIATES

NOW COMES the plaintiff, JEAN MADDEN, by and through her attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, VOA & ASSOCIATES, states as follows:

1. That the plaintiff, JEAN MADDEN, realleges and incorporates paragraphs 1 through 10 of Count VII as and for her paragraphs 1 through 10 in Count VIII.

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, VOA & ASSOCIATES, in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

HARMAN, FEDICK & O'CONNOR, LTD.

BY: _____

KEVIN W. O'CONNOR

HARMAN, FEDICK & O'CONNOR, LTD. #36573
Attorneys for Plaintiff
222 North LaSalle Street, Suite 430
Chicago, Illinois  60601
(312) 263-6452

18

# EXHIBIT 3

# REDACTED

# EXHIBIT 4

# REDACTED

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

# REDACTED

# EXHIBIT 7

# REDACTED

# EXHIBIT 8

# REDACTED

# EXHIBIT 9

# REDACTED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND<br>GUARANTY COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>VOA ASSOCIATES INC., LIBERTY<br>INTERNATIONAL UNDERWRITERS,<br>MICHAEL J.MADDEN and JEAN<br>MADDEN,<br><br>        Defendants. | Case No. 08 C 0862<br><br>Judge Kennelly<br>Magistrate Judge Brown |

## REDACTED AFFIDAVIT OF PAUL HANSEN

I, Paul Hansen, being first duly sworn on oath, deposes and states as follows:

1.      I have first-hand knowledge of the facts stated herein and would testify so to if called as a witness.

2.      I am a registered and licensed architect in the State of Illinois, and a Principal at the architectural firm of VOA Associates, Inc.("VOA").

3.      In June 1998, VOA contracted with Consolidated High School District 230 to provide architectural services in connection with, among other things, the design and construction of Amos Alonzo Stagg High School in Palos Hills, Illinois ("Project").

4.      I was in the Principal in Charge of the Project.  The custom and practice at VOA is that any correspondence sent to VOA identified as being related to the Project is forwarded to me as the Principal in Charge of the Project.

5.      On or about August 26, 2004, VOA was served with a Summons and Third Amended Complaint in a lawsuit entitled *Michael J. Madden and Jean Madden v. F.H. Paschen,*

*et. al.*, Case No. 03 L 000433, in the Circuit Court of Cook County, Illinois ("Madden Lawsuit"). The Third Amended Complaint alleged that on August 19, 2002, Michael Madden was an employee of Amos Alonzo Stagg High School District 230 and was injured while working when he fell into an orchestra pit and/or hole in the floor.

6.     I have reviewed the May 4, 2005 Letter from Iris Robinson at St. Paul Travelers, attached hereto as Exhibit A.  If Exhibit A had been recognized as a document related to the Project, it would have been forwarded to me.  My custom and practice upon receipt of a document like Exhibit A would be to forward it to VOA's Chief Executive Officer, Michael Toolis.

7.     I did not receive Exhibit A on or around May 4, 2005.  Prior to my deposition in this case on January 5, 2009, I had never seen Exhibit A.  I have no knowledge of anyone at VOA receiving Exhibit A on or around May 4, 2005.

8.     I did not discuss Exhibit A or its contents with anyone from USF&G at any time. I have no knowledge of any at VOA discussing Exhibit A with anyone from USF&G at any time.

9.     VOA's General Liability insurance carrier, USF&G, retained the law firm of Fratterigo, Beranek, Feiereisel & Kasbohm ("Assigned Defense Counsel") to represent the interests of VOA in the Madden Lawsuit.

10.    I was the main contact at VOA regarding the Madden Lawsuit, and the person that Assigned Defense Counsel would contact regarding substantive issues related to the Madden Lawsuit.

11.

REDACTED

12.

13.

REDACTED

14.

REDACTED

15.

Further Affiant sayeth naught.

Paul Hansen

SUBSCRIBED and SWORN to
before me this 6th day of
April 2009

Notary Public

"OFFICIAL SEAL"
ALEXANDER WEBB
Notary Public, State of Illinois
My Commission Expires 12/12/11