# EXHIBIT A



**ST PAUL TRAVELERS**

St. Paul Fire and Marine
Insurance Company
The St Paul Travelers Companies
In, MC 0554-CHIC
200 North La Salle Street
Chicago, IL 60601
Telephone: (312) 831-2713
Fax: (877) 795-9875

May 4, 2005

VOA Associates, Inc.
224 South Michigan, Suite 1400
Chicago, IL  60604

RE:   **Tracking Number:**   DF11567
      **Claimant:**          Michael Madden
      **Insured:**           Voa Associates Inc
      **Claim No.:**         BK01116165 09T001
      **Date of Loss:**      August 19, 2002

Dear Mr. Schnell:

United States Fidelity & Guaranty (herein "St. Paul Travelers") has examined the claims made against VOA Associates, Inc, (here in collectively as "VOA") in the lawsuit 03 L 000433, pending in the Circuit Court of Cook County, IL. It is St. Paul Traveler's understanding that VOA is seeking a defense and coverage for the claims made against VOA in the lawsuit. St. Paul Travelers has reviewed the allegations and other relevant information, including USF&G policy number BK01116165 effective 05/01/02 to 05/01/03 for this policy period.

Based upon a review of the allegations contained in the complaint along with analysis of applicable policy provisions, we have determined that coverage may be afforded to you for this litigation. However, St. Paul Travelers has determined that the plaintiff also seeks damages that may not be covered under the policy. As such, St. Paul Travelers agrees at this time to defend you in this lawsuit, but this defense will be provided under a complete reservation of rights as set forth below.

In order to explain the coverage issues, the St. Paul Travelers must discuss the plaintiff's allegations. We understand that these allegations are unproven facts and may be untrue, incomplete or embellished. Please note that in referring to those allegations in this letter, St. Paul Travelers does not mean to imply that any of them are true. However, St. Paul Travelers must necessarily refer to these allegations in determining any obligation it may have concerning this matter.

FC37155 Ed. 2-02

FBFK 0843
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

The plaintiff alleges that on August 19, 2002, he was injured when he fell through an opening/pit in the floor in a location which created a danger for person in the area. The plaintiff has sued VOA as agents who owned and/or was in charge of the erection, construction, repairs, alteration, removal and/ or painting of a certain orchestra pit and/ or hole. VOA failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area. VOA failed to erect warning signs, barricades, or block off the area. VOA failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area. VOA failed to take adequate measure to prevent people from falling into the pit.

The insuring agreement of the general liability policy provides:

### What This Agreement Covers

**Bodily Injury and property damage liability.**

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- Happens while this agreement is in effect; and

- is caused by an event.

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons. It includes any of the following that results at any time from such physical harm, sickness or disease:

- Mental anguish, injury, or illness
- Emotional distress
- Care, loss of services, or death.

*Event* means an accident, including continuous or repeated exposure to

The general liability policy contains the following exclusion:

### Expected or intended bodily injury or property damage.

We won't cover bodily injury or property damage that is expected or intended by the protected person. Nor will we cover medical expenses that result from such bodily injury...

Subject to the terms, conditions, exclusions and limitations of the policy, St. Paul Travelers will pay those sums that the insured becomes legally required to pay as damages because of *bodily injury* or *property damage* caused by an *event.*[1] As a result, the complaint alleges that the plaintiff fell and sustained injury.

---

[1]
St. Paul Travelers also issued an umbrella excess liability policy for the same policy period as the general liability policy that may also provide coverage for this matter. However, the umbrella policy would not come into effect until the $2 million dollar policy limit of the general liability policy is exhausted. It does not appear at this time that the umbrella policy will be implicated and therefore, we are not providing a detailed reservation of rights letter under the umbrella policy at this time. In general, however, St. Paul Travelers reserves its rights under the

FBFK 0844
PRIVILEGED-SUBJECT

umbrella policy to deny any duty to indemnify VOA for any damages that do not constitute *bodily injury* caused by an *event* as defined by the umbrella policy and are otherwise excluded by the expected or intended exclusion or the architect, engineer, or surveyor professional services exclusion endorsement contained in the umbrella policy. If you would like a more detailed letter of potential coverage under the umbrella policy or if you believe the claimed damages may exceed the $2 million primary limit, please let us know.

Since these allegations potentially constitute a claim for *bodily injury* caused by an *event* as defined by the policy, St. Paul Travelers will defend the entire complaint. However, St. Paul Travelers reserves its rights to deny any duty to indemnify VOA for any damages that are not for *bodily injury* caused by an *event* as defined by the policy or was otherwise expected or intended by the insured.

Additionally, the policy contains the following endorsement.

### ARCHITECT, ENGINEER, OR SURVEYOR PROFESSIONAL SERVICES EXCLUSION ENDORSMENT
This endorsement changes your Commercial General Liability Protection.

#### How Coverage Is Changes

The following is added to the Exclusions-What This Agreement Won't Cover section. This change excludes coverage

**Architect, engineer, or surveyor professional services.** We won't cover injury or damage or medical expenses that result from the performance of or failure to perform Architect, engineer, or surveyor professional services by or for you.

Architect, Engineer, or surveyor professional services are defined in the Contract liability exclusion and provides:

Architect, engineer, or surveyor professional services include:

- The preparation or approval of any drawing and specification, map, opinion, report, or survey, or any change order, field order, or shop drawing: and
- Any architectural, engineering, inspection or supervisory activity.

The complaint alleges that VOA failed to properly inspect the site. St. Paul Travelers reserves its right to deny any duty to indemnify VOA to the extent that VOA's liability is found to have arisen out of any architectural, engineering, inspection activity.

St. Paul Travelers has retained Fraterrigo, Beranek, Feiereisel & Kasbohm to defend VOA in this matter. We have retained Mr. Kurt Beranek because he is a skilled and experienced defense attorney. However, you should be aware that Mr. Beranek and his firm have an ongoing business relationship with St. Paul Travelers and his services will be paid for by us. You should also be aware that the facts established during the case could help to establish the defenses to coverage which we have claimed in this letter. For example, to the extent it is established that VOA's liability arises out any architectural, engineering or inspection. VOA would not be entitled to coverage under the policy.

FBFK 0845
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

Since the *complaint* involves allegations that are covered under the policy and allegations that may not be covered, representation by an attorney retained by us could be viewed as a conflict of interest. As a result, you can accept Mr. Beranek to defend VOA or you may select an attorney of your own choosing. If VOA selects its own attorney, St. Paul Travelers would agree to pay the reasonable and necessary costs of the defense provided. If you wish that VOA be represented by counsel of its choice rather than by Mr. Kurt Beranek, please notify us of that fact in writing within the next fourteen (14) days and provide us with the name and address of its chosen attorney.

As indicated above, St. Paul Travelers is undertaking this defense subject to an express reservation of its rights under the declarations, provisions, forms, endorsements, insuring agreements, definitions, terms, exclusions, and provisions of its policy, including information provided in the policy application. St. Paul Travelers reserves the right to seek an apportionment and/or recoupment of any defense/indemnity or other payments made by St. Paul Travelers and reserves its right to recover the amounts incurred in this matter from any insured or any insurer that may be liable for these costs. St. Paul Travelers further wishes to advise you that it reserves the right to allocate defense fees and costs between covered and non-covered claims.

St. Paul Travelers' position is based upon the facts that have been made available to date. St. Paul Travelers expressly reserves the right to modify its determination concerning the potential for coverage under its policy if the information developed during our investigation and monitoring of this claim warrants the modification. Please advise us of any information that you have that may affect our determination concerning coverage available under the St. Paul Travelers policies. Please also note that St. Paul Travelers expressly reserves the right to withdraw its defense, after providing proper notice, if it is determined that St. Paul Travelers could have no obligation VOA. Nothing contained in this letter should be deemed a waiver of the terms or conditions of the St. Paul Travelers policies. St. Paul Travelers expressly reserves the right to rely upon any term or condition of the contract or any other ground which may be found to limit or preclude coverage.

Please call me if you have any questions regarding this matter.

Sincerely,

USF&G
Iris Robinson
Claim Representative
Telephone: (312) 831-2713
Fax: (877) 795-9975
iris.robinson@stpaul.com

FBFK 0846
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

# EXHIBIT B



**COLLISON**



**&**

**O'CONNOR, LTD.**

E.K. COLLISON III

KEVIN W. O'CONNOR

MURIEL COLLISON

19 S. LaSalle St.   •   15TH Floor   •   Chicago, IL 60603   •   312.229.1560   •   FAX 312.332.4629

March 6, 2007

**VIA FACSIMILE (312) 782-4537**

Fraterrigo, Beranek, Feiereisel & Kasbohm
55 West Monroe Street
Suite 3400
Chicago, Illinois 60603-5081
Attn: Naderh Elrabadi

> Re:   *Madden v. F. H. Paschen, et al.*
>        *No. 03 L 433*

Dear Ms. Elrabadi:

Pursuant to interrogatories you answered in this matter, it is our understanding that the maximum liability coverage for your insured is $1,000,000. As you have indicated that there are no other policies or excess coverage, please let this letter serve as our demand of the entire policy in this matter.

Mr. Madden's injuries from the occurrence at the heart of this case have resulted in past and future medical expenses exceeding $1 million. This offer of settlement will remain open for the next seven days. In the event you have failed to settle this matter by that time, this offer of settlement will be withdrawn, and we wish to point out to you that you have seriously prejudiced your insured's rights to have the matter disposed of within the limits of his coverage. See Wolfberg v. Prudence, 240 N.E.2d 176, and Olympia Fields County Club v. Bankers Indemnity Co., 325 Ill.App. 649, 60 N.E.2d 896 (1st Dist.1945).

We suggest that you are under an immediate duty to forward to your insured our offer of settlement and advise him that the matter may be settled within his policy limits and that he may be responsible for any verdict in excess of his policy. We wish to further advise you that a failure to do so cannot be anything but:

1.      Violation of a fiduciary duty;

2.      Negligence in failing to notify your insured;

3.      Lack of good faith;

4.      Failure to exercise even ordinary care for your insured's protection.

1894 Techny Ct.   •   Northbrook, IL 60062   •   847.272.8750   •   FAX 847.513.6345
5 S. County St.   •   Waukegan, IL 60085

FBFK 0848
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

 

Obviously, we will insist upon verification of coverage. If there is an excess or additional coverage, we will revise our demand accordingly. This demand is contingent upon a policy limit of $1,000,000. Please contact me concerning possible settlement of this matter so that we may avoid any further unnecessary expense.

Very truly yours,

COLLISON & O'CONNOR, LTD.

BY: _____

KEVIN W. O'CONNOR

FBFK 0849
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

# EXHIBIT 10



# ST PAUL TRAVELERS

St. Paul Fire and Marine
Insurance Company
The St Paul Travelers Companies
In, MC 0554-CHIC
200 North La Salle Street
Chicago, IL 60601
Telephone: (312) 831-2713
Fax: (877) 795-9875

May 4, 2005

VOA Associates, Inc.
224 South Michigan, Suite 1400
Chicago, IL  60604

RE:   Tracking Number:   DF11567
      Claimant:          Michael Madden
      Insured:           Voa Associates Inc
      Claim No.:         BK01116165 09T001
      Date of Loss:      August 19, 2002

Dear Mr. Schnell:

United States Fidelity & Guaranty (herein "St. Paul Travelers") has examined the claims made against. VOA Associates, Inc, (here in collectively as "VOA") in the lawsuit  03 L 000433, pending in the Circuit Court of Cook County, IL.  It is St. Paul Traveler's understanding that VOA is seeking a defense and coverage for the claims made against VOA in the lawsuit.  St. Paul Travelers has reviewed the allegations and other relevant information, including USF&G policy number BK01116165 effective 05/01/02 to 05/01/03 for this policy period.

Based upon a review of the allegations contained in the complaint along with analysis of applicable policy provisions, we have determined that coverage may be afforded to you for this litigation. However, St. Paul Travelers has determined that the plaintiff also seeks damages that may not be covered under the policy.  As such, St. Paul Travelers agrees at this time to defend you in this lawsuit, but this defense will be provided under a complete reservation of rights as set forth below.

In order to explain the coverage issues, the St. Paul Travelers must discuss the plaintiff's allegations. We understand that these allegations are unproven facts and may be untrue, incomplete or embellished. Please note that in referring to those allegations in this letter, St. Paul Travelers does not mean to imply that any of them are true. However, St. Paul Travelers must necessarily refer to these allegations in determining any obligation it may have concerning this matter.

FC37155 Ed. 2-02

FBFK 0843
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

The plaintiff alleges that on August 19, 2002, he was injured when he fell through an opening/pit in the floor in a location which created a danger for person in the area. The plaintiff has sued VOA as agents who owned and/or was in charge of the erection, construction, repairs, alteration, removal and/ or painting of a certain orchestra pit and/ or hole. VOA failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area. VOA failed to erect warning signs, barricades, or block off the area. VOA failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area. VOA failed to take adequate measure to prevent people from falling into the pit.

The insuring agreement of the general liability policy provides:

### What This Agreement Covers

#### Bodily Injury and property damage liability.

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- Happens while this agreement is in effect; and

- is caused by an event.

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons. It includes any of the following that results at any time from such physical harm, sickness or disease:

- Mental anguish, injury, or illness
- Emotional distress
- Care, loss of services, or death.

*Event* means an accident, including continuous or repeated exposure to

The general liability policy contains the following exclusion:

#### Expected or intended bodily injury or property damage.

We won't cover bodily injury or property damage that is expected or intended by the protected person. Nor will we cover medical expenses that result from such bodily injury...

Subject to the terms, conditions, exclusions and limitations of the policy, St. Paul Travelers will pay those sums that the insured becomes legally required to pay as damages because of *bodily injury* or *property damage* caused by an *event*.[1]  As a result, the complaint alleges that the plaintiff fell and sustained injury.

---

[1]   St. Paul Travelers also issued an umbrella excess liability policy for the same policy period as the general liability policy that may also provide coverage for this matter. However, the umbrella policy would not come into effect until the $2 million dollar policy limit of the general liability policy is exhausted. It does not appear at this time that the umbrella policy will be implicated and therefore, we are not providing a detailed reservation of rights letter under the umbrella policy at this time. In general, however, St. Paul Travelers reserves its rights under the

FBFK 0844
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

umbrella policy to deny any duty to indemnify VOA for any damages that do not constitute *bodily injury* caused by an *event* as defined by the umbrella policy and are otherwise excluded by the expected or intended exclusion or the architect, engineer, or surveyor professional services exclusion endorsement contained in the umbrella policy. If you would like a more detailed letter of potential coverage under the umbrella policy or if you believe the claimed damages may exceed the $2 million primary limit, please let us know.

Since these allegations potentially constitute a claim for *bodily injury* caused by an *event* as defined by the policy, St. Paul Travelers will defend the entire complaint. However, St. Paul Travelers reserves its rights to deny any duty to indemnify VOA for any damages that are not for *bodily injury* caused by an *event* as defined by the policy or was otherwise expected or intended by the insured.

Additionally, the policy contains the following endorsement.

## ARCHITECT, ENGINEER, OR SURVEYOR PROFESSIONAL SERVICES EXCLUSION ENDORSMENT

This endorsement changes your Commercial General Liability Protection.

### How Coverage Is Changes

The following is added to the Exclusions-What This Agreement Won't Cover section. This change excludes coverage

**Architect, engineer, or surveyor professional services.** We won't cover injury or damage or medical expenses that result from the performance of or failure to perform Architect, engineer, or surveyor professional services by or for you.

Architect, Engineer, or surveyor professional services are defined in the Contract liability exclusion and provides:

Architect, engineer, or surveyor professional services include:

- The preparation or approval of any drawing and specification, map, opinion, report, or survey, or any change order, field order, or shop drawing: and
- Any architectural, engineering, inspection or supervisory activity.

The complaint alleges that VOA failed to properly inspect the site. St. Paul Travelers reserves its right to deny any duty to indemnify VOA to the extent that VOA's liability is found to have arisen out of any architectural, engineering, inspection activity.

St. Paul Travelers has retained Fraterrigo, Beranek, Feiereisel & Kasbohm to defend VOA in this matter. We have retained Mr. Kurt Beranek because he is a skilled and experienced defense attorney. However, you should be aware that Mr. Beranek and his firm have an ongoing business relationship with St. Paul Travelers and his services will be paid for by us. You should also be aware that the facts established during the case could help to establish the defenses to coverage which we have claimed in this letter. For example, to the extent it is established that VOA's liability arises out any architectural, engineering or inspection. VOA would not be entitled to coverage under the policy.

FBFK 0845
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

MAY 06 2005 09:50 FR TRAVELERS CLAIM CHGO   8777959975 TO 913127824537      P.05/05

Since the complaint involves allegations that are covered under the policy and allegations that may not be covered, representation by an attorney retained by us could be viewed as a conflict of interest. As a result, you can accept Mr. Beranek to defend VOA or you may select an attorney of your own choosing. If VOA selects its own attorney, St. Paul Travelers would agree to pay the reasonable and necessary costs of the defense provided. If you wish that VOA be represented by counsel of its choice rather than by Mr. Kurt Beranek, please notify us of that fact in writing within the next fourteen (14) days and provide us with the name and address of its chosen attorney.

As indicated above, St. Paul Travelers is undertaking this defense subject to an express reservation of its rights under the declarations, provisions, forms, endorsements, insuring agreements, definitions, terms, exclusions, and provisions of its policy, including information provided in the policy application. St. Paul Travelers reserves the right to seek an apportionment and/or recoupment of any defense/indemnity or other payments made by St. Paul Travelers and reserves its right to recover the amounts incurred in this matter from any insured or any insurer that may be liable for these costs. St. Paul Travelers further wishes to advise you that it reserves the right to allocate defense fees and costs between covered and non-covered claims.

St. Paul Travelers' position is based upon the facts that have been made available to date. St. Paul Travelers expressly reserves the right to modify its determination concerning the potential for coverage under its policy if the information developed during our investigation and monitoring of this claim warrants the modification. Please advise us of any information that you have that may affect our determination concerning coverage available under the St. Paul Travelers policies. Please also note that St. Paul Travelers expressly reserves the right to withdraw its defense, after providing proper notice, if it is determined that St. Paul Travelers could have no obligation VOA. Nothing contained in this letter should be deemed a waiver of the terms or conditions of the St. Paul Travelers policies. St. Paul Travelers expressly reserves the right to rely upon any term or condition of the contract or any other ground which may be found to limit or preclude coverage.

Please call me if you have any questions regarding this matter.

Sincerely,

USF&G
Iris Robinson
Claim Representative
Telephone: (312) 831-2713
Fax: (877) 795-9975
iris.robinson@stpaul.com

** TOTAL PAGE.05 **

FBFK 0846
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

# EXHIBIT 11

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

        Plaintiff,

        v.

VOA ASSOCIATES INC., LIBERTY
INTERNATIONAL UNDERWRITERS,
MICHAEL J.MADDEN and JEAN
MADDEN,

        Defendants.

Case No. 08 C 0862

Judge Kennelly
Magistrate Judge Brown

## AFFIDAVIT OF MICHAEL TOOLIS

I, Michael Toolis, being first duly sworn on oath, deposes and states as follows:

1.    I have first-hand knowledge of the facts stated herein and would testify so to if called as a witness.

2.    I am a registered and licensed architect in the State of Illinois, and the Chief Executive Officer ("CEO") at the architectural firm of VOA Associates, Inc.("VOA").

3.    As the CEO of VOA, I am familiar with VOA's custom and practice for maintaining documents related to insurance and lawsuits filed against VOA.

4.    The custom and practice of VOA is to keep documents related to lawsuits and insurance documents pertaining to those lawsuits together in a litigation file identified by the name of the Plaintiff and/or case caption.

5.    On or about August 26, 2004, VOA was served with a Summons and Third Amended Complaint in a lawsuit entitled *Michael J. Madden and Jean Madden v. F.H. Paschen, et. al.*, Case No. 03 L 000433, in the Circuit Court of Cook County, Illinois ("Madden Lawsuit").

6.      Upon receipt of the Madden Lawsuit, VOA opened and maintained a litigation file for the Madden Lawsuit ("Madden Litigation File").

7.      I recognize a document like the May 4, 2005 Letter from Iris Robinson at St. Paul Travelers, attached hereto as Exhibit A, to be an important document related to the litigation of the Madden Lawsuit. The custom and practice of VOA upon receipt of a document like Exhibit A would be to file it in the Madden Litigation File.

8.      I have reviewed the Madden Litigation File. Exhibit A is not contained in the Madden Litigation File.

9.      I do not recall receiving Exhibit A on or around May 4, 2005. I do not have knowledge of anyone at VOA receiving Exhibit A on or around May 4, 2005.

10.     I recognize a document like Exhibit A to be an important document that impacts the legal rights of VOA, and requires review and analysis from VOA's attorney and insurance broker.

11.     VOA's custom and practice upon receipt of a document like Exhibit A is to immediately forwarded it to VOA's attorney, Paul Lurie, and VOA's insurance broker, Daniel Buelow.

12.     I do not recall forwarding Exhibit A to Paul Lurie or Daniel Buelow on or around May 4, 2005. I do not have knowledge of anyone at VOA forwarding Exhibit A to Paul Lurie or to Daniel Buelow on or around May 4, 2005.

13.     VOA's custom and practice is to maintain a record of correspondence with Paul Lurie and Daniel Buelow related to the Madden Lawsuit in the Madden Litigation File.

14.    I have reviewed the Madden Litigation File.  There is no document in the Madden Litigation File indicating that I, or anyone else at VOA, forwarded Exhibit A to Paul Lurie or to Daniel Buelow on or around May 4, 2005.

Further Affiant sayeth naught.

Michael Toolis

SUBSCRIBED and SWORN to
before me this ___6ᵗʰ___ day of
___APRIL___, 2009
_____
        Notary Public

CHI\6313726.1

```
++++++++++++++++++++++++++++
+     "OFFICIAL SEAL"      +
+    ALEXANDER WEBB        +
+  Notary Public, State of Illinois  +
+  My Commission Expires 12/12/11    +
++++++++++++++++++++++++++++
```

# EXHIBIT A



ST PAUL
TRAVELERS

St. Paul Fire and Marine
Insurance Company
The St Paul Travelers Companies
In, MC 0554-CHIC
200 North La Salle Street
Chicago, IL 60601
Telephone: (312) 831-2713
Fax: (877) 795-9975

May 4, 2005

VOA Associates, Inc.
224 South Michigan, Suite 1400
Chicago, IL  60604

RE:   Tracking Number:   DF11567
      Claimant:          Michael Madden
      Insured:           Voa Associates Inc
      Claim No.:         BK01116165 09T001
      Date of Loss:      August 19, 2002

Dear Mr. Schnell:

United States Fidelity & Guaranty (herein "St. Paul Travelers") has examined the claims made against VOA Associates, Inc, (here in collectively as "VOA") in the lawsuit 03 L 000433, pending in the Circuit Court of Cook County, IL. It is St. Paul Traveler's understanding that VOA is seeking a defense and coverage for the claims made against VOA in the lawsuit. St. Paul Travelers has reviewed the allegations and other relevant information, including USF&G policy number BK01116165 effective 05/01/02 to 05/01/03 for this policy period.

Based upon a review of the allegations contained in the complaint along with analysis of applicable policy provisions, we have determined that coverage may be afforded to you for this litigation. However, St. Paul Travelers has determined that the plaintiff also seeks damages that may not be covered under the policy. As such, St. Paul Travelers agrees at this time to defend you in this lawsuit, but this defense will be provided under a complete reservation of rights as set forth below.

In order to explain the coverage issues, the St. Paul Travelers must discuss the plaintiff's allegations. We understand that these allegations are unproven facts and may be untrue, incomplete or embellished. Please note that in referring to those allegations in this letter, St. Paul Travelers does not mean to imply that any of them are true. However, St. Paul Travelers must necessarily refer to these allegations in determining any obligation it may have concerning this matter.

FC37155 Ed. 2-02

FBFK 0843
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

The plaintiff alleges that on August 19, 2002, he was injured when he fell through an opening/pit in the floor in a location which created a danger for person in the area. The plaintiff has sued VOA as agents who owned and/or was in charge of the erection, construction, repairs, alteration, removal and/ or painting of a certain orchestra pit and/ or hole. VOA failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area. VOA failed to erect warning signs, barricades, or block off the area. VOA failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area. VOA failed to take adequate measure to prevent people from falling into the pit.

The insuring agreement of the general liability policy provides:

### What This Agreement Covers

### Bodily Injury and property damage liability.

We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

- Happens while this agreement is in effect; and

- is caused by an event.

*Bodily injury* means any physical harm, including sickness or disease, to the physical health of other persons. It includes any of the following that results at any time from such physical harm, sickness or disease:

- Mental anguish, injury, or illness
- Emotional distress
- Care, loss of services, or death.

*Event* means an accident, including continuous or repeated exposure to

The general liability policy contains the following exclusion:

### Expected or intended bodily injury or property damage.

We won't cover bodily injury or property damage that is expected or intended by the protected person. Nor will we cover medical expenses that result from such bodily injury...

Subject to the terms, conditions, exclusions and limitations of the policy, St. Paul Travelers will pay those sums that the insured becomes legally required to pay as damages because of *bodily injury* or *property damage* caused by an *event*.[1] As a result, the complaint alleges that the plaintiff fell and sustained injury.

---

[1]    St. Paul Travelers also issued an umbrella excess liability policy for the same policy period as the general liability policy that may also provide coverage for this matter. However, the umbrella policy would not come into effect until the $2 million dollar policy limit of the general liability policy is exhausted. It does not appear at this time that the umbrella policy will be implicated and therefore, we are not providing a detailed reservation of rights letter under the umbrella policy at this time. In general, however, St. Paul Travelers reserves its rights under the

FBFK 0844
PRIVILEGED-SUBJECT

umbrella policy to deny any duty to indemnify VOA for any damages that do not constitute *bodily injury* caused by an *event* as defined by the umbrella policy and are otherwise excluded by the expected or intended exclusion or the architect, engineer, or surveyor professional services exclusion endorsement contained in the umbrella policy. If you would like a more detailed letter of potential coverage under the umbrella policy or if you believe the claimed damages may exceed the $2 million primary limit, please let us know.

Since these allegations potentially constitute a claim for *bodily injury* caused by an *event* as defined by the policy, St. Paul Travelers will defend the entire complaint. However, St. Paul Travelers reserves its rights to deny any duty to indemnify VOA for any damages that are not for *bodily injury* caused by an *event* as defined by the policy or was otherwise expected or intended by the insured.

Additionally, the policy contains the following endorsement.

## ARCHITECT, ENGINEER, OR SURVEYOR PROFESSIONAL SERVICES EXCLUSION ENDORSMENT

This endorsement changes your Commercial General Liability Protection.

### How Coverage Is Changes

The following is added to the Exclusions-What This Agreement Won't Cover section. This change excludes coverage

**Architect, engineer, or surveyor professional services.** We won't cover injury or damage or medical expenses that result from the performance of or failure to perform Architect, engineer, or surveyor professional services by or for you.

Architect, Engineer, or surveyor professional services are defined in the Contract liability exclusion and provides:

Architect, engineer, or surveyor professional services include:

- The preparation or approval of any drawing and specification, map, opinion, report, or survey, or any change order, field order, or shop drawing: and
- Any architectural, engineering, inspection or supervisory activity.

The complaint alleges that VOA failed to properly inspect the site. St. Paul Travelers reserves its right to deny any duty to indemnify VOA to the extent that VOA's liability is found to have arisen out of any architectural, engineering, inspection activity.

St. Paul Travelers has retained Fraterrigo, Beranek, Feiereisel & Kasbohm to defend VOA in this matter. We have retained Mr. Kurt Beranek because he is a skilled and experienced defense attorney. However, you should be aware that Mr. Beranek and his firm have an ongoing business relationship with St. Paul Travelers and his services will be paid for by us. You should also be aware that the facts established during the case could help to establish the defenses to coverage which we have claimed in this letter. For example, to the extent it is established that VOA's liability arises out any architectural, engineering or inspection. VOA would not be entitled to coverage under the policy.

FBFK 0845
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

Since the *complaint* involves allegations that are covered under the policy and allegations that may not be covered, representation by an attorney retained by us could be viewed as a conflict of interest. As a result, you can accept Mr. Beranek to defend VOA or you may select an attorney of your own choosing. If VOA selects its own attorney, St. Paul Travelers would agree to pay the reasonable and necessary costs of the defense provided. If you wish that VOA be represented by counsel of its choice rather than by Mr. Kurt Beranek, please notify us of that fact in writing within the next fourteen (14) days and provide us with the name and address of its chosen attorney.

As indicated above, St. Paul Travelers is undertaking this defense subject to an express reservation of its rights under the declarations, provisions, forms, endorsements, insuring agreements, definitions, terms, exclusions, and provisions of its policy, including information provided in the policy application. St. Paul Travelers reserves the right to seek an apportionment and/or recoupment of any defense/indemnity or other payments made by St. Paul Travelers and reserves its right to recover the amounts incurred in this matter from any insured or any insurer that may be liable for these costs. St. Paul Travelers further wishes to advise you that it reserves the right to allocate defense fees and costs between covered and non-covered claims.

St. Paul Travelers' position is based upon the facts that have been made available to date. St. Paul Travelers expressly reserves the right to modify its determination concerning the potential for coverage under its policy if the information developed during our investigation and monitoring of this claim warrants the modification. Please advise us of any information that you have that may affect our determination concerning coverage available under the St. Paul Travelers policies. Please also note that St. Paul Travelers expressly reserves the right to withdraw its defense, after providing proper notice, if it is determined that St. Paul Travelers could have no obligation VOA. Nothing contained in this letter should be deemed a waiver of the terms or conditions of the St. Paul Travelers policies. St. Paul Travelers expressly reserves the right to rely upon any term or condition of the contract or any other ground which may be found to limit or preclude coverage.

Please call me if you have any questions regarding this matter.

Sincerely,

USF&G
Iris Robinson
Claim Representative
Telephone: (312) 831-2713
Fax: (877) 795-9975
iris.robinson@stpaul.com

Page 4

FBFK 0846
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER