attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining against the defendant, CLIFFS & CABLES, LLC., states as follows:

1. That the plaintiff, JEAN MADDEN, realleges incorporates paragraphs 1 through 10 of Count V as and for paragraphs 1 through 10 in Count VI.

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, CLIFFS & CABLES, LLC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

## COUNT VII

## NEGLIGENCE- VOA & ASSOCIATES

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant VOA & ASSOCIATES, alleges as follows:

1 That on or about and before August 19, 2002, the defendant, VOA & ASSOCIATES, who individually and by and through agents, servants and employees, owned and/or was in charge of the erection, construction, repairs, alteration, removal, and/or painting of a certain orchestra pit and/or hole in the stage located at aforementioned location

2. That on and before August 19, 2002, Defendant, VOA & ASSOCIATES, through its various agents, employees and servants, served as the architect for a Performing Arts Theater at

14

aforementioned location.

3. That on or approximately August 19, 2002, plaintiff, MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School District 230 and was engaged in the performance of his duties at or near a portion of the aforementioned certain orchestra pit and/or hole

4. That at the aforementioned time and place, there was in force and effect a contract between the defendant, VOA & ASSOCIATES and Amos Alonzo Stagg High School District 230

5. That at the aforesaid time and place and prior thereto, the defendant, individually and through his agents, servants and employees, was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Further, the defendant, individually and through agents, servants and employees, participated in coordinating the work being done and designated various work methods, maintained and check work progress and participated in the scheduling of the work and the inspection of the work, and were likewise responsible for the work being performed pursuant to Section 1926.16 of the Occupational, Safety & Health Administration.  In addition thereto, at that time and place, the defendant, individually and through agents, servants and employees, had the authority to stop the work, refuse the work and materials and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason Furthermore, at that time and place, the defendant, individually and through agents, servants and employees, had supervision and

15

control of the work, retention of the right to supervise and control the work, constant participation in ongoing activities at the construction site, supervision and coordination of subcontractors, responsibility for taking safety precautions at the job site, authority to issue change orders, the right to stop work, ownership of the equipment at the job site, familiarity with construction customs and practices and had been in a position to assure worker safety or alleviate equipment deficiencies or improper work habits

6. That at the aforesaid time and place, and prior thereto the defendant, individually and through agents, servants, employees, erected, constructed, placed or operated, or caused to be erected, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7 That at all times herein relevant, the defendant, VOA & ASSOCIATES, had a duty to exercise reasonable care for the safety of workers lawfully upon the premises

8 That notwithstanding said duty, the defendant, VOA & ASSOCIATES, was then and there guilty of one or more of following negligent acts or omissions

    (a) Placed the opening/pit in the floor in a location which created a danger for persons in the area;

    (b) Failed to warn of the placement of opening/pit in the floor in a location which created a danger for persons in the area;

    (c) Failed to erect warning signs, barricades, or block

16

LIUI

off said area;

(d)  Failed to barricade or cover the opening/pit in the floor when they knew individuals were working and/or walking in that area;

(e)  Failed to provide a barricade or cover or other device to prevent people from falling into the pit;

(f)  Failed to take adequate measures to prevent people from falling into the pit;

(g)  Failed to adequately train employees to correct, maintain, prevent the aforementioned;

(h)  Failed to have an adequate policy to correct, maintain, prevent the aforementioned;

(i   Failed to make a reasonable inspection of premises;

(j   Failed to design the orchestra pit with a permanent or temporary cover;

(k)  Permitted barricade or other device to prevent people from falling into the pit to be removed when they knew individuals were working and/or walking in that area;

(l)  Permitted the school, the school district, and their representatives and employees to use the theater area including that area around the orchestra pit when it was not safe to do so, and when there was no cover designed for or placed on or around the orchestra pit.

9.  That at said time and place and as a result of the aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell into the orchestra pit and/or hole in the floor.

10.  That as a proximate result of the conduct of the defendant, VOA & ASSOCIATES, as aforesaid, the plaintiff, MICHAEL MADDEN, was thereby injured internally, externally and otherwise both temporarily and permanently; and plaintiff thereby became sick, sore, lame, diseased and disordered and so remained for a long time, to wit: from thence hitherto, during all of which time

17

LIUI

he suffered or will suffer great pain and was hindered
prevented from attending to his business and affairs, and thereby
sustained the loss of divers earnings, gains or profits;
plaintiff was or will be thereby compelled to pay out, expend and
become liable for divers large sums of money in and about
endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE, the plaintiff, MICHAEL MADDEN, prays for judgment
against the defendant, VOA & ASSOCIATES, in a sum in excess of
Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

## COUNT VIII

## LOSS OF CONSORTIUM - VOA & ASSOCIATES

NOW COMES the plaintiff, JEAN MADDEN, by and through
attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining
against the defendant, VOA & ASSOCIATES, states as follows:

1    That the plaintiff, JEAN MADDEN, realleges
incorporates paragraphs 1 through 10 of Count VII as and for her
paragraphs 1 through 10 in Count VIII

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL
MADDEN, and as a result of the injuries to MICHAEL MADDEN,
plaintiff, JEAN MADDEN, was deprived of his services, society,
affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment
against the defendant, VOA & ASSOCIATES, in an amount within the
jurisdiction of the Circuit Court of Cook County, Illinois.

## COUNT IX

## NEGLIGENCE- SCHULER & SHOOK, INC.

NOW COMES the plaintiff, MICHAEL MADDEN, by his attorneys

18

LIUI

HARMAN, FEDICK & O'CONNOR, LTD., and complaining of the defendant
SCHULER & SHOOK, INC., alleges as follows

1. That on or about and before August 19, 2002, the defendant
SCHULER & SHOOK, INC., who individually and by and through agents
servants and employees, owned and/or was in charge of the design
design consultation, erection, construction, repairs, alteration
removal, and/or painting of a certain orchestra pit and/or hole in
the stage located at the aforementioned location.

2. That on and before August 19, 2002, Defendant, SCHULER &
SHOOK, INC., through its various agents, employees and servants,
served as the design consultant for a Performing Arts Theater at
the aforementioned location.

3. That on or approximately August 19, 2002, plaintiff,
MICHAEL MADDEN, was an employee of Amos Alonzo Stagg High School
District 230 and was engaged in the performance of his duties at or
near a portion of the aforementioned certain orchestra pit and/or
hole.

4. That at the aforementioned time and place, there was in
force and effect a contract between the Defendant, SCHULER & SHOOK,
INC., and Defendant VOA & ASSOCIATES

5. That at the aforesaid time and place and prior thereto, the
defendant, individually and through his agents, servants and
employees, was present during the course of such design, design
consultation, erection, construction, repairs, alteration, removal,
and/or painting. Further, the defendant, individually and through
agents, servants and employees, participated in designing, design
consultation, and/or coordinating the work being done and

19

LIUI

constructed, placed or operated, or caused to be erected, designed, constructed, placed or operated, a certain orchestra pit or hole in the stage floor, to facilitate and be used in the aforesaid erection, construction, repairs, alteration, removal, and/or painting.

7   That at all times herein relevant, the defendant, SCHULER & SHOOK, INC., had a duty to exercise reasonable care in its design and/or design consultation for the safety of workers lawfully upon the premises.

8.   That notwithstanding said duty, the defendant, SCHULER SHOOK, INC., was then and there guilty of one or more of the following negligent acts or omissions:

    (a)   Failed to design the orchestra pit with a permanent or temporary cover;

    (b)   Failed to design a barricade or other device to prevent people from falling into the pit when they knew individuals were working and/or walking in that area;

    (c)   Failed, in the course of their consultation, to advise Defendant VOA & ASSOCIATES to incorporate a permanent or temporary pit cover into the design and/or plans of the theater and/or orchestra pit;

        Failed to warn of the placement of the opening/pit in the floor in a location which created a danger for persons in the area;

    (e)   Failed to warn of the absence of a pit cover, barricade or other device on or around the opening/pit in the floor in a location which created a danger for persons in the area when they knew individuals were working and/or walking in that area;

        Failed to take adequate measures to prevent people from falling into the pit;

        Failed to adequately train employees to correct, maintain, prevent the aforementioned;

LIUI

(h)  Failed to have an adequate policy to correct
maintain prevent the aforementioned.

9. That at said time and place and as a result of the
aforementioned, plaintiff, MICHAEL MADDEN, was injured when he fell
into the orchestra pit and/or hole in the floor.

10.  That as a proximate result of the conduct of the
defendant, SCHULER & SHOOK, INC., as aforesaid, the plaintiff
MICHAEL MADDEN, was thereby injured internally, externally
otherwise, both temporarily and permanently; and plaintiff thereby
became sick, sore, lame, diseased and disordered and so remained
for a long time, to wit: from thence hitherto, during all of which
time he suffered or will suffer great pain and was hindered and
prevented from attending to his business and affairs, and thereby
sustained the loss of divers earnings, gains or profits; and
plaintiff was or will be thereby compelled to pay out, expend and
become liable for divers large sums of money in and about
endeavoring to be cured of his injuries, as aforesaid.

WHEREFORE the plaintiff, MICHAEL MADDEN, prays for judgment
against the defendant, SCHULER & SHOOK, INC., in a sum in excess of
Fifty Thousand Dollars ($50,000.00) plus the cost of this action.

COUNT X

LOSS OF CONSORTIUM - SCHULER & SHOOK, INC.

NOW COMES the plaintiff, JEAN MADDEN, by and through her
attorneys, HARMAN, FEDICK & O'CONNOR, LTD., and in complaining
against the defendant, SCHULER & SHOOK, INC., states as follows:

1.  That the plaintiff, JEAN MADDEN, realleges and
incorporates paragraphs 1 through 10 of Count IX as and for her

22

paragraphs 1 through 10 in Count X.

11. That the plaintiff, JEAN MADDEN, is the wife of MICHAEL MADDEN, and as a result of the injuries to MICHAEL MADDEN, the plaintiff, JEAN MADDEN, was deprived of his services, society, affection and consortium.

WHEREFORE, the plaintiff, JEAN MADDEN, prays for judgment against the defendant, SCHULER & SHOOK, INC., in an amount within the jurisdiction of the Circuit Court of Cook County, Illinois.

HARMAN, FEDICK & O'CONNOR, LTD

BY: _____

KEVIN W. O'CONNOR

HARMAN, FEDICK & O'CONNOR, LTD. #36573
Attorneys for Plaintiff
222 North LaSalle Street, Suite 430
Chicago, Illinois  60601
(312) 263-6452

23

## SERVICE LIST

BRENNER, FORD, MONROE &                          FAXES
SCOTT, LTD.
ATTN: James W. Ford/Kenneth H. Battle
33 North Dearborn Street                         781-9202
Suite 300
Chicago, Illinois    60602

HINSHAW & CULBERTSON, LLP
ATTN: Richard Velazquez
222 North LaSalle Street                         704-3001
Suite 300
Chicago, Illinois 60601

FRATERRIGO, BERANEK, FEIEREISEL & KASBOHM        782-4537
ATTN: Naderh H. Elrabadi
55 West Monroe Street
Suite 3400
Chicago, Illinois  60603

Attorneys for Consolidated High School
Third Party Defendant
NYHAN, PFISTER, BAMBRICK, KINZIE,
& LOWRY, P.C.
ATTN: Dean Barakat
20 North Clark Street                            629-8518
Suite 1000
Chicago, Illinois   60602

MECKLER, BULGER & TILSON, LLP
ATTN: ANDREW M. HUTCHISON
Suite 1800                                       474-7898
123 N. Wacker Drive                       Already has copy.
Chicago, Illinois 60606

LIUI

61

# EXHIBIT 14

# REDACTED

# EXHIBIT 15



## COLLISON
## & 
## O'CONNOR, LTD.



E.K. COLLISON III

KEVIN W. O'CONNOR

MURIEL COLLISON

19 S. LaSalle St.   •   15th Floor   •   Chicago, IL 60603   •   312.229.1560   •   fax 312.332.4629

March 6, 2007

**VIA FACSIMILE (312) 782-4537**

Fraterrigo, Beranek, Feiereisel & Kasbohm
55 West Monroe Street
Suite 3400
Chicago, Illinois 60603-5081
Attn: Naderh Elrabadi

       Re:  *Madden v. F. H. Paschen, et al.*
             *No. 03 L 433*

Dear Ms. Elrabadi:

     Pursuant to interrogatories you answered in this matter, it is our understanding that the maximum liability coverage for your insured is $1,000,000.  As you have indicated that there are no other policies or excess coverage, please let this letter serve as our demand of the entire policy in this matter.

     Mr. Madden's injuries from the occurrence at the heart of this case have resulted in past and future medical expenses exceeding $1 million.  This offer of settlement will remain open for the next seven days.  In the event you have failed to settle this matter by that time, this offer of settlement will be withdrawn, and we wish to point out to you that you have seriously prejudiced your insured's rights to have the matter disposed of within the limits of his coverage.  See Wolfberg v. Prudence, 240 N.E.2d 176, and Olympia Fields County Club v. Bankers Indemnity Co., 325 Ill.App. 649, 60 N.E.2d 896 (1st Dist.1945).

     We suggest that you are under an immediate duty to forward to your insured our offer of settlement and advise him that the matter may be settled within his policy limits and that he may be responsible for any verdict in excess of his policy.  We wish to further advise you that a failure to do so cannot be anything but:

     1.     Violation of a fiduciary duty;

     2.     Negligence in failing to notify your insured;

     3.     Lack of good faith;

     4.     Failure to exercise even ordinary care for your insured's protection.

1894 Techny Ct.   •   Northbrook, IL 60062   •   847.272.8750   •   fax 847.513.6345
5 S. County St.   •   Waukegan, IL 60085

FBFK 0848
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

Obviously, we will insist upon verification of coverage. If there is an excess or additional coverage, we will revise our demand accordingly. This demand is contingent upon a policy limit of $1,000,000. Please contact me concerning possible settlement of this matter so that we may avoid any further unnecessary expense.

Very truly yours,

COLLISON & O'CONNOR, LTD.

BY: _____

KEVIN W. O'CONNOR

FBFK 0849
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

# EXHIBIT 16


**TRAVELERS**

Kenneth E. Hagedorn
Director, Claim Services
215 Shuman Blvd.
Naperville, IL 60563

(630) 961-4288
(877) 795-9975 (fax)

June 5, 2007

Mr. Paul Hansen
VOA Associates, Inc.
224 S. Michigan Ave., Suite 1400
Chicago, IL 60604

File No: 609 LR V1M1580 K
Insured: VOA Associates, Inc.
Claimant: Michael Madden
D/L: August 19, 2002

Dear Mr. Hansen:

As your attorneys, Fraterrigo, Beranek, Feiereisel & Kashobhm, have informed you, the matter of *Michael Madden vs. VOA Associates* will be called for trial in the Circuit Court of Cook County, Illinois, on June 15, 2007.

We have afforded a defense to VOA Associates against the claims asserted in the *Madden* lawsuit under policy number BK00852660, which was issued to VOA Associates by United States Fidelity and Guaranty Company, subject to a full reservation of all of the rights and defenses available to us under the policy. We will continue to afford a defense to your company through trial, subject to that same reservation.

We have been advised by defense counsel that the only remaining allegation against VOA Associates is that your firm was negligent in its design of the orchestra pit and in failing to provide a cover to prevent people from falling into it. As we have previously informed you, the policy contains the Professional Services Exclusion Endorsement [CL/BF 23 92 10 01], which provides:

> This endorsement modifies insurance provided under the following:
>
> Liability Coverage Part.
>
> Exclusion A 2.1. Professional Services of Section I – Coverage is replaced by the following.
>
> I. Professional Services

Hansen EXHIBIT No. 9
FOR I.D. 1/5/09 / ___

FBFK 1200
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

Mr. Paul Hansen
June 5, 2007
Page 2

"Bodily injury," "property damage," "personal injury," or "advertising injury" due to rendering or failure to render any professional service by or on behalf of any insured. Professional service includes: ***

(2) Architect, engineer, surveyor, construction contractor or construction management service, including:
  (a) Preparing, approving, or failing to prepare or approve any map, drawing, opinion, report, survey, change order, design, specification, recommendation, permit application, payment request, manual, instruction, computer program for design systems, or selection of a contractor or sub-contractor;
  (b) Any supervisory, inspection, or quality control service;
  (c) Any study, survey, assessment, evaluation, consultation, observation, scheduling, sequencing, training, or inspection, including those for job safety; and
  (d) Any monitoring, testing, or sampling service necessary to perform any of the services including in exclusion I.2(a), (b), or (c) above.

The Professional Services Exclusion Endorsement precludes coverage for any sums you may become legally obligated to pay because of bodily injury caused by the rendering or failure to render any professional service, as defined by the policy. Accordingly, should judgment be rendered against VOA Associates at the conclusion of the trial for any professional service, we will be unable to indemnify your firm against any amount you may be required to pay in damages.

This letter is not an exhaustive listing of all of the terms, conditions, exclusions, or limitations of the policy that might bar or limit United States Fidelity and Guarantee Company's obligations in this matter. There may be other facts and circumstances, as well as other provisions in the policy, which would further serve to relieve us of any duty to indemnify or defend VOA Associates. Therefore, please be advised that this correspondence should not be deemed or construed as a waiver of any of the rights or defenses available to United States Fidelity and Guarantee Company, including, but not limited to, those rights or defenses available under the policy.

Should you have any questions pertaining to this matter, please contact me.

Sincerely,

Kenneth E. Hagedorn
United States Fidelity and Guarantee Company

FBFK 1201
PRIVILEGED-SUBJECT
TO PROTECTIVE ORDER

# EXHIBIT 17

# REDACTED