## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES FIDELITY AND
GUARANTY COMPANY,

         Plaintiff,

    v.

VOA ASSOCIATES INC., LIBERTY
INTERNATIONAL UNDERWRITERS,
MICHAEL J.MADDEN and JEAN
MADDEN,

         Defendants.

Case No. 08 C 0862

Judge Kennelly

## VOA ASSOCIATES, INC.'S REDACTED LOCAL RULE 56.1 STATEMENT
## OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR
## SUMMARY JUDGMENT

Defendant, VOA ASSOCIATES, INC. ("VOA"), pursuant to Court order, submits the

following REDACTED statement of undisputed material facts in support of its Motion for

Summary Judgment against Plaintiff United States Fidelity & Guaranty Company ("USF&G")

on Counts I and II pursuant to Federal Rule of Civil Procedure 56(c) and in accordance with

Local Rule 56.1 of this Court.

### PARTIES

1.     Plaintiff, USF&G, is an insurance company organized and existing under the laws

of the State of Maryland with its principal place of business in St. Paul, Minnesota. (Amended

Compl. ¶5, Docket No. 55).

2.     VOA is a Delaware corporation, with an office located in Cook County, Illinois.

(VOA's Answer and Affirmative Defenses ¶6, Docket No. 59).

3.      Defendant Liberty International Underwriters ("Liberty") is a corporation organized under the laws of the State of New York with its principal place of business in New York. (Liberty's Answer and Affirmative Defenses ¶9, Docket No. 60).

4.      On information and belief, Defendant Michael J. Madden is a citizen of the State of Illinois and resides in Cook County. (Amended Compl. ¶7, Docket No. 55).

5.      On information and belief, Defendant Jean Madden is a citizen of the State of Illinois and resides in Cook County. (Amended Compl. ¶8, Docket No. 55).

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. (Amended Compl. ¶10, Docket No. 55).

7.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to USF&G's claims occurred in this District. (Amended Compl. ¶11, Docket No. 55).

## FACTS

**USF&G Policy**

8.      USF&G issued policy No. BK01116165 to VOA, which was in effect May 1, 2002-2003.    The primary general liability coverage part has limits of liability of $1,000,000/accident and $2,000,000/aggregate.   The umbrella coverage part has liability limits of $5,000,000 (referred to collectively as the "USF&G Policy"). (Amended Compl. ¶12, Docket No. 55; USF&G Policy attached as Exhibit 1).

9.      The USF&G Policy provides that USF&G will pay those sums that VOA becomes legally obligated to pay as damages because of "bodily injury." (Amended Compl. ¶14, Docket No. 55). The USF&G Policy defines bodily injury to include "bodily injury, sickness or

disease sustained by a person, including death resulting from any of these at any time." (Exhibit 1).

10.     USF&G retained counsel to defend VOA and is currently paying for VOA's chosen counsel to prosecute the appeal. (Amended Compl., ¶¶2, 43, Docket No. 55).

11.     USF&G requests that this Court declare that it has no duty to defend or indemnify VOA under the USF&G Policy in connection with the Madden Lawsuit. (Amended Compl. ¶¶86, 87, Docket No. 55).

**Madden Lawsuit- Third Amended Complaint**

12.     In June 1998, VOA contracted with Consolidated High School District 230 to provide architectural services in connection with, among other things, the design and construction of Amos Alonzo Stagg High School in Palos Hills, Illinois. (Amended Compl. ¶19, Docket No. 55).

13.     On or about August 26, 2004, VOA was served with a Summons and Third Amended Complaint in a lawsuit entitled *Michael J. Madden and Jean Madden v. F.H. Paschen, et. al.*, Case No. 03 L 000433, in the Circuit Court of Cook County, Illinois. (Amended Compl. ¶21, Docket No. 55; Summons on VOA and Third Amended Complaint attached as Exhibit 2).

14.     The Third Amended Complaint alleges that on August 19, 2002, Michael Madden was an employee of Amos Alonzo Stagg High School District 230 in Palos Hills, Illinois, and was injured while working when he fell into an orchestra pit and/or hole in the floor. (Exhibit 2, Count VII, ¶9). USF&G acknowledges that the Madden Lawsuit seeks damages for physical injuries. (Amended Compl. ¶21, Docket No. 55).

15.     The Third Amended Complaint made general allegations against VOA related to construction site safety, including failure to warn, failure to erect signs, failure to barricade or failure to properly inspect. (Exhibit 2, Count VII, ¶8).

16.     On or about August 31, 2004, USF&G received notice of the Third Amended Complaint. (Amended Compl. ¶45, Docket No. 55).

17.     USF&G reviewed the allegations of the Third Amended Complaint on or about September 1, 2004, and entered a detailed description of the allegations contained in the Third Amended Complaint into its Electronic Claims Notes. (USF&G's Electronic Claims Notes, attached as Exhibit 3, at 37).

18.     On or about December 8, 2004, USF&G retained the law firm of Fratterigo, Beranek, Feiereisel & Kasbohm ("Assigned Defense Counsel" or "Beranek") to represent the interests of VOA. (December 8, 2004 Acknowledgment Letter from Kurt Beranek, attached as Exhibit 4; Amended Compl. ¶55, Docket No. 55).

19.     On December 16, 2004, Beranek filed an Appearance and Answer on behalf of VOA, and between December 2004 and May 2005, engaged in discovery and filed a Motion for Summary Judgment on behalf of VOA. (Beranek Letter to Schiff Hardin, attached as Exhibit 5; Beranek Oct. 24, 2005 Letter to USF&G, attached as Exhibit 6).

20.     **REDACTED**.

**USF&G's May 2005  Reservation of Rights Letter**

21.     In its original Complaint, USF&G alleged that it agreed to defend VOA under a reservation of rights, and attached an unsigned February 24, 2005 letter as a "true and correct copy of USF&G's reservation of rights." (Compl., ¶32, Docket No.2, at Exhibit G).  USF&G

never sent the February 24, 2005 letter to VOA. (Deposition of Iris Robinson, attached as Exhibit 12, at 56-57).

22.    In its Amended Complaint, in support of its claim that USF&G agreed to fund VOA a defense under a reservation of rights, USF&G did not attached the unsigned February 24, 2005 letter, but instead attached a May 4, 2005 letter ("May 2005 ROR Letter"). (Amended Compl. ¶ 56, Docket No. 55 at Exhibit 2). The May 2005 ROR Letter was produced by Beranek and contained in Beranek's file. (May 2005 ROR Letter produced by Beranek, attached hereto as Exhibit 10). The May 2005 ROR Letter stated that USF&G was reserving its rights to deny coverage based on the Professional Services Exclusion in the USF&G Policy. (Id.).

23.    VOA never received the May 2005 ROR Letter. (Exhibit 9 at ¶¶6-8; Affidavit of Michael Toolis, attached as Exhibit 11 at ¶¶7-14).

24.    USF&G's standard practice is to keep copies of reservation of rights letters. (Exhibit 12, at 24, 26, 35, 48, 118-120).

25.    USF&G did not maintain a fax cover sheet, written confirmation of delivery, or other document evidencing that the May 2005 ROR Letter was sent to VOA. (Exhibit 12, at 117, 136-137).

26.    There is no entry in USF&G's Electronic Claim Notes indicating that the May 2005 ROR Letter was sent to VOA. (Exhibit 3).

27.    USF&G's standard practice is to indicate that a reservation of rights letter has been sent in the Electronic Claims Notes. (Exhibit 12, at 144-145).

28.    **REDACTED**.

29.    **REDACTED**.

30.     USF&G claims handler Iris Robinson cannot recall whether she was working out of the Chicago or Naperville office in May 2005, or whether the May 2005 ROR Letter was on her computer or on a floppy disk. (Exhibit 12, at 42-44, 46-48, 52, 139, 146-147).  Iris Robinson testified that she remembers putting the May 2005 Letter in USF&G's file. (Id., at 148).

31.     Iris Robinson was no longer handling the Madden Lawsuit on May 4, 2005.  The Madden Lawsuit was being handled by Debra Dillon in May 2005. (Exhibit 3, at 22).

32.     Iris Robinson drafted the May 2005 ROR Letter by cutting and pasting from emails and forms related to other files, and did so without any training or explanation for the purpose of a reservation of rights letter. (Exhibit 12, at 41-42, 53, 59-62, 106-107).   Iris Robinson "rushed" to get the May 2005 ROR Letter out, and never sent it to her supervisor for his review and approval. (Id. at 135-136).

33.     The May 2005 ROR Letter quotes language that is not contained in the USF&G Policy, and contains unfinished sentences. (Exhibit 12 at 59-62; *Compare* Exhibit 1 *to* Exhibit 6).

34.     The May 2005 ROR Letter states that the USF&G Policy will cover damages VOA becomes obligated to pay as a result of a "bodily injury" caused by an "event" up to $2 million dollars. (Exhibit 6).

35.     The USF&G Policy is an "occurrence" based policy with a primary policy limit of $1 million, and an umbrella policy limit of $5 million. (Exhibit 1).

**Madden Lawsuit- Fourth Amended Complaint**

36.     The Fourth Amended Complaint was filed on or about August 16, 2006. (Amended Compl. ¶26, Docket No. 55; Fourth Amended Complaint is attached as Exhibit 13). In addition to the allegations against VOA contained in the Third Amended Complaint, the Fourth Amended Complaint alleged that VOA failed to design the orchestra pit with a permanent

or temporary cover and permitted the school district to use the orchestra pit when it was not safe to do so. (Exhibit 13 at Count VII, ¶8(j) and (l)).

37.     USF&G claims that it owes VOA no defense or indemnity for the allegations contained in the Fourth Amended Complaint related to the design of the orchestra pit. (Amended Compl. ¶¶90, 92, and 95, Docket No. 55).

38.     **REDACTED**.

39.     **REDACTED**.

40.     **REDACTED**.

41.     Beranek moved to dismiss the potentially covered claims in the Fourth Amended Complaint. (Amended Compl. ¶30, Docket No. 55).

42.     On March 6, 2007, USF&G claims that the trial court in the Madden Lawsuit granted the motion for summary judgment filed by its Assigned Defense Counsel as to the construction claims but denied the motion as to claims of negligent design. (Amended Compl. ¶31, Docket No. 55).

43.     Assigned Defense Counsel received a letter from Plaintiff's counsel in the Madden Lawsuit, demanding $1 million, the limits of VOA's USF&G Policy, on March 6, 2007 ("Demand Letter"). (Demand Letter attached as Exhibit 15, Exhibit 7 at 87-88). **REDACTED**.

44.     USF&G and its Assigned Defense Counsel never responded to the Demand Letter. (Exhibit 7, at 88).

**USF&G's June 5, 2007 Letter**

45.     On June 5, 2007, USF&G sent a letter to VOA  ("June 5, 2007 Letter"), claiming that it was reserving its rights to decline coverage under the Professional Services Exclusion Endorsement for damages arising from VOA's design of the orchestra pit, but omitted disclosure

of a conflict of interest or VOA's right to independent counsel. (June 5, 2007 Letter, attached as Exhibit 16).

46.     USF&G's Electronic Claims Notes contain notes and directives to tender the case to VOA's professional liability carrier.  (Exhibit 3, at 3, 5, 18-19, 26, 30, 32, 35-37).

47.     At the time that USF&G sent the June 5, 2007 Letter to VOA, the Lawsuit was scheduled to go trial on June 15, 2007, on allegations of negligent design against VOA.. (Exhibit 17).

48.     A judgment was entered against VOA in the Madden Lawsuit on June 27, 2007 for $1,606,000. (Amended Compl. ¶74, Docket No. 55).

**USF&G's Defense Costs**

49.     The USF&G Policy does not contain a provision giving USF&G the right to seek reimbursement of defense costs in the event it is later determined that a claim is not covered by the USF&G Policy. (Exhibit 1).


Dated:   April 8, 2009                          **VOA ASSOCIATES, INC.**

                                                By:_____
                                                   One of Its Attorneys


Paul M. Lurie
Amy R. Skaggs
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5655
(312) 258-5600 (fax)

CH1\6317773.1

8

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.  Caroline Hale, a non-attorney, certifies that she served copies of the attached **VOA Associates, Inc.'s Redacted Local Rule 56.1 Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment** to the entities listed on the attached Service List by depositing the same in the U.S. Mail at 6600 Sears Tower, Chicago, Illinois at or before the hour of 5:00 p.m. on April 8, 2009, with proper postage prepaid:

_Caroline Hale_

Caroline Hale

CHI\6320048.1

## SERVICE LIST

***United States Fidelity and Guaranty Company v.***
***VOA Associates, Inc., et al.***
<u>**Case No. 08 C 0862**</u>

Rory T. Dunne
Carrie A. Von Hoff
Linda J. Carwile
Karbal Cohen Economou Silk Dunne LLC
200 S. Michigan, 20th Floor
Chicago, IL  60604
Ph. (312) 431-3700
Fx. (312) 431-3670

James T. Nyeste
Attorney at Law
1 North LaSalle Street, Suite 2100
Chicago, IL 60602
Ph. (312) 750-1814
Fx. (312) 223-8549
jnyeste@aol.com

Kevin O'Connor
Collison & O'Connor Ltd.
19 South LaSalle Street, 15th Floor
Chicago, Illinois 60603
Ph. (866) 854-5151
Fx. (312) 332-4629

CHI\5849075.1