**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:   1:08-cv-00862 |
| VOA ASSOCIATES INC., LIBERTY INTERNATIONAL UNDERWRITERS, | ) ) ) | Honorable Matthew F. Kennelly |
| MICHAEL J. MADDEN and JEAN MADDEN, Defendants. | ) ) | Magistrate Judge Geraldine Soat Brown |

**VOA ASSOCIATES, INC.'S COMBINED RESPONSE TO LIBERTY INSURANCE UNDERWRITER'S LOCAL RULE 56.1 STATEMENT OF FACTS AND RULE 56.1(b)(3) STATEMENT OF ADDITIONAL FACTS**

Pursuant to Local Rule 56.1(b), Defendant VOA Associates, Inc. ("VOA") submits both its response Defendant Liberty Insurance Underwriters, Inc.'s ("Liberty") Rule 56.1 Statement and its Rule 56.1(b)(3)(C) Statement of Additional Facts:

**VOA'S RESPONSE TO LIBERTY'S 56.1 STATEMENT OF FACTS**

**The Parties**

1.     Plaintiff, United States Fidelity and Guaranty Company ("USF&G"), is an insurance company organized under the laws of the State of Maryland with its principal place of business in St. Paul, Minnesota, and is part of the St. Paul Travelers insurance group.    USF&G is the general liability insurer of defendant VOA Associates, Inc.. USF&G Amended Complaint, ¶s 5 and 12, and Ex. 2 (Docket Docs. 55 and 55-3).

**RESPONSE:**        Undisputed.

2.      Defendant VOA & Associates, Inc. ("VOA") is an architectural firm and is a corporation organized under the laws of the State of Delaware with an office in Cook County, Illinois.   VOA Answer to Amended Complaint, ¶6 (Docket Doc. 59).

**RESPONSE:**      Undisputed.

3.      Defendant Liberty is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York.   Liberty is the professional liability insurer of VOA.   Liberty Answer to Amended Complaint, ¶9 (Docket Doc. 60).

**RESPONSE:**      Undisputed.

4.      Defendants Michael and Jean Madden are citizens of the State of Illinois and are the plaintiffs in an underlying lawsuit for personal injuries titled *Michael J. Madden and Jean Madden v. P.H. Paschen; SN Nielson, Inc.; Jacobs Facilities, Inc.; Cliffs and Cables, LLC; and VOA & Associates; Schuler & Shook, Inc.,* No. 03 L 000433, Circuit Court of Cook County, Illinois ("the *Madden* suit").   USF&G Amended Complaint, ¶s 1, 7, and 8 (Docket Doc. 55).

**RESPONSE:**      Undisputed.

**Jurisdiction and Venue**

5.      Jurisdiction is proper in this court, pursuant to 28 U.S.C. § 1332(a), because the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**RESPONSE:**      Undisputed.

2

6.     Venue is proper in this district, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to USF&G's claims occurred in this district.   In particular, this suit involves the parties' rights and obligations in connection with the *Madden* suit and in connection with insurance policies issued to VOA in this district.

**RESPONSE:**          Undisputed.

**Material Facts**

7.     Liberty issued five consecutive twelve-month professional liability insurance policies to VOA:

| Policy No. | Policy Period | Bates Nos. | Supporting Appendix |
|---|---|---|---|
| AEE196887-0103 | 12/5/2003 to 12/5/2004 | LIUI 575-598 | Ex. 2 |
| AEE196887-0104 | 12/5/2004 to 12/5/2005 | LIUI 599-624 | Ex. 3 |
| AEE196887-0105 | 12/5/2005 to 12/5/2006 | LIUI 625-651 | Ex. 4 |
| AEE196887-0106 | 12/5/2006 to 12/5/2007 | LIUI 652-676 | Ex. 5 |
| AEE196887-0107 | 12/5/2007 to 12/5/2008 | LIUI 677-702 | Ex. 6 |

Liberty's Answers to Interrogatories from USF&G, Nos. 3, 16, 22 (Liberty Appendix, Ex. 1). The five policies are included in Liberty's Supporting Appendix as Exhibits 2, 3, 4, 5, and 6.

**RESPONSE:**          Undisputed.

8.     Liberty's policies all use the same basic policy form, Form No. AEE002 (ed. 05/2002).   Liberty Appendix, Ex. 2 at LIUI 590-598; Ex. 3 at LIUI 6 15-624; Ex. 4 at LIUI 643-65 1; Ex. 5 at LIUI 668-676; Ex. 6 at LIUI 695-702.

**RESPONSE:**          Undisputed.

9.     Liberty's policies are written on a "claims made and reported" basis, meaning that a professional liability claim must be both first made against the insured (VOA) within the

policy period and first reported to the company (Liberty) within the same policy period or within sixty days thereafter.   Liberty Appendix, Ex. 2, for example, at LIUI 592.

**RESPONSE:**        Undisputed that the Liberty policies are written on a "claims made and reported" basis.   VOA disputes that only claims "made" and "reported" during the same policy year qualify for coverage under the Liberty policies, as the policies also permit VOA to report circumstances during the policy year that could give rise to a claim.   Under the Reporting of Circumstances provision, any claims subsequently arising from such circumstances are deemed to be "made" during that policy year.     *See, e.g.,* Liberty Appendix, Exh. 4 at LIUI 647.

10.     VOA was added as a defendant in the *Madden* suit with the filing of Madden's Third Amended Complaint on August 17, 2004 and with service on August 26, 2004.   The Third Amended Complaint and the Summons indicating the date of service are included within Exhibit 7 in Liberty's Supporting Appendix.

**RESPONSE:**        Undisputed.

11.     VOA's outside counsel, Paul Lurie of the Schiff Hardin firm, recommended that the Third Amended Complaint be reported to Liberty, VOA's professional liability insurer. August 30, 2004 e-mail from Paul Lurie (Liberty Appendix, Ex. 8); Deposition of Jennifer Klomans, Assistant Controller of VOA, pp. 28-30 (Liberty Appendix, Ex. 9).

**RESPONSE:**        The cited evidence does not support this statement.   Accordingly, VOA moves pursuant to Fed.R.Civ.P. 56(e)(1) and L.R. 56.1 (a)(3) to strike it.   Responding further, VOA disputes that Paul Lurie "recommended that the Third Amended Complaint be reported to Liberty."   In his August 30, 2004 email, Paul Lurie did not provide any recommendations to

4

VOA; rather, Paul Lurie simply stated "I assume you will report to Liberty and that we will try and get you out."   August 30, 2004 email by Paul Lurie (Liberty Appendix, Exh. 8); *see also* Deposition of Theodore Schnell, p. 43, lines 14-15 (VOA Appendix, Exh. 1).

12.     Ted Schnell, VOA's Chief Financial Officer, was of the opinion, however, that the Third Amended Complaint should be reported just to the general liability insurer because there were no allegations of design error and because of the lower deductible under the general liability policy.   Deposition of Daniel Buelow of HRH AVA Insurance Agency, VOA's insurance broker, pp. 24-26, 52-55 (Liberty Appendix, Ex. 10); Klomans deposition, p. 30 (Liberty Appendix, Ex. 9); Klomans' handwritten note (Liberty Appendix, Ex. 8); August 31, 2004 facsimile cover letter from Klomans to Rachel Buelow at HRH AVA (Liberty Appendix, Ex. 11).

**RESPONSE:**     VOA objects to Liberty's reliance on Daniel Beulow's testimony regarding his purported conversation with Theordore Schnell because the testimony constitutes inadmissible hearsay barred by Federal Rule of Evidence 802.   Furthermore, VOA disputes that Ted Schnell was of the opinion that "the Third Amended Complaint should be reported just to the general liability insurer because there were no allegations of design error and because of the lower deductible under the general liability policy."   Mr. Schnell did not form any opinions regarding the reporting of the Madden action based upon the deductible in the Liberty policies. Rather, Mr. Schnell left the decisions regarding reporting of claims to the insurers to VOA's insurance agent, AVA.   Deposition of Theodore Schnell, pp. 24 (lines 19-20), 45 (lines 16, 23-24), 46 (lines 1-2), 48 (lines 15-19), 105 (lines 1-3) (VOA Appendix, Exh. 1; deposition of Daniel Beulow, pp. 52 (lines 14-22), 53 (lines 2-3, 9) (Liberty Appendix, Exh. 10).

13.    Rachel Buelow at HRH/AVA then reported the Third Amended Complaint to St. Paul Fire and Marine Insurance Company [USF&G] on August 31, 2004.   August 31, 2004 fax from Rachel Buelow to St. Paul Claims (Liberty Appendix, Ex. 12).

**RESPONSE:**          Undisputed.

14.    Liberty was first advised of the incident in which Madden was injured and was first provided with the Third Amended Complaint on December 8, 2005.   Liberty Answers to Interrogatories, Nos. 7, 8, 10, 11, 22 (Liberty Appendix, Ex. 1); December 8, 2005 fax from HRH/AVA, VOA's broker (Liberty Appendix, Ex. 7); Deposition of George Ammon, Liberty claim adjuster, pp. 31-34, 59-60, 70 (Liberty Appendix, Ex. 13).

**RESPONSE:**          Undisputed.

15.    George Ammon, Liberty's claim adjuster, reviewed the Third Amended Complaint and construed it to allege only construction or general liability issues against VOA, as opposed to professional liability allegations.   Ammon deposition, pp. 39, 65-67 (Liberty Appendix, Ex. 13).

**RESPONSE:**          Undisputed.

16.    On December 9, 2005, Liberty's George Ammon had a telephone conversation with Mark Blankenship of HRH/AVA, the gist of which was that VOA's general liability carrier, USF&G, had been defending the *Madden* case for VOA but that there were rumblings that it might issue a reservation of rights letter based on the professional services exclusion within its policy.   Ammon deposition, pp. 3 1-36, 59-60, 65-67 (Liberty Appendix, Ex. 13); Ammon handwritten notes of conversation (Liberty Appendix, Ex. 7 at LIUI 1).

6

**RESPONSE:**          Undisputed.

17.     Liberty did not hear anything further in connection with the Madden case until June 2007.   Liberty Answers to Interrogatories, Nos. 10, 11, 22 (Liberty Appendix, Ex. 1); Ammon deposition, pp. 41-43, 70-71 (Liberty Appendix, Ex. 13); Deposition of Benjamin Brindley, Liberty Assistant V.P., pp. 17-18, 26-27 (Liberty Appendix, Ex. 14).

**RESPONSE:**          Disputed.   On August 15, 2006, Fred Swift, the USF&G adjuster, contacted George Ammon, the Liberty adjuster, regarding the *Madden* action.   *See* USF&G claim notes dated August 15, 2006 (VOA Appendix, Exh. 2).

18.     On or about June 8, 2007, George Ammon received an overnight letter dated June 7, 2007 from attorney Kurt Beranek who had been defending VOA at the request of the general liability carrier, USF&G, advising that the case against VOA had been narrowed to allegations of negligent design, that USF&G had issued a reservation of rights, and that the case was going to trial on June 15, 2007.   Ammon deposition, pp. 41, 71 (Liberty Appendix, Ex. 13); June 7, 2007 letter (Liberty Appendix, Ex. 15).

**RESPONSE:**          Undisputed.

19.     Ammon then called Beranek to discuss the *Madden* matter and learned that there was a Fourth Amended Complaint in the case.   Ammon asked Beranek to send him a copy. Ammon deposition, pp. 44-47 (Liberty Appendix, Ex. 13).

**RESPONSE:**          Undisputed.

DM_US:22127580_1

20.     Ammon received the Fourth Amended Complaint from Beranek's office on or about June 13, 2007, read it, and concluded that the Fourth Amended Complaint had added two allegations of professional negligence against VOA, potentially amounting to wrongful acts within Liberty's professional liability coverage.   Ammon deposition, pp. 44-47 (Liberty Appendix, Ex. 13); June 13, 2007 e - mail to Ammon with Fourth Amended Complaint (Liberty Appendix, Ex. 16).

**RESPONSE:**          Undisputed.

21.     The Fourth Amended Complaint in the *Madden* case had been filed, however, some ten months earlier, on August 16, 2006.   (Liberty Appendix, Ex. 16 at LIUI 194, see "Filed" stamp).

**RESPONSE:**          Undisputed.

22.     VOA has acknowledged that, as of June 2007, "[I]t was too late for VOA to . . . seek coverage under its professional liability insurance [Liberty's coverage], which is a claims made and reported policy." VOA's Answers to Plaintiff's Interrogatories, No. 13 (Liberty Appendix, Ex. 17).

**RESPONSE:**          The cited evidence does not support this statement.   Accordingly, VOA moves pursuant to Fed.R.Civ.P. 56(e)(1) and L.R. 56.1 (a)(3) to strike it.   Further responding, VOA's disputes that it has acknowledged, at any time, that it is too late to seek coverage under the Liberty policies.   VOA's answers to interrogatories provided only the alleged factual basis upon which VOA based its estoppel claims against USF&G.   In the event that the Court finds that VOA provided untimely notice under the Liberty policies, VOA alleges that USF&G's

8

conduct caused the untimely notice, thereby estopping USF&G from denying coverage. (Liberty Appendix, Exh. 17).

23.     On June 21, 2007, after reviewing the Fourth Amended Complaint and after speaking with Benjamin Brindley of Liberty to decide on a plan of action, Ammon sent a general reservation of rights letter to VOA.   Ammon deposition, pp. 47-49 (Liberty Appendix, Ex. 13); Brindley deposition, pp. 39-40 (Liberty Appendix, Ex. 14); June 21, 2007 letter (Liberty Appendix, Ex. 18).

**RESPONSE:**          Undisputed.

24.     The *Madden* case was tried from June 20 to June 27, 2007, and a verdict was returned against the insured, VOA, on June 27, 2007 in the amount of $1,605,650.   Judgment was entered on the verdict on June 27, 2007.   Judgment order (Liberty Appendix, Ex. 19).

**RESPONSE:**          Undisputed.

25.     After the trial court denied all post-trial motions, VOA filed a Notice of Appeal on February 14, 2008; the *Madden* case is now on appeal.   VOA Answer and Affirmative Defenses to Amended Complaint, ¶¶ 39, 40 (Docket Doc. No. 59).

**RESPONSE:**          Undisputed.

26.     There may be an issue of fact as to whether or when VOA, as opposed to its defense counsel in *Madden* or USF&G, was aware of the filing of the Fourth Amended Complaint.   Nevertheless, VOA was aware "early on" in the *Madden* case that its design or

architectural duties could be at issue.   Deposition of Paul Hansen, VOA Principal, p. 25 (Liberty Appendix, Ex. 20).

**RESPONSE:**          Undisputed that there is an issue of fact as to when VOA was aware of the filing of the Fourth Amended Complaint.   VOA disputes that it was aware "early on" that the *Madden* action involved design or professional claims.   Paul Hansen clarified the extent of his knowledge "early on" and testified that it was not until the "end of the series of events that took place … that the failure to provide orchestra pit covers was alleged to be a design error." Deposition of Paul Hansen, pp. 64 (lines 13, 17, 19-23), 65 (lines 4-8) (Liberty Appendix, Ex. 20).

27.     VOA was in possession of correspondence from its defense counsel as early as October 14, 2005 that one of Madden's possible theories could be negligent design of the orchestra pit.   Hansen deposition, pp. 23-25 (Liberty Appendix, Ex. 20); October 14, 2005 letter from Elrabadi to Dillon at St. Paul Travelers with cc to Hansen at VOA (Liberty Appendix, Ex. 21).

**RESPONSE:**          Undisputed.

28.     VOA was aware by December 8, 2006 that Madden had retained an expert witness architect, Leonard, Wisniewski, who opined that VOA's design violated numerous codes and that VOA signed a certificate of substantial completion when it was unsafe to do so. December 8, 2006 e-mail from Naderh Elrabadi to Hansen (Liberty Appendix, Ex. 22); Hansen deposition, pp. 40-41 (Liberty Appendix, Ex. 20).

**RESPONSE:**          Undisputed.

29.     On January 9, 2007, Hansen of VOA recommended an expert witness in theatre design, John Morris, an architect, to testify in VOA's defense.   January 9, 2007 e-mail from Hansen to Elrabadi (Liberty Appendix, Ex. 23); Hansen deposition, pp. 42-43 (Liberty Appendix, Ex. 20).

**RESPONSE:**          Undisputed.

30.     Likewise, USF&G was aware of the negligent design claim against VOA. VOA's defense counsel, appointed by USF&G, sent Madden's Fourth Amended Complaint to USF&G immediately after it was filed.   August 17, 2006 letter from Elrabadi to Debbie Morano, claims adjuster for St. Paul Travelers (USF&G) (Liberty Appendix, Ex. 24); September 1, 2006 letter from Elrabadi to Morano (Liberty Appendix, Ex. 25).

**RESPONSE:**          Undisputed.

31.     USF&G's counsel acknowledged to this court on January 22, 2009 that, as the result of the discovery in this matter, USF&G has determined that Liberty does not have a defense obligation in the *Madden* matter.   Transcript of Proceedings, January 22, 2009 (Liberty Appendix, Ex. 26).

**RESPONSE:**          Undisputed.

**VOA'S RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO LIBERTY'S MOTION FOR SUMMARY JUDGMENT**

**Madden Lawsuit- Third Amended Complaint**

1.     The Third Amended Complaint made general allegations against VOA related to construction site safety, including failure to warn, failure to erect signs, failure to barricade or failure to properly inspect. *See* Third Amended Complaint in the *Madden* action (Liberty Appendix, Exh. 7, Count VII, ¶8).

2.     On November 4, 2004, USF&G accepted the tender of defense in the *Madden* action, and, on December 8, 2004, USF&G's selected the law firm of Fratterigo, Beranek, Feiereisel & Kasbohm ("USF&G Defense Counsel" or "Beranek"), agreed to appear for and defend VOA against the *Madden* action.  *See* December 8, 2004 Correspondence from Beranek to USF&G (VOA Appendix, Exh. 3); *see also* Amended Compl. ¶55, Docket No. 55.

3.     On December 16, 2004, Beranek filed an Appearance and Answer on behalf of VOA, and between December 2004 and May 2005, engaged in discovery and filed a Motion for Summary Judgment on behalf of VOA.  *See* February 21, 2005 Correspondence from Beranek to Schiff Hardin (VOA Appendix, Exh. 4); *see also* October 24, 2005 Correspondence from Beranek to USF&G (VOA Appendix, Exh. 5).

4.     Liberty opened a claim file, and from December 8, 2005 until June 8, 2007, Liberty neither requested information from VOA about the status of the *Madden* action nor requested additional information from VOA about the reported circumstance nor reserved its rights with respect to the reported circumstance and the potential claim.  *See* Deposition of George Ammon, pp. 42 (lines 12, 14), 43 (lines 4, 8, 12, 15-16) (Liberty Appendix, Exh. 13).

5.      The Fourth Amended Complaint was filed on or about August 16, 2006.  *See* Amended Compl. ¶26, Docket No. 55; *see also* Fourth Amended Complaint in *Madden* action (Liberty Appendix, Exh.16.)

6.      In addition to the allegations against VOA contained in the Third Amended Complaint, the Fourth Amended Complaint alleged that VOA failed to design the orchestra pit with a permanent or temporary cover and permitted the school district to use the orchestra pit when it was not safe to do so.  *See* Fourth Amended Complaint in *Madden* action (Liberty Appendix, Exh. 16 at Count VII, ¶8(j) and (l).)

7.      Beranek did not send VOA a copy of the Fourth Amended Complaint at the time it was filed, and did not send a draft of VOA's answer to VOA for review prior to filing. Deposition of Kurt Beranek, pp. 44 (lines 3-6), 45 (lines 16-18), 52 (lines 6, 8-9, 13-18, 22-23) (VOA Appendix, Exh. 6).

8.      VOA did not have knowledge of the Fourth Amended Complaint until it received a trial report from Beranek on May 21, 2007.  *See* Affidavit of Paul Hansen (previously attached to VOA's 56.1 Statement, Exh. 9, (Docket No. 84-16)).

9.      Beranek moved to dismiss the potentially covered claims in the Fourth Amended Complaint.  *See* Amended Compl. ¶30, Docket No. 55.

10.     On March 6, 2007, USF&G claims that the trial court in the Madden Lawsuit granted the motion for summary judgment filed by its Assigned Defense Counsel as to the construction claims but denied the motion as to claims of negligent design.  *See* Amended Compl. ¶31, Docket No. 55.

13

Dated: May 11, 2009                                   Respectfully submitted,

                                                      VOA ASSOCIATES INC.


                                                      By: s/ Douglas M. DeWitt
                                                          One of its attorneys


Jill B. Berkeley
Douglas M. DeWitt
HOWREY LLP
321 North Clark Street
Suite 3400
Chicago, Illinois 60654
(312) 595-1239
BerkeleyJ@howrey.com
DeWittD@howrey.com

DM_US:22127580_1