**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:08-cv-00862 |
| VOA ASSOCIATES INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, | ) ) ) ) ) | Honorable Matthew F. Kennelly

Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**UNITED STATES FIDELITY AND GUARANTY COMPANY'S REDACTED
LOCAL RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiff, UNITED STATES FIDELITY AND GUARANTY COMPANY ("USF&G"), by and through its attorneys, Karbal, Cohen, Economou, Silk & Dunne, LLC, states that there is no genuine issue as to the following additional material facts:

1. VOA's outside counsel, Schiff Hardin, LLP, assumed that VOA reported the Madden claim to VOA's professional liability carrier, Liberty, and further requested a status from VOA on the tender to Liberty on October 12, 2004.

**Source:** See e-mail from P. Lurie, Esq. to T. Schnell of VOA, dated August 30, 2004 and October 12, 2004, a copy of which is attached hereto at Exhibit 1 (filed under seal).

2. Beranek's file contained a copy of a fax from Jennifer Klomans of VOA to I. Robinson of USF&G, dated November 3, 2004, which attached a letter from K. O'Connor, Esq, counsel for the Maddens, stating that the court had ordered Mr. O' Connor to file a motion for default judgment against VOA.

**Source:** See fax from J. Klomans to I. Robinson, dated November 3, 2004, a copy of which is attached hereto at Exhibit 2.

3. On December 16, 2004, Beranek, on behalf of VOA, filed a motion to vacate any defaults, technical and/or otherwise and for leave to file his appearance, Answer and Affirmative Defenses. The Motion was granted.

**Source:** See VOA's Motion to Vacate and Order granting same, a copy of which is attached hereto at Exhibit 3.

4. Iris Robinson of USF&G requested all contracts and insured certificates with respect to the Madden claim.

**Source:** See e-mail from I. Robinson to K. Beranek, dated March 30, 2005, a copy of which is attached hereto at Exhibit 4 (filed under seal).

5. USF&G was provided with VOA's contracts in the Madden matter on or about April 22, 2005.

**Source:** See correspondence from N. Elrabadi to I. Robinson, enclosing VOA's contracts, a copy of which is attached hereto at Exhibit 5.

6. ███████████████████████████████████████

**Source:** See correspondence from N. Elrabadi to I. Robinson, dated May 2, 2005, a copy of which is attached hereto at Exhibit 6 (filed under seal).

7. ███████████████████████████████████████

**Source:** See correspondence from S. Welhouse, Esq. to K. Beranek, Esq., dated March 9, 2005, a copy of which is attached hereto at Exhibit 7 (filed under seal).

8. Schiff Hardin withdrew its appearance as defense counsel for VOA on March 24, 2005.

**Source:** See March 24, 2005 Order, a copy of which is attached hereto at Exhibit 8.

9. On October 24, 2005, Beranek filed a Motion For Leave To File Its Third Party Complaint on Schuler & Shook.

**Source:** See VOA's Motion for Leave To File Third Party Complaint On Schuler & Shook, a copy of which is attached hereto at Exhibit 9.

10. On October 24, 2005, Beranek filed VOA's Third Party Complaint For Contribution Against Schuler & Shook.

**Source:** See VOA's Third Party Complaint For Contribution Against Shuler & Shook, a copy of which is attached hereto at Exhibit 10.

11. ███████████████████████████████████████████████████████████

**Source:** USF&G SOF at Ex. 11; Beranek Dep. at pp. 96-97 (Docket No. 82).

12. On July 27, 1999, VOA entered into a contract with Schuler & Shook for Schuler to provide theater consulting services to VOA. Schuler also agreed to perform additional theater consulting services by letter agreement dated April 15, 2002.

**Source:** See contract between VOA and Schuler & Shook, a copy of which is attached hereto at Exhibit 11.

13. Schuler & Shook was not hired by VOA to assist in the design of the orchestra pit. ███████████████████████████████████████

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Source:** USF&G SOF at Ex. 5; Hansen Dep. at pp. 8-9 (Docket No. 82).

14. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Source:** See a copy of the above exchange of documents, which is attached hereto at Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 11, Beranek Dep. at pp. 24-28 (Docket No. 82).
See also USF&G SOF at Ex. 5, Hansen Dep. at p. 52-54 (Docket No. 82).

15. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



**Source:** See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 57-59 (Docket No. 82).

16. Paul Hansen of VOA signed the verification of the Interrogatories.

**Source:** See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 56-59 (Docket No. 82).

17. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Source:** See Exhibit 12.
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 53 (Docket No. 82).

18. Interrogatory No. 3 states as follows: "State whether any of the aforesaid insurance companies are providing your defense under a reservation of rights. If the answer to this interrogatory is in the affirmative, state the reason(s) for such reservation of rights."

**Source:** See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 57-58 (Docket No. 82).

19. █████████████████████████████████████████

█████████████████████████████

**Source:**   See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 57-58 (Docket No. 82).

20. █████████████████████████████████████████

█████████████████████████████████████

**Source:**   See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 53, 58-59 (Docket No. 82).

21. █████████████████████████████████████████

█████████████████████████████████████████

████████████████████████

**Source:**   See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at p. 58 (Docket No. 82).

22. Beranek filed VOA's initial Motion for Summary Judgment on October 11, 2005, which sought dismissal of all claims against VOA.

**Source:**   See VOA's Motion for Summary Judgment, a copy of which is attached hereto at Exhibit 13.

23. Beranek filed VOA's Second Amended Motion for Summary Judgment on October 20, 2006, which also sought dismissal of all claims against VOA.

**Source:**   See VOA's Second Amended Motion for Summary Judgment, a copy of which is attached hereto at Exhibit 14.

24. █████████████████████████████████████████

**Source:**   See e-mail from P. Hansen of VOA to N. Elrabadi, dated January 9, 2007, a copy of which is attached hereto at Exhibit 15 (filed under seal).

See also VOA SOF at Ex. 5, Hansen Dep. pp. 41-43 (Docket No. 86).

25. ██████████████████████████████████

██████████████████████████████████

**Source:** See Trial Status Report, a copy of which is attached hereto at Exhibit 16 (filed under seal).

26. Beranek's firm faxed a copy of the Maddens' Fourth Amended Complaint to USF&G on June 4, 2007.

**Source:** See correspondence from N. Elrabadi, Esq. to K. Hagedorn of USF&G, a copy of which is attached hereto at Exhibit 17.

27. ██████████████████████████████████

████████████████

**Source:** See e-mail from P. Lurie, Esq. to M. Toolis of VOA, dated June 6, 2007, a copy of which is attached hereto at Exhibit 18 (filed under seal).

28. ██████████████████████████████████

**Source:** See Exhibit 18.

29. ██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

**Source:** See Exhibit 18.

30. As of August 24, 2007, USF&G did not have a copy of the Liberty policies.

**Source:** See e-mail correspondence between K. Hagedorn of USF&G and K. Beranek, dated August 24, 2007, a copy of which is attached hereto at Exhibit 19 (filed under seal).

31.  █████████████████████████████████████████████████████████

█████████████████████████████████

**Source:**  See e-mail from P. Lurie, Esq. to K. Beranek, Esq., dated June 14, 2007, a copy of which is attached hereto at Exhibit 20 (filed under seal).

32.  VOA claims that the only reservation of rights letters that it had in its file in February 2008 is USF&G's September 28, 2007 letter sent to Paul Hansen. VOA stated that it did not receive USF&G's June 5, 2007 reservation of rights letter.

**Source:**  E-Mail from K. Zwier of VOA to P. Lurie, Esq., dated February 7, 2008, a copy of which is attached hereto at Exhibit 21 (fled under seal).

33.  In 2003, VOA was sued by Raul Regaldo, who allegedly previously fell in the same orchestra pit as Madden.

**Source:**  Complaint captioned *Regalado v. F.H. Paschen, et al*, filed in the Circuit Court of Cook County on October 29, 2003, a copy of which is attached hereto at Exhibit 22.

34.  Beranek represented VOA in the *Regaldo* case.

**Source:**  USF&G SOF at Ex. 11; Beranek Dep. at p. 7 (Docket No. 82).

35.  Beranek was not controlled or directed in any way by USF&G. Specifically, Mr. Beranek testified as follows:

Q: 



**Source:** USF&G SOF at Ex. 11; Beranek Dep. at p. 35 (Docket No. 82).

36. ████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Source:** USF&G SOF at Ex. 11; Beranek Dep. at p. 73, lines 12-15 (Docket No. 82).

Date: May 11, 2009

                                              Respectfully submitted,

                                              UNITED STATES FIDELITY &
                                              GUARANTY COMPANY

                                              By:    s:/Linda J. Carwile
                                                     One of Its Attorneys

Rory T. Dunne
Linda J. Carwile
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
200 South Michigan, 20th Floor
Chicago, Illinois 60604
(312) 431-3700
(312) 431-3670 Fax

## **CERTIFICATE OF SERVICE**

      I, Linda J. Carwile, an attorney of record in this matter, hereby state that on May 11, 2009, I electronically filed the foregoing United States Fidelity and Guaranty Company's Redacted Local Rule 56.1 Statement of Additional Material Facts using the CM/ECF SYSTEM, which will send notification to all attorneys of record on this the 11th day of May, 2009.

                                                                           s:/Linda J. Carwile
                                                                           One of the Attorneys for
                                                                           Plaintiff, USF&G