# EXHIBIT 13

KB-04154/NHE/esr
W:\Cases\04154\tph.Madden\Nmsl1010_com.wpd                                                                #34597

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF COOK           )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MICHAEL J. MADDEN and JEAN MADDEN,   )
    plaintiffs,                         )
                                     )
                                     )
    v.                               )   No. 03 L 000433
                                     )
F.H. PASCHEN, S.N. NIELSON, INC.,    )
JACOBS FACILITIES, INC., CLIFFS AND  )
CABLES, LLC and VOA & ASSOCIATES, INC., )
    defendants.                      )

### NOTICE OF MOTION

TO:   *See attached Service List*

On _Oct. 18_, 2005, at _10:00_ .m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Larsen or any judge sitting in her stead, in the courtroom usually occupied by her in Room 2203, Richard J. Daley Center, Chicago, Illinois and present **VOA & ASSOCIATES, INC.'s** *Motion for Summary Judgment,* copy of said motion attached hereto and served upon counsel herein.

Name:       FRATERRIGO, BERANEK, FEIEREISEL & KASBOHM       Attorney for:   Defendant
Address:    55 West Monroe--Suite 3400                       City:           Chicago, Illinois 60603-5081
Telephone:  [312]782-9255                                    Attorney No.    34597

### PROOF OF SERVICE BY MAIL

    I, Naderh H, Elrabadi, the attorney, certify; that I served this notice by mailing a copy to above named counsel at above stated address and depositing the same in the U.S. mail at 55 West Monroe, Chicago, Illinois at 5:00 p.m. on October 11, 2005, with proper postage prepaid.

[ ]   Under penalties as provided by law pursuant to        Date:   October 11, 2005
      ILL.REV.STAT CHAP. 110-SEC 1-109 I certify
      that the statements set forth herein are true and
      correct.                                              _____
                                                                        Signature

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FBFK 16549
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

KB-04154/NHE/---
W:\Case04154\gb.Madden\New\Service List.wpd
*Madden v. VOA & Associates, et al.*
*Court No. 03 L 000433*

## SERVICE LIST

Mr. Kevin W. O'Connor
Ms. Heather Howland
**HARMAN, FEDICK & O'CONNOR, LTD.**
222 North LaSalle, Suite 430
Chicago, Illinois 60601
*plaintiff attorney*
*312-263-6452*
*fax 312-368-1140*

**BRENNER, FORD & MONROE, LTD.**
33 N. Dearborn, Suite #300
Chicago, IL 60602
*Attorney for FH Paschen and SN Nielson, Inc.*
*Phone: 312-781-1907*

**NYHAN, PFISTER, BAMBICK,**
**KINZIE & LOWRY, P.C.**
20 N. Clark St. Suite 1000
Chicago, IL 60602-4195
*Attorney for Consolidated High School*
*Phone: 312-629-9800*
*Fax: 312-629-8515*

Mr. Kevin R. Sido
Mr. Richard Velasquez
**HINSHAW & CULBERTSON, LLP**
222 N. LaSalle St., Suite 300
Chicago, IL 60601
*Attorney for Jacobs Facilities, Inc.*
*Phone: 312-704-3000*
*Fax: 312-704-3001*

~~SCHIFF HARDIN LLP~~
~~Sears Tower~~
~~233 S. Wacker St., Suite 6600~~
~~Chicago, IL 60606~~
~~*Attorney for Paul M. Lurie*~~
~~*Phone: 312-258-5500* Steven Welhouse~~
~~*Phone: 312-876-1000*~~
~~*Fax: 312-258-5600*~~
~~*(former counsel for VOA)*~~

Mr. Robert J. Meyer
Mr. Louis J. Phillips
**SWANSON, MARTIN & BELL, LLP**
One IBM Plaza
330 N. Wabash, Suite 3300
Chicago, IL 60611
*Attorney for Cliffs and Cables*
*312-923-8254 phone*
*312-321-0990 fax*

FBFK 16550
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

KB-04154/NHE/esr
W:\Cases\04154\gb\Madden\New\0427_msj-v.pd

#34597

STATE OF ILLINOIS   )
               ) SS
COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MICHAEL J. MADDEN and JEAN MADDEN, | ) | |
|     plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03 L 000433 |
| | ) | |
| F.H. PASCHEN, S.N. NIELSON, INC., | ) | |
| JACOBS FACILITIES, INC., CLIFFS AND | ) | |
| CABLES, LLC and VOA & ASSOCIATES, INC., | ) | |
|     defendants. | ) | |

### MOTION FOR SUMMARY JUDGMENT

NOW COMES the defendant, **VOA & ASSOCIATES, INC.**, by and through its attorneys, FRATERRIGO, BERANEK, FEIEREISEL & KASBOHM, and does hereby move this Honorable Court to enter an order granting summary judgment in its favor and against the plaintiffs, Michael J. Madden and Jean Madden. In support thereof, defendant states as follows:

### FACTS

On August 19, 2002, Plaintiff, Michael Madden, an employee of Alonzo Stagg High School (hereinafter "STAGG"), District 230, 8015 West 111th Street, in the city of Palos Hills, County of Cook, State of Illinois, alleges that he was injured when he fell into the orchestra pit at the Performing Arts Center located at Stagg while he was engaged in the performance of his duties at or near the orchestra pit. Plaintiff alleges that he sustained injuries while he was engaged in the performance of his duties at or near a portion of a structure, commonly called the Performing Arts Theater. Subsequently, Plaintiff filed an eight count

FBFK 16551
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

Third Amended Complaint, directed at architects, VOA & Associates, Ltd., See Plaintiff's Third Amended Complaint at law attached as *Exhibit A*. Plaintiff alleges that VOA was negligent in one or more of the following ways: (a) placed the opening/pit in the floor in a location which created a danger for persons in the area; (b) failed to warn of the placement of the pit in the floor; (c) failed to erect warning signs, barricades, or block off said area; (d) failed to provide barricades or covers to prevent people from falling into a pit; (e) failed to train employees to prevent the aforementioned; (f) failed to have policies to prevent the aforementioned; and (i) failed to make reasonable inspection of the premises.

Consequently, Defendant VOA filed its answer to Plaintiff's Third Amended Complaint at Law, in which they denied all of Plaintiff's substantive allegations. See Defendant, VOA's answer to Plaintiff's Third Amended Complaint attached as *Exhibit B*.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper when the pleadings, depositions and affidavits show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Savino v. Robertson, 273 Ill.App.3d 811, 652 N.E.2d 1240, 1243 (1st Dist. 1995). It is a means to avoid the expense and delay of trial where no genuine issue of facts exists. Rivan Die Mold Corp. v. Stewart Warner Corp., 26 Ill. App. 3d 637, 325 N.E. 2d 357. (1975). Although a complaint may purport to raise issues of material fact, if such issues are not supported by evidentiary facts through affidavits etc., summary judgment is appropriate, particularly when the moving party supplies facts uncontradicted by counteraffidavits, and which entitle the movant to a judgment as a matter of law. Carruthers v. B. C. Christopher, 57 Ill. 2d 376, 380, 313 N.E. 2d. 457 (1977).

2

FBFK 16552
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

## ARGUMENT

I. **DEFENDANT, VOA, AS ARCHITECT, HAS NO CONTRACTUAL DUTY TO INSURE THE SAFETY OF THE OWNER'S EMPLOYEES, AND SHALL NOT BE RESPONSIBLE FOR ACTS OR OMISSIONS IN FAILING TO INSURE SAFETY, WHEN ACTING IN ACCORDANCE WITH ITS CONTRACT.**

Generally, the duties and responsibilities of an architect are determined by the contract of employment. **Miller v. DeWitt**, 37 Ill. 2d. 273, 226 N.E. 2d 630. (1967). Generally the construction of words and clauses in a contract is a question of law. Luterbach v. Mochon, Schutte, Hackworthy, Juerisson Inc. 267 N.W. 2d. 13 (1978). The employment of an architect is ordinarily a matter of contract between the parties, and the terms of the employment are therefore governed by the terms of the contract entered into, and absent a provision in the employment contract *charging* the architect with administration of the construction contract, control of methods or techniques of construction used, and the authority to stop the work when necessary, the architect cannot be charged with a duty to provide safety precautions or programs at the construction site. *Id, 284.*

In this case, VOA, architect, entered into a contract with Owner, Consolidated High School District 230 (District 230) which outlined VOA's responsibilities, duties, and scope of employment. As enumerated in the contract in ***Exhibit C*** §2.2-2.6, VOA, architect has a duty to design the project and specifications related to the renovation of Stagg High School and shall submit certificates of substantial completion of those projects in a timely manner. Specifically, "the architect shall review the program furnished by the Owner to ascertain the requirements of the project and shall arrive at a mutual understanding of such requirements with the Owner," §2.2.1. Moreover, based on the mutually agreed upon program, schedule and construction budget requirements, the architect shall prepare, for approval by Owner, schematic design documents consisting of drawings §2.2.4.

3

FBFK 16553
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

§2.6.6 of the contract between VOA and District 230 contains a provision related to safety precautions and measures which reads:

> The architect shall <u>not</u> have control over or charge of and shall <u>not</u> be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, since these are solely the Contractor's responsibility under the Contract for Construction. The Architect shall not be responsible for the Contractors' schedules or failure to carry out the Work in accordance with the Contract Documents. The Architect shall not have control over or charge of acts or omissions of the Contractor, Subcontractors, or their agents or employees or of any other persons performing portions of the Work.

In keeping in accordance with the law and with the contract between VOA and District 230, VOA was therefore not required to erect safety rails or barricades, as they are not in the design specifications which were approved by the Owner. As illustrated by the contract, VOA did not acquire any additional duties to provide safety measures, precautions or programs as alleged by the Complaint, including failure to give warnings, failure to provide build or design additional parts or covers to the orchestra pit, or provide any railing, yellow tape or other devices after the drawings and specifications were approved by Owner.

Furthermore, VOA and its consultants were not retained to provide electrical lighting in the auditorium, to continuously inspect the premises where their designs were being constructed, or to provide safe work areas to employees on this project. Contrary to what is alleged in the Plaintiff's Third Amended Complaint, VOA did not have "supervision and control of the work,"... "constant participation in ongoing activities at the construction site, or responsibility for taking safety precautions at the job site. (See Plaintiff's Third Amended Complaint). The contract between VOA and District 230 also states that VOA shall visit the site at *intervals* appropriate to the stage of construction to "observe progress and quality of the work, and to determine if the work is proceeding in accordance with the Contract and construction schedules."

4

FBFK 16554
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

§2.2.5. More importantly, the contract also specifies that the Architect shall not be required to make

*exhaustive or continuous* onsite inspections. VOA complied with these agreed upon terms and District 230

was at all times aware that it shall not have control over or charge of acts or omissions of the Contractor,

Subcontractors, or their agents or employees performing portions of their work. §2.2.6. Please see affidavit

of Al Migon attached as ***Exhibit D***.

VOA, as architect, should be absolved of any liability in this matter, as the injury incurred by Mr.

Madden may have been caused by circumstances beyond the control of the designer of the project. The

safety of the conditions on or around the area of the site was not the responsibility of the architect, hence

VOA had no duty to barricade the area around the orchestra pit, if it was found to be a safety hazard.

When the incident occurred, VOA had no control over the structure and could no longer change or

correct defects, if any, even if it had acquired the duty to do so. VOA was not responsible for insuring safety

at or near the orchestra pit while it was being constructed, the architect had no duty to do so by contract.

In Kelly v. Northwest Community Hospital, the Circuit Court of Cook County granted and affirmed

defendant-architect's motion for summary judgment where the complaint charged the architect in failing to

erect adequate guard rails, barricades or other devices to keep plaintiff's decedent from falling. 66 Ill. App.

3d 679 (1978). The court argued that the architect in that case was not liable to the plaintiff as a matter of law.

The court looked to the contract between the architect and the owner to construe the duties of the architect,

directly pointing to the provision similar to the provision chief in this case. Specifically, the contract in Kelly

stated that the architect shall "make periodic visits to the site to assess progress and quality and to determine

if the work is proceeding according to contract." Id.,680. Additionally, the contract stated that "the architect

shall not be responsible for construction means, methods, techniques, sequences or procedures for safety

FBFK 16555
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

precautions and programs in connection with the work in accordance with Contract Documents. Id, 680. The court in <u>Kelly</u> relied on its progeny including the leading case of **<u>McGovern v. Standish</u>**, 33 Ill. App. 3d 717 (1975), which illustrates the notion that an architect is not the insurer of safety and summary judgement is proper when there is no evidence to show that the architect was negligent in its design. Here, since neither the contract nor any acts or omissions on behalf of VOA created such a duty to do so, summary judgment is proper. <u>Id</u>, 717.

Similarly, VOA's contract also illustrates, that as architect, VOA was retained for the purpose of designing the project which was approved by the owner, District 230. They were not retained to construct barricades or railings or perform any electrical work including installing additional lighting in the auditorium as alleged in the Complaint. VOA, as architect, is not the insurer of safety and any attempt to charge them with such a duty is not only unsupported by fact, but it is unsupported by law. The contract related to our case in chief cites identical language to the contract language in <u>Kelly</u>, and according to that court's interpretation it would be proper to rule that VOA bears no responsibility for Mr. Madden's incident.

## II.  <u>DEFENDANT, VOA DID NOT CONTROL OR SUPERVISE PLAINTIFF NOR DID VOA UNDERTAKE ANY DUTY TO CONTROL OR SUPERVISE PLAINTIFF'S WORK SO AS TO CREATE A DUTY.</u>

Since the Structural Work Act was repealed, §414 has controlled questions of liability in construction related injury cases states:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care. Restatement (Second) of Torts § 414 at 387 (1965).

Here, Plaintiff's Third Amended Complaint alleges that VOA was "in the process of undertaking

6

FBFK 16556
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

and performing construction and installation on the premises." VOA was retained to perform the duties

of an architect of the project including design, cost assessment, construction scheduling and budget,

approval shop drawings. (See Contract between Consolidated 230 and VOA attached as Exhibit C.)

Thus any allegations that the architect on site failed to provide safety precautions and construct barricades

are factually insufficient.

Pertinent to the design work performed at Stagg High School, Article 2.6.6 of the VOA &

ASSOCIATES' agreement with Consolidated High School District states:

> The architect shall not have control over or charge of and shall not be responsible for
> construction means, methods, techniques, sequences or procedures, or for safety
> precautions and programs in connection with the Work, since these solely the Contractor's
> responsibility under the Contract for Construction. The Architect shall not be responsible
> for the Contractors' schedules or failure to carry out the Work in accordance with the
> Contract Documents. The Architect shall not have control over or charge of acts or
> omissions of the Contractor, Subcontractors, or their agents or employees or of any other
> persons performing portions of the Work.

In Luterbach, an architectural firm entered into an agreement with the Board of Education and local

school district to perform architectural design services in connection with the erection of an addition to a

high school. At the construction site a carpenter fell 24 feet deep and was severely injured when a cave-in

occurred after an excavation. The contract between that architectural firm and the school district stated:

> The architect shall make periodic visits to the site to familiarize himself generally with the
> progress and quality of the work and to determine in general if work is proceeding in
> accordance with the contract...The architect shall not be responsible for construction
> means, methods, techniques, sequences or procedures, or for *safety precautions* in
> connection with the work. Luterbach v. Mochon, Schutte, Hackworthy, Juerisson, Inc.,
> 267 N.W. 2d. 13 (1978).

The architect in Luterbach filed a motion for summary judgment and the court granted and affirmed

the architect's motion, holding that the carpenter's allegations that the architect proximately caused his

7

FBFK 16557
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

injuries in failing to supervise the construction site and failing to take steps to maintain the site in a safe manner, were without merit. Id, 14. The court affirmed that the architect had no contractual duties to insure safety on the construction site;  Id. 14.

Additionally, the general supervisory powers noted in the owner-contractor agreement could not camouflage the limited nature of the architect's supervisory duties as set forth in the owner-architect agreement. Id. 13.

Similarly, in our case, VOA's status was not broadened to expose it to liability for safety of a sub-contractor's employee. To hold otherwise would make the architect the general safety supervisor at the site, a job which would require the architect's "continuous presence" in disregard of the express language of the contract. Id. 14. VOA merely designed the orchestra pit where the incident occurred and maintained its employment at Stagg by contract. VOA should not be held liable to Mr. Madden as a matter of law. The case law is clear. Absent a provision in the employment contract charging the architect with providing safety methods, precautions, and procedures, there is no basis to hold the architect liable for the failing to provide safety at or near the orchestra pit.

## CONCLUSION

VOA is entitled to summary judgment as a matter of law because plaintiff's allegations against it are unsupported by factual evidence, and the complaint fails to establish a duty under the four corners of the contract. VOA entered into a contract with District 230 to provide design services and limited administration. VOA did not have a responsibility for construction, installation, or safety at the project. Moreover, the contract does not impose a duty to inspect the construction to ensure its safety or to create an inspection plan. VOA had no authority to stop the work, had no control of construction methods or

8

FBFK 16558
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER

techniques, was not responsible for safety precautions and programs, and was not assigned any continuous

supervision duties. VOA's right to administrate the contract, together with any ancillary duty to inspect the

site, were simply duties to see that the contract specifications were met. There is no basis for which to find

VOA liable for the injuries incurred by Mr. Madden. VOA and its architects should be absolved of liability

as it acted under the terms of its contract through out this project.

WHEREFORE Defendant, VOA & ASSOCIATES, prays that this Honorable Court enter an

order granting it summary judgment since there is no genuine of issue of material fact.

Respectfully submitted:

*Naderh Elrabadi*

Kurt G. Beranek
Naderh H. Elrabadi,
Attorneys for Defendant,
**VOA & ASSOCIATES**

FRATERRIGO, BERANEK,
FEIEREISEL & KASBOHM
55 West Monroe Street, Suite 3400
Chicago, Illinois 60603-5081
Phone: 312-782-9255
Fax: 312-782-4537
Firm #34597

9

FBFK 16559
PRIVILEGED - SUBJECT
TO PROTECTIVE ORDER