**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:08-cv-00862 |
| VOA ASSOCIATES INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, | ) | Honorable Matthew F. Kennelly |
| | ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |

**VOA ASSOCIATES, INC.'S REDACTED RESPONSE TO USF&G'S LOCAL RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Fed.R.Civ.P. 56 and L.R. 56.1(a), Defendant, VOA ASSOCIATES, INC. ("VOA") by and through its attorneys, Schiff Hardin LLP, respectfully submits the following Responses to the factual assertions contained in United States Fidelity and Guaranty Company's ("USF&G") Local Rule 56.1 Statement of Additional Material Facts. VOA notes that the statements designated as "undisputed" are so designated for the purpose of this motion for summary judgment only. VOA reserves the right to challenge the veracity of these statements at trial, including by impeachment of witnesses.





3. On December 16, 2004, Beranek, on behalf of VOA, filed a motion to vacate any defaults, technical and/or otherwise and for leave to file his appearance, Answer and Affirmative Defenses. The Motion was granted.

**Source:** See VOA's Motion to Vacate and Order granting same, a copy of which is attached hereto at Exhibit 3.

**ANSWER:** **Undisputed.**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

8. Schiff Hardin withdrew its appearance as defense counsel for VOA on March 24, 2005.

**Source:** See March 24, 2005 Order, a copy of which is attached hereto at Exhibit 8.

**ANSWER:** **Undisputed.**

9. On October 24, 2005, Beranek filed a Motion For Leave To File Its Third Party Complaint on Schuler & Shook.

**Source:** See VOA's Motion for Leave To File Third Party Complaint On Schuler & Shook, a copy of which is attached hereto at Exhibit 9.

[redacted]

10. On October 24, 2005, Beranek filed VOA's Third Party Complaint For Contribution Against Schuler & Shook.

**Source:** See VOA's Third Party Complaint For Contribution Against Shuler & Shook, a copy of which is attached hereto at Exhibit 10.

12. On July 27, 1999, VOA entered into a contract with Schuler & Shook for Schuler to provide theater consulting services to VOA. Schuler also agreed to perform additional theater consulting services by letter agreement dated April 15, 2002.

**Source:** See contract between VOA and Schuler & Shook, a copy of which is attached hereto at Exhibit 11.

<u>**ANSWER:**</u> **VOA disputes that paragraph 12 fully and accurately sets forth the agreement between VOA and Schuler & Shook. VOA states that Schuler & Shook entered**

**into a contract with VOA to provide consulting services for "Two new 700 Seat Performing Arts Theatres and One New 500 seat Performing Arts Theatre inclusive of all usual and customary ancillary spaces." (Exhibit 11).**

13. Schuler & Shook was not hired by VOA to assist in the design of the orchestra pit. Paul Hansen of VOA testified as follows:

Q: Were any of those consultants specifically hired to assist with architecture and design?

A: No. We did the architecture and the design.

**Source:** USF&G SOF at Ex. 5; Hansen Dep. at pp. 8-9 (Docket No. 82).

<u>ANSWER:</u> **Disputed. Mr Hansen's testimony was in the context of VOA's duties generally (USF&G SOF at Ex. 5; Hansen Dep. at pp. 8-9 (Docket No. 82)), and does not contradict or supersede the contract between VOA and Schuler & Shook, which states that Schuler & Shook was to provide consulting services for "Two new 700 Seat Performing Arts Theatres and One New 500 seat Performing Arts Theatre inclusive of all usual and customary ancillary spaces." (Exhibit 11).**



**ANSWER:**

DM_US:22190226_2



16.     Paul Hansen of VOA signed the verification of the Interrogatories.

**Source:**      See Exhibit 12 (filed under seal).
                See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 56-59 (Docket No. 82).

**ANSWER:**   **VOA objects to paragraph 16 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment.  Subject to and without waiving this objection, VOA states that paragraph 16 is undisputed.**

18.     Interrogatory No. 3 states as follows: "State   whether   any   of   the   aforesaid insurance companies are providing your defense under a reservation of rights. If the answer to this interrogatory is in the affirmative, state the reason(s) for such reservation of rights."

**Source:**      See Exhibit 12 (filed under seal).
                See also USF&G SOF at Ex. 5, Hansen Dep. at  pp. 57-58 (Docket No. 82).

**ANSWER:** **VOA objects to paragraph 18 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment. Subject to and without waiving this objection, VOA states that paragraph 18 is undisputed.**

19. Beranek's draft answer to Interrogatory No. 3 disclosed a coverage issue as follows: "Yes. There is a question as to coverage."

**Source:** See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 57-58 (Docket No. 82).

**ANSWER:** **VOA objects to paragraph 19 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment because under no set of facts did Beranek's draft answers to the Interrogatories inform VOA that USF&G was reserving its rights as to coverage, the basis for any such reservation, or explain the impact that the coverage issue had in creating a potential conflict of interest between VOA's interests and USF&G's interests. Subject to and without waiving this objection, VOA states that paragraph 19 is undisputed.**

20. Mr. Hansen approved the draft answer to these Interrogatories by his attestation, dated May 26, 2005, and returned the draft document with his attestation to Beranek.

**Source:** See Exhibit 12 (filed under seal).
See also USF&G SOF at Ex. 5, Hansen Dep. at pp. 53, 58-59 (Docket No. 82).

**ANSWER:** **VOA objects to paragraph 20 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment. Subject to and without waiving this objection, VOA states that paragraph 20 is undisputed.**

22. Beranek filed VOA's initial Motion for Summary Judgment on October 11, 2005, which sought dismissal of all claims against VOA.

**Source:** See VOA's Motion for Summary Judgment, a copy of which is attached hereto at Exhibit 13.

23. Beranek filed VOA's Second Amended Motion for Summary Judgment on October 20, 2006, which also sought dismissal of all claims against VOA.

**Source:** See VOA's Second Amended Motion for Summary Judgment, a copy of which is attached hereto at Exhibit 14.

**ANSWER: Undisputed.**



**ANSWER:**

11

DM_US:22190226_2



DM_US:22190226_2



13

DM_US:22190226_2

33. In 2003, VOA was sued by Raul Regaldo, who allegedly previously fell in the same orchestra pit as Madden.

**Source:** Complaint captioned *Regalado v. F.H. Paschen, et al,* filed in the Circuit Court of Cook County on October 29, 2003, a copy of which is attached hereto at Exhibit 22.

**ANSWER:** **VOA objects to paragraph 33 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment. Subject to and without waiving this objection, VOA states that paragraph 33 is undisputed.**

34. Beranek represented VOA in the *Regaldo* case.

**Source:** USF&G SOF at Ex. 11; Beranek Dep. at p. 7 (Docket No. 82).

**ANSWER:** **VOA objects to paragraph 34 because it is neither material nor relevant to USF&G's Response to VOA's Motion for Summary Judgment. Subject to and without waiving this objection, VOA states that paragraph 34 is undisputed.**



**ANSWER:**

Dated: June 5, 2009

VOA ASSOCIATES, INC.

By: [signature]
One of Its Attorneys

Paul M. Lurie
Amy R. Skaggs
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
(312) 258-5500
Firm ID #90219

CH2\7362447.1