## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY )))) Plaintiff, )) v. ) VOA ASSOCIATES INC., LIBERTY ) INTERNATIONAL UNDERWRITERS, ) MICHAEL J. MADDEN and JEAN MADDEN, ) )) Defendants. ) | Case No.: 1:08-cv-00862 Honorable Matthew F. Kennelly Magistrate Judge Geraldine Soat Brown |

### VOA ASSOCIATES, INC.'S RESPONSE TO USF&G'S MOTION FOR LEAVE TO FILE ITS SUR-REPLY IN OPPOSITION TO VOA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, VOA ASSOCIATES, INC. ("VOA"), for its Response to USF&G's Motion For Leave To File Its Sur-Reply In Opposition To VOA's Reply In Support Of Its Motion For Summary Judgment states as follows:

1. **VOA is Entitled to the Last Word on its Motion for Summary Judgment.** USF&G's motion for leave to file a Sur-Reply is a poorly disguised attempt to get a second shot at shoring up the weaknesses in its arguments against VOA's strong Motion for Summary Judgment. Fed.R.Civ.P. 56 and Local Rule 56.1 are clear that a party moving for summary judgment carries the burden on that motion and is therefore entitled to the last word. USF&G's Motion should be denied.

2. **USF&G's Motion for Leave Does Not Point To New Evidence.** A court should look outside the strictures of Fed.R.Civ. P. 56 setting forth the sequence of argument on motions for summary judgment only in instances where new *evidence* is presented in a movant's reply

brief, effectively denying the nonmovant the opportunity to respond to that evidence. See Black v. TIC Investment Corp., 900 F.2d 112, 114 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond."). USF&G's Motion does not cite to any new *evidence* presented in VOA's Reply.[1] Instead, USF&G contends that it is entitled to a Sur Reply to respond to a new *argument*- namely, that USF&G failed to control the defense counsel it hired to defend VOA. In fact, nothing in VOA's Reply Memorandum was new – VOA's brief was merely a point-by-point reply to USF&G's Response to VOA's Motion for Summary Judgment, which of course, is the point of a reply memorandum.

3.  **USF&G Controlled its Assigned Defense Counsel as a Matter of Law.** The simple fact is that USF&G controlled Beranek, the defense counsel it assigned to defend VOA, as a matter of law. See, e.g. Stoneridge Development Co. v. Essex Ins. Co., 383 Ill. App. 3d 731, 742, 888 N.E.2d 633, 644, (2d Dist. 2008) (An insurer's duty to defend also includes the right to control the defense so that an insurer may protect its financial interest in the litigation's outcome and minimize unwarranted liability claims); Taco Bell Corp. v. Cont'l Cas. Co., 388 F.3d 1069, 1076 (7th Cir. 2004) (An insurer controls an insured's defense when it selects, supervises and pays the attorney assigned to defend the insured). It is undisputed in this case that USF&G hired

---

[1] Apparently, USF&G now feels that it did not response adequately to VOA's Rule 56.1 Statement when it was given the opportunity to do so. USF&G's Local Rule 56.1 Second Statement of Additional Material Facts (Docket 126), filed with this Motion as Exhibit A is ostensibly a response to VOA's Statement of Fact ¶ 43, wherein VOA states that a March 6, 2007 settlement letter was never transmitted to VOA. USF&G failed to dispute that the March 6, 2007 settlement demand was never transmitted to VOA in its Response to VOA's Rule 56.1 Statement (because it cannot be disputed). USF&G now seeks a second opportunity to cite additional facts. It is difficult to understand how an email sent one week before trial helps USF&G case that VOA was not prejudiced by its defense, but in any event, it should be stricken because USF&G already had the opportunity to present additional relevant facts in its Response to VOA's Rule 56.1 Statement.

2

Beranek, assigned him to the case, received frequent and substantive status reports from him, and paid his bills. VOA did not go into the issue of USF&G's "control" of Beranek in its Motion for Summary Judgment because the fact that USF&G controlled Beranek is so patently obvious and resolved as a matter of law.

4. **USF&G's Motion is an Attempt to Backpedal on Arguments Raised in its Response to VOA's Motion for Summary Judgment and Raise New Arguments.** However, in a desperate attempt to distance itself from Beranek's actions, the serious conflict of interest caused by USF&G's purported reservation of rights, and the fact that VOA never consented to be represented by Beranek after the conflict of interest was purportedly disclosed, USF&G argued in its response to VOA's Motion for Summary Judgment that there is no evidence that USF&G "supervised" Beranek or directed his litigation strategy. (USF&G's Response at p.6). VOA's reply merely pointed out that since USF&G was controlling the defense as a matter of law, if USF&G did in fact fail to supervise or direct litigation strategy as it contends, it is further proof that USF&G failed to defend the case properly. This is no new argument, it is a natural response to USF&G's novel contention that an insurer's lack of oversight of its defense counsel equals lack of control over an insured's defense. In short, there was no new ground in VOA's Reply. USF&G simply did not realize how its own argument regarding its lack of oversight of Beranek would come back to bite it until VOA filed its Reply. Unfortunately, regret is not grounds to file a Sur-Reply.

5. **In the Alternative, VOA Respectfully Requests Leave to File a Sur-Sur-Reply to Address Specious and Misleading Arguments in USF&G's Sur-Reply.** Because this submission is a response to USF&G's Motion for Leave to File a Sur-Reply and not to the substance of the Sur-Reply itself, VOA will not address the Sur-Reply in detail. However, if the

3

Court decides to grant USF&G's Motion for Leave to File a Sur-Reply, VOA respectfully submits that it must be given an opportunity to respond in the form of a Sur-Sur- Reply. The basis of USF&G's Sur-Reply is a new contention that USF&G (and not just its confused claims adjustor, Iris Robinson) considers the counsel it hired to defend VOA, and the counsel who frequently communicated with USF&G on substantive matters that were not even being communicated to VOA, to be *Peppers* counsel, or independent defense counsel. This contention is specious, misleading and utterly unsupported by the law and the facts in this case. If USF&G's Motion is not denied and its Sur-Reply is not struck in its entirety, VOA requests leave to file a short Sur-Sur-Reply in order to respond to USF&G's dangerous misinterpretation of the law and the undisputed facts in this case.

WHEREFORE, VOA respectfully requests that this Court deny USF&G's Motion for Leave to File Its Sur-Reply In Opposition to VOA Associates Inc's Reply In Support of its Motion for Summary Judgment *Instanter* and strike USF&G's Sur-Reply and USF&G's Local Rule 56.1 Second Statement of Additional Material Facts (Docket 126) in their entirety. In the alternative, if the Court grants USF&G's Motion, VOA respectfully requests that this Court grant VOA leave to file a Sur-Sur-Reply in Response.

Dated: June 26, 2009                                VOA ASSOCIATES, INC.

                                                    By: /s/ Amy R. Skaggs
                                                        One of Its Attorneys

Paul M. Lurie
Amy R. Skaggs
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
(312) 258-5500
Firm ID #90219
CH2\7430763.1

4