IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>VOA ASSOCIATES INC., LIBERTY INTERNATIONAL UNDERWRITERS, MICHAEL J. MADDEN and JEAN MADDEN, )<br><br>Defendants. ) | Case No.: 1:08-cv-00862<br><br>Honorable Matthew F. Kennelly<br><br>Magistrate Judge Geraldine Soat Brown |

### VOA ASSOCIATES, INC.'S RESPONSE TO USF&G'S SUR-REPLY IN OPPOSITION TO VOA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, VOA ASSOCIATES, INC. ("VOA"), for its Response to USF&G's Sur-Reply In Opposition To VOA's Reply In Support Of Its Motion For Summary Judgment ("Sur-Reply") states as follows:

### INTRODUCTION

USF&G's Sur-Reply is a poorly disguised attempt to try to shore up the serious weaknesses in its opposition to VOA's Motion for Summary Judgment. USF&G contends that its Sur-Reply was necessary to respond to an allegedly new argument raised by VOA. VOA strongly objects to USF&G's contention that this was a new argument. In its Reply Memorandum, VOA asserted that USF&G's novel contention that its lack of oversight over defense counsel hired by USF&G to defend VOA (hereinafter "Beranek" or "Assigned Defense Counsel") equals lack of control over VOA's defense fails as a matter of law, and only serves to support VOA's contention that USF&G breached its duty to defend it (Reply Memorandum at 6). Instead of responding to this argument, which frankly raises serious problems for USF&G,

USF&G uses the Sur-Reply to raise a new, and rather desperate, argument of its own. In an attempt to distance itself from Beranek's actions, the serious conflict of interest caused by USF&G's purported reservation of rights, and the fact that VOA never consented to be represented by Beranek after the conflict of interest was purportedly disclosed, USF&G now takes the position that the counsel USF&G hired to defend VOA was *Peppers* counsel, or independent defense counsel. **Illinois law and the undisputed facts in this case could not be more clear – Beranek was not *Peppers* counsel.** Since the entirety of USF&G's Sur Reply rests upon the validity of this specious and utterly unsupported position, USF&G's argument that it cannot be estopped from asserting coverage defenses due to the prejudice its defense and Assigned Defense Counsel caused VOA must be rejected by this Court.

## ARGUMENT

### Beranek Was Not *Peppers* counsel – He Was Selected, Supervised And Paid By USF&G And Therefore Controlled By USF&G As A Matter of Law.

The simple fact is that USF&G controlled Beranek, the defense counsel it assigned to defend VOA, as a matter of law. See, e.g. Stoneridge Development Co. v. Essex Ins. Co., 383 Ill. App. 3d 731, 742, 888 N.E.2d 633, 644, (2d Dist. 2008) (An insurer's duty to defend also includes the right to control the defense so that an insurer may protect its financial interest in the litigation's outcome and minimize unwarranted liability claims); Taco Bell Corp. v. Cont'l Cas. Co., 388 F.3d 1069, 1076 (7th Cir. 2004) (An insurer controls an insured's defense when it selects, supervises and pays the attorney assigned to defend the insured). It is undisputed in this case that USF&G hired Beranek, assigned him to the case, received frequent and substantive status reports from him that were not communicated to VOA, and paid his bills. (USF&G's Response to VOA's Rule 56.1 Statement at ¶¶ 10, 18, 38-39 (Docket No. 104); VOA's Response to USF&G's Rule 56.1 Statement at ¶ 70 (Docket No. 100); USF&G's Rule 56.1 Statement at

Exhibit 14). USF&G cites no support for its position that under this set of facts, all of which are undisputed, Beranek could be considered *Peppers* counsel.[1]

Prior to the Sur-Reply, USF&G apparently did not fully appreciate the fact that the serious conflict of interest raised by its purported reservation of rights required it to relinquish control of VOA's defense to independent defense counsel. In fact, prior to the Sur Reply, USF&G conceded that Beranek was not independent defense counsel when it argued in support of its Motion for Summary Judgment that "[T]here is no evidence that VOA ever advised USF&G that it wished to select its own counsel to represent it in the Madden litigation." See USF&G's Rule 56.1 Statement of Facts at ¶ 80, (Docket No. 82).

USF&G now apparently recognizes that once the conflict of interest was raised by its purported reservation of rights, it had two choices: (1) pay for independent defense counsel (i.e. counsel selected by VOA) to defend VOA in the Madden litigation, or (2) obtain VOA's consent to the counsel it hired after fully disclosing to VOA the conflict of interest created by the dual representation of USF&G and VOA. See Maryland Cas. Co. v. Peppers, 355 N.E.2d 24, 30-31 (Ill. 1976). (Where there is a conflict of interest between the insurer and the insured, serious ethical questions prohibit an attorney from representing both the interests of the insurer and insured without the full disclosure to the insured by the attorney of the conflicting interests).

It is undisputed that Beranek never discussed the reservation of rights or disclosed the conflict of interest with VOA, never explained the impact of the conflict and never received VOA's informed consent or conflict waivers (VOA's Rule 56.1 Statement at ¶¶ 28-29, 40)

---

[1] Among other things, USF&G's utterly fails to explain why Beranek, as "independent defense counsel" would continue to report to USF&G on matters of substance and strategy. USF&G also fails to acknowledge that VOA's actual independent defense counsel, Schiff Hardin LLP, withdrew after Beranek made the representation that he had been assigned by USF&G to defend VOA. (VOA's Rule 56.1 Statement at ¶ 29, Docket No 86).

3

DM_US:22258297_2

(Docket No. 86). As a result, USF&G is left to argue that Beranek was VOA's independent defense counsel, as if VOA selected and controlled Beranek.

USF&G's sole support for this contention is the purported reservation of rights letter itself. (Sur-Reply at 2). Essentially, USF&G turns the logic upside down. It argues that because it "could not" control VOA's defense under Illinois law due to the conflict of interest raised by the purported reservation of rights, it "did not" control VOA's defense. However, it is undisputed that, unfortunately for VOA, USF&G did control VOA's defense through the utilization of Assigned Defense Counsel it hired, supervised and paid, and that defense gravely prejudiced VOA's right to coverage, as fully set forth in VOA's Reply Memorandum In Support of Its Motion for Summary Judgment at pp. 6-9. As a result, USF&G is estopped from claiming defenses to coverage.

## CONCLUSION

VOA respectfully requests that this Court enter an order finding: (1) The Madden Lawsuit triggered the duty to defend which extends through appeal; (2) USF&G is estopped from asserting any coverage defenses for the $1.6 million Madden Judgment and will be fully responsible for any liability that VOA is ultimately found to owe the Madden plaintiffs; and (3) USF&G is not entitled to reimbursement of any its defense costs and fees incurred in its defense of the Madden Lawsuit.

Dated: July 9, 2009

VOA ASSOCIATES, INC.

By: _____
One of Its Attorneys

Paul M. Lurie
Amy R. Skaggs
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL  60606-6473
(312) 258-5500
Firm ID #90219

CH2\7463501.1